LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VISUAL TECHNOLOGY INNOVATIONS, INC.,<br><br>Debtor. | Case No. 25-10024-abl<br>Chapter 11<br><br>Date: February 19, 2025<br>Time: 1:30 p.m. |

**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF LARSON & ZIRZOW, LLC AS BANKRUPTCY COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Visual Technology Innovations, Inc., a Nevada corporation ("VTI" or the "Debtor"), submits its application (the "Application") for an order approving the employment of the law firm of Larson & Zirzow, LLC ("L&Z") as its bankruptcy counsel, and with such retention effective as of the commencement of its bankruptcy case on January 6, 2025. This Application is made and based on the points and authorities herein, the *Declaration of Matthew C. Zirzow, Esq.* (the "Zirzow Declaration") filed in support, the papers and pleadings on file in this bankruptcy case, judicial notice of which are requested, and any arguments of counsel made at the hearing on the Application.

. . .

. . .

. . .

**Background**

1. VTI was incorporated on January 6, 2021, and is owned and controlled by Mathu G. Rajan ("Mr. Rajan"). Mr. Rajan is VTI's sole officer, director, and a shareholder. VTI's principal asset is 52,562 shares in Stream TV Networks, Inc. ("Stream"). Stream, along with its affiliate, Technovative Media, Inc., are currently chapter 11 debtors whose cases are being jointly administered in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia Office (the "Pennsylvania Bankruptcy Court"), Case Nos. 23-1076-AMC and 23-10764-AMC, respectively.

2. Stream developed breakthrough glasses-free 3D display technology launched under the trade name Ultra-D™ ("Ultra-D"). Ultra-D is a proprietary combination of hardware and software that creates a natural, comfortable and immersive glasses-free 3D viewing experience. Stream also perfected its mass production optical bonding process—the precise gluing of proprietary 3D lenses to standard 2D video panels with sub-pixel accuracy. Stream commissioned the manufacture of specialized optical bonding equipment to meet its unique requirements, which bonding equipment is also an asset. A recitation of the lengthy and substantial disputes regarding Stream is beyond the scope of this Application, however, Mr. Rajan and his affiliates, including but not limited to VTI, assert that Stream was the target of an illegal and unauthorized takeover attempt.

3. On January 5, 2024, the Pennsylvania Bankruptcy Court entered an order appointing William A. Homony as chapter 11 trustee in the Stream bankruptcy cases (the "Chapter 11 Trustee"). On December 9, 2024, the Pennsylvania Bankruptcy Court entered an order approving a sale pursuant to section 363 of the Bankruptcy Code of substantially all of Stream TV's assets to SeeCubic, Inc., and on January 8, 2025, entered a written opinion on the matter. The Pennsylvania Bankruptcy Court's decisions regarding these and related matters in the Stream bankruptcy cases are currently the subject of various disputes and litigation in other forums, including but not limited to multiple appeals taken by Visual Semiconductor, Inc. ("VSI"), among others, currently pending before the U.S. District Court for the Eastern District

2

of Pennsylvania (the "Pennsylvania District Court"), Case Nos. 24-6498 and 24-6617. VSI is also a shareholder in Stream, and Mr. Rajan founded it as well.

4. VTI filed for bankruptcy principally due to a pending collection litigation filed by Mark L. Bunce ("Mr. Bunce") in the Pennsylvania District Court, Case No. 2:23-cv-01740-KNS (the "Bunce Litigation"). Mr. Bunce had loaned $1,050,000 to VTI on an unsecured basis pursuant to various convertible notes in 2021. On October 17, 2024, Mr. Bunce filed a motion for partial summary judgment in the litigation, which was scheduled for hearing on January 7, 2025. Accordingly, to avoid potential disruption and loss that could result to the company if Mr. Bunce were granted a judgment and enforced it, and in order to restructure its financial affairs for the benefit of all creditors and parties in interest, VTI filed its bankruptcy petition.

5. Aside from Mr. Bunce, VTI's other principal debt is to its former counsel, the law firm of Armstrong Teasdale, LLP, for attorney's fees and costs in the amount of about $1.875 million, and approximately $60,000 in other miscellaneous unsecured debts, although many of these debts are disputed for various reasons.

### Jurisdiction and Venue

6. On January 6, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor elected to be treated under Subchapter V of chapter 11 of the Bankruptcy Code on its *Voluntary Petition* [ECF No. 1, and thus is authorized to continue operating its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code. Brian D. Shapiro has been appointed as subchapter V trustee in the case.

7. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consent to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**Retention**

8. On or about January 2, 2025, L&Z entered into a Legal Representation Agreement (the "Representation Agreement") with VTI, a true and correct copy of which is attached to the Zirzow Declaration as **Exhibit 1**. The Representation Agreement provides the current hourly rates and current charges for certain expenses charged by L&Z.

9. L&Z's attorneys have extensive experience in bankruptcy and business reorganizations under chapter 11 of the Bankruptcy Code. The attorneys employed by L&Z are duly admitted to practice before this Court. Both bankruptcy partners of L&Z are "AV" rated by Martindale Hubbell for its bankruptcy work, and Matthew C. Zirzow, Esq., who is expected to be the lead attorney on this case, is Board Certified in Business Bankruptcy Law by the American Board of Certification, and has more than twenty-five (25) years of experience in chapter 11 reorganizations. Accordingly, L&Z has the necessary experience to deal effectively with the potential legal issues that may arise in the Debtor's Chapter 11 Case.

**Scope of Services**

10. L&Z's services are appropriate and necessary to enable the Debtor to execute its duties as the Debtor and the Debtor in possession faithfully and to implement the restructuring and reorganization of the Debtor. This Application proposes that L&Z be employed to render the following professional services:

(a) Prepare on behalf of the Debtor, as debtor in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's bankruptcy estate;

(b) To take all necessary or appropriate actions in connection with a plan of reorganization and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

(c) Take all necessary actions to protect and preserve the Debtor's estate including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor are

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

involved, and the preparation of objections to claims filed against the Debtor' estate; and

(d) Perform all other necessary legal services in connection with the prosecution of the Chapter 11 Case.

11. It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Subject to this Court's approval of the Application, L&Z is willing to serve as Debtor' general bankruptcy counsel to perform the services described.

### Disinterestedness

12. L&Z and its individual attorneys are "disinterested persons" pursuant to sections 327(a) and 101(14) of the Bankruptcy Code because they are not an equity security holder, or insider of the Debtor; they are not, and were not within two (2) years before the Petition Date, a director, officer or employee of the Debtor; and they do not have an interest materially adverse to the interests of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any reason.

13. Pursuant to Fed. R. Bankr. P. 2014(a), L&Z does not have any connections with the Debtor, its creditors, any other party in interest, its respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Further, L&Z's representation will not be adverse to the Debtor's estate.

14. Although the Debtor provided the funds to L&Z for its retainer, the Debtor obtained that money from VSI, its affiliate, and without any expectation of repayment. This arrangement is necessary and appropriate based on the specific facts and circumstances of this case. See In re Lotus Props. LP, 200 B.R. 388 (Bankr. C.D. Cal. 1996); In re Metro. Envtl. Inc., 293 B.R. 871 (Bankr. N.D. Ohio 2003); In re Kelton, 109 B.R. 641 (Bankr. D. Vt. 1989); Nev. R. Pro. Conduct 1.8(f). First, the terms of the fee arrangement have been timely and fully disclosed to the Debtor and the Court through this Application and the accompanying Zirzow Declaration, and at the very outset of the bankruptcy case. Second, the Debtor expressly consented to the fee arrangement by executing the Representation Agreement. Third, both parties who were provided with the opportunity to consult with their own independent counsel and they

understand that notwithstanding their advancing such funds, L&Z has a duty of undivided loyalty owed exclusively to only the Debtor and the bankruptcy estate. Fourth, the factual and legal relationships between the Debtor, L&Z, and VSI, and all terms of the Representation Agreement, including the payment of the retainer, were timely and fully disclosed. Finally, there is no actual conflict, non-disinterestedness, or an impermissible potential conflict of interest apparent from the transaction at issue; rather, the interests of the VTI and the Debtor are fully aligned toward a successful reorganization as they are both shareholders in Stream, who interests are aligned (and indeed all creditors are aligned) in maximizing the value of Stream for their benefit. Finally, such an arrangement is necessary given the specific facts and circumstances of this case. In particular, L&Z was unwilling to undertake the representation without a sufficient retainer, and the Debtor itself lacked sufficient funds or access to funding to provide such funds.

### **Compensation**

15. L&Z received a pre-petition retainer in the amount of $35,000.00, and applied the sum of $7,883.00 from that to fees and costs incurred for services rendered and reimbursement of expenses incurred pre-petition, inclusive of the filing fee for the case itself. Accordingly, L&Z has a remaining balance of $27,117.00 to secure the payment of potential future fees and costs as may be allowed by the Court pursuant to fee application post-petition. As set forth in the Representation Agreement, the professionals anticipated to work on this matter, and their respective hourly rates, are as follows: (a) Matthew C. Zirzow, Esq., principal, $650 per hour; (b) Benjamin Chambliss, Esq., associate attorney, $450 per hour; and (c) Patricia Huelsman, paralegal, $295 per hour. The foregoing are L&Z's current customary hourly rates, and L&Z submits that such rates are reasonable in light their experience and the complexity of the work involved. L&Z will also seek reimbursement of its expenses pursuant to its policies set forth in the Representation Agreement, which generally involve passing through all properly reimbursable expenses to the client at cost.

16. L&Z hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the

Federal Rules of Bankruptcy Rules, the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada, and the *Guidelines for Reviewing Applications for Compensation* established by the Office of the United States Trustee, for all services performed and expenses incurred after the Petition Date.

## Conclusion

WHEREFORE, the Debtor requests entry of an order in the form attached hereto as **Exhibit 1**, thereby authorizing the employment of L&Z as its bankruptcy counsel pursuant to the terms and conditions in the Representation Agreement and effective as of the Petition Date, to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to the provisions of section 330 and 331 of the Bankruptcy Code. The Debtor also request such other and further relief as is just and proper.

Dated: January 17, 2025.

By: /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtor

7

# EXHIBIT 1

# EXHIBIT 1

**LARSON & ZIRZOW, LLC**
**850 E. Bonneville Ave.**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170   Fax: (702) 382-1169**

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 25-10024-abl |
| | Chapter 11 |
| VISUAL TECHNOLOGY INNOVATIONS, INC., | |
| Debtor. | Date: February 19, 2025 |
| | Time: 1:30 p.m. |

### ORDER GRANTING APPLICATION TO EMPLOY
### LARSON & ZIRZOW, LLC AS BANKRUPTCY COUNSEL
### TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Visual Technology Innovations, Inc., a Nevada corporation, as debtor and debtor in possession (the "Debtor"), having filed its *Application for Order Approving the Employment of Larson & Zirzow, LLC as Bankruptcy Counsel for the Debtor Effective as of the Petition Date* (the "Application") [ECF No. ___], which requested approval to employ Larson & Zirzow, LLC as the Debtor's bankruptcy counsel pursuant to 11 U.S.C. § 327(a), and with such retention

approved effective as of the commencement of the Debtor's bankruptcy case on January 6, 2025 (the "Petition Date"); the Court having reviewed and considered the Application, and all matters submitted in support or opposition thereto; the Court having held a hearing on the Application, with all appearances having been noted on the record; the Court having heard and considered the arguments of counsel; the Court having made its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and good cause appearing;

**IT IS HEREBY ORDERED:**

1.  The Debtor's Application is GRANTED.

2.  The Debtor is authorized to retain Larson & Zirzow, LLC pursuant to 11 U.S.C. § 327(a) as its bankruptcy counsel to perform the services as set forth in the Application, and subject to the terms and conditions in the Representation Agreement, and such approval is granted effective as of the commencement of the bankruptcy case on January 6, 2025. For the avoidance of doubt, nothing herein is intended or should be construed as approving the retention pursuant to 11 U.S.C. § 328.

3.  Larson & Zirzow, LLC shall be compensated for the services described in the Application and its Representation Agreement, and in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada, and the *Guidelines for Reviewing Applications for Compensation Professional Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* established by the Office of the United States Trustee.

**IT IS SO ORDERED.**

. . .

. . .

. . .

2

PREPARED AND SUBMITTED:

By: _____
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐   The court has waived the requirement of approval under LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the Application.

☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

   Jared A. Day (Office of the United States Trustee):
   Brian Shapiro (Subchapter V Trustee):

☐   I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

3