LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VISUAL TECHNOLOGY<br>INNOVATIONS, INC.,<br><br>                Debtor. | Case No. 25-10024-abl<br>Chapter 11<br><br><br><br>Date:  February 19, 2025<br>Time: 1:30 p.m. |

**DECLARATION OF MATTHEW C. ZIRZOW, ESQ. IN SUPPORT OF**
**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF**
**LARSON & ZIRZOW, LLC AS BANKRUPTCY COUNSEL**
**<u>FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE</u>**

I, Matthew C. Zirzow, Esq., hereby declare as follows:

1.       I am over the age of 18 and am mentally competent. I am an attorney licensed to practice law in the State of Nevada, and am admitted to practice law before the courts of Nevada, including this Bankruptcy Court. I am a shareholder with the law firm of Larson & Zirzow, LLC ("<u>L&Z</u>"), which maintains offices at 850 E. Bonneville Ave., Las Vegas, Nevada 89101. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so consistently with as stated herein. I make this Declaration in support of the *Application for Order Approving the Employment of Larson & Zirzow, LLC as Bankruptcy Counsel for the Debtor Effective as of the Petition Date* (the "<u>Application</u>") filed by Visual Technology Innovations, Inc., a Nevada corporation, as debtor and debtor in possession (the "<u>Debtor</u>").

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Unless otherwise indicated, all capitalized terms used herein shall have the same meanings as in the Application.

**Retention**

2.    On or about January 2, 2025, L&Z entered into a Legal Representation Agreement (the "Representation Agreement") with VTI, a true and correct copy of which is attached to as **Exhibit 1**. The Representation Agreement provides the current hourly rates and current charges for certain expenses charged by L&Z.

3.    L&Z's attorneys have extensive experience in bankruptcy and business reorganizations under chapter 11 of the Bankruptcy Code. The attorneys employed by L&Z are duly admitted to practice before this Court. Both bankruptcy partners of L&Z are "AV" rated by Martindale Hubbell for its bankruptcy work, and I am Board Certified in Business Bankruptcy Law by the American Board of Certification, and have more than twenty-five (25) years of experience in chapter 11 reorganizations. Accordingly, L&Z has the necessary experience to deal effectively with the potential legal issues that may arise in the Debtor's Chapter 11 Case.

**Scope of Services**

4.    L&Z's services are appropriate and necessary to enable the Debtor to execute its duties as the Debtor and the Debtor in possession faithfully and to implement the restructuring and reorganization of the Debtor. This Application proposes that L&Z be employed to render the following professional services:

(a)    Prepare on behalf of the Debtor, as debtor in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's bankruptcy estate;

(b)    To take all necessary or appropriate actions in connection with a plan of reorganization and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

(c)    Take all necessary actions to protect and preserve the Debtor's estate including the prosecution of actions on the Debtor's behalf, the defense of any actions

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections to claims filed against the Debtor' estate; and

(d)    Perform all other necessary legal services in connection with the prosecution of the Chapter 11 Case.

5.    It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Subject to this Court's approval of the Application, L&Z is willing to serve as Debtor' general bankruptcy counsel to perform the services described.

## **Disinterestedness**

6.    L&Z and its individual attorneys are "disinterested persons" pursuant to sections 327(a) and 101(14) of the Bankruptcy Code because they are not an equity security holder, or insider of the Debtor; they are not, and were not within two (2) years before the Petition Date, a director, officer or employee of the Debtor; and they do not have an interest materially adverse to the interests of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any reason.

7.    Pursuant to Fed. R. Bankr. P. 2014(a), L&Z does not have any connections with the Debtor, its creditors, any other party in interest, its respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Further, L&Z's representation will not be adverse to the Debtor's estate.

8.    Although the Debtor provided the funds to L&Z for its retainer, the Debtor obtained that money from VSI, its affiliate, and without any expectation of repayment. This arrangement is necessary and appropriate based on the specific facts and circumstances of this case. First, the terms of the fee arrangement have been timely and fully disclosed to the Debtor and the Court through this Application and the accompanying Zirzow Declaration, and at the very outset of the bankruptcy case. Second, the Debtor expressly consented to the fee arrangement by executing the Representation Agreement. Third, both parties who were provided with the opportunity to consult with their own independent counsel and they understand that notwithstanding their advancing such funds, L&Z has a duty of undivided loyalty owed

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

exclusively to only the Debtor and the bankruptcy estate. Fourth, the factual and legal relationships between the Debtor, L&Z, and VSI, and all terms of the Representation Agreement, including the payment of the retainer, were timely and fully disclosed. Finally, there is no actual conflict, non-disinterestedness, or an impermissible potential conflict of interest apparent from the transaction at issue; rather, the interests of the VTI and the Debtor are fully aligned toward a successful reorganization as they are both shareholders in Stream, who interests are aligned (and indeed all creditors are aligned) in maximizing the value of Stream for their benefit. Finally, such an arrangement is necessary given the specific facts and circumstances of this case. In particular, L&Z was unwilling to undertake the representation without a sufficient retainer, and the Debtor itself lacked sufficient funds or access to funding to provide such funds.

### Compensation

9.       L&Z received a pre-petition retainer in the amount of $35,000.00, and applied the sum of $7,883.00 from that to fees and costs incurred for services rendered and reimbursement of expenses incurred pre-petition, inclusive of the filing fee for the case itself. Accordingly, L&Z has a remaining balance of $27,117.00 to secure the payment of potential future fees and costs as may be allowed by the Court pursuant to fee application post-petition. As set forth in the Representation Agreement, the professionals anticipated to work on this matter, and their respective hourly rates, are as follows: (a) Matthew C. Zirzow, Esq., principal, $650 per hour; (b) Benjamin Chambliss, Esq., associate attorney, $450 per hour; and (c) Patricia Huelsman, paralegal, $295 per hour. The foregoing are L&Z's current customary hourly rates, and L&Z submits that such rates are reasonable in light their experience and the complexity of the work involved. L&Z will also seek reimbursement of its expenses pursuant to its policies set forth in the Representation Agreement, which generally involve passing through all properly reimbursable expenses to the client at cost.

10.       L&Z hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Rules, the Local Rules of Bankruptcy Practice for the United States

District Court for the District of Nevada, and the *Guidelines for Reviewing Applications for Compensation* established by the Office of the United States Trustee, for all services performed and expenses incurred after the Petition Date.

I declare under penalty of perjury that these facts are true and correct to the best of my knowledge and belief.

Dated: January 17, 2025
Clark County, Nevada

/s/ Matthew C. Zirzow
MATTHEW C. ZIRZOW, ESQ.

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

5

# EXHIBIT 1

# EXHIBIT 1

## LEGAL REPRESENTATION AGREEMENT

This Legal Representation Agreement (the "Agreement") is made as of January 2, 2025, by and between VISUAL TECHNOLOGY INNOVATIONS, INC., a Nevada corporation (the "Client"), whose address is c/o Registered Agents, Inc., as Registered Agent, 732 S. 6th Street, Suite R, Las Vegas, Nevada 89101, and LARSON & ZIRZOW, LLC, a Nevada limited liability company (the "Counsel"), whose address is 850 E. Bonneville Avenue, Las Vegas, Nevada 89101. Attn: Matthew C. Zirzow, Esq., Manager

I.      SCOPE OF ENGAGEMENT

Subject to receipt of a $35,000.00 retainer (the "Retainer"), Client has engaged Counsel to commence the legal representation (the "Representation") of Client regarding the preparation, filing, and prosecution of a voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), and such other related work as the Client may authorize.

Counsel will communicate expeditiously with Client as to significant developments, will communicate all settlement offers promptly to Client, and will compromise or settle Client's claims only with Client's consent. It is expressly understood that the timetable for litigation or approval is within the sole discretion and control of the appropriate court. Client expressly acknowledges that Counsel has not given, and cannot give, any assurance of the outcome of any matters covered by the Representation and Client agrees to cooperate fully with Counsel and to provide all information known by, or available to, Client which may aid Counsel in representing Client in the Representation, and to keep Counsel informed of Client's current telephone number and mailing address.

II.     LEGAL FEES AND EXPENSES

Counsel shall bill Client on a monthly basis, and Counsel's bills shall include a description of work performed, the hours expended, the expenses incurred, and the amount due. Counsel's current hourly rates and current charges for certain expenses are listed on Exhibit "A" to this Agreement. At the conclusion of the Representation, any remaining Retainer balance, if any, shall be promptly refunded to Client, after payment of Counsel's final invoice.

Client acknowledges that Counsel may incur various expenses in providing services to Client. Client agrees to reimburse Counsel for all out-of-pocket expenses paid by Counsel. Such expenses include, but are not limited to, charges for serving and filing papers, courier messenger services, recording and certifying documents, depositions, transcripts, application fees, investigative costs, computerized research, witnesses, long-distance telephone calls, copying materials, travel expenses, sending facsimile communications, and postage. Such costs are charged at a rate representing reasonable charges in the community for such services. Client authorizes Counsel to retain and Client agrees to pay the charges of every other person or entity hired by Counsel to perform necessary services related to the Representation. Such other persons and entities may include, but are not limited to, court reporters, appraisers, escrow agents, accountants, investigators, and expert witnesses.

Any dispute, controversy or claim relating to the enforcement or interpretation of Client's obligations under this Agreement shall be resolved by litigation commenced in the Bankruptcy Court, or absent that Court undertaking jurisdiction, in a court of appropriate jurisdiction in the State of Nevada, Clark County. Notwithstanding the foregoing, this provision is not intended to and shall not be interpreted as a limitation of any rights Client has or may have to pursue claims against Counsel outside the context of the litigation described herein, including, but not limited to, any claims relating to malpractice liability, or to submit Client's fee dispute to any State Bar of Nevada fee dispute resolution program then in effect.

## III.    INFORMATION TO BE MADE AVAILABLE TO CLIENT

Counsel agrees to assert a diligent effort to assure that Client is informed at all times as to the status of the Representation and as to the courses of actions which are being followed or are being recommended by Counsel. Counsel agrees to provide Client with all written materials sent or received by Counsel pertaining to these matters so long as all fees due to Counsel have been promptly paid by Client. Copies of all such materials will be provided at Client's expense. All of Counsel's work product will be owned by Counsel.

## IV.    CONFLICTING ENGAGEMENT

Counsel agrees not to accept, without prior approval from Client, any engagement known by Counsel to be in direct conflict with the interests of Client in the Representation. If, in the course of representing multiple clients, Counsel determines in its sole discretion that a conflict of interest exists, Counsel will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients, possibly including Client, to the extent such a withdrawal would be permitted or required by applicable ethical provisions.

## V.    TERMINATION OF REPRESENTATION

The Representation established by this Agreement is subject to termination only as follows:

A.    Counsel reserves the right to terminate the Representation: (1) if Client fails to honor this Agreement; (2) for any just reason as permitted or required under the Nevada Code of Professional Responsibility or by any appropriate court; (3) if Client demands that Counsel take action which Counsel, in its discretion, determines would violate Rule 11 of the Federal Rules of Civil Procedure or any state or bankruptcy law derivative thereof; or (4) if Client fails to cooperate with Counsel, makes false representations to counsel, or fails to pay Counsel promptly as required by the terms hereof. Notification of termination shall be made in writing to Client. In the event of termination, Client agrees to pay Counsel promptly for all services rendered plus all other charges or expenses incurred pursuant to this Agreement prior to termination.

B.    Client reserves the right to terminate the Representation at any time and shall notify Counsel in writing of any such termination. In the event of such termination, Client agrees to pay Counsel promptly for all services rendered by Counsel prior to termination plus all other charges or expenses incurred pursuant to this Agreement prior to termination. If Counsel is required to consult with a successor attorney following termination, Client agrees to deposit a retainer with Counsel to cover the cost of such services.

C.      Counsel agrees to assert a diligent effort, subject to casualties beyond the control of Counsel, to retain and maintain all major and significant components of the files of Counsel relative to the Representation for a period of four (4) years following the conclusion of the Representation.

D.      Counsel shall be entitled to enforce its attorneys' retaining lien and attorneys' charging lien in accordance with Nevada law, so that, in the event Client fails to pay Counsel as provided herein, Counsel may retain exclusive control of all Client files as well as any property, monies, or original documents in Counsel's possession, until such fees are paid in full.  Client hereby grants a power of attorney to counsel to execute any drafts or instruments payable to Client, apply sums received to Counsel's outstanding fees, and remit any remaining funds to Client.

VI.      ACKNOWLEDGMENT OF RISK IN CONTESTED CASES

Client acknowledges that, in the event of a loss, Client may be liable for the opposing party's attorney's fees and will be liable for the opposing party's costs as required by law.  Client further acknowledges that a suit brought solely to harass or coerce a settlement may result in liability for malicious prosecution or abuse of process.

VII.  COMPLETE INTEGRATION; BINDING UPON ALL PARTIES; CHOICE OF LAW

This Agreement contains the entire agreement between Client and Counsel regarding the Representation and the legal fees and other charges and expenses to be paid relative thereto.  This Agreement shall not be modified except by written agreement signed by both Client and Counsel. This Agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, and successors.  This Agreement shall at all times be construed and interpreted in accordance with the laws of the State of Nevada, without regard to principles of conflicts of laws.  This Agreement may be signed in counterparts and transmitted via e-mail or by facsimile with the same force and effect.

**Pursuant to 11 U.S.C. § 528, please be advised that "We are a debt relief agency.  We help people file for bankruptcy relief under the Bankruptcy Code."**

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth at the beginning hereof.

COUNSEL:                                                  CLIENT:

LARSON & ZIRZOW, LLC,                        VISUAL TECHNOLOGY INNOVATIONS, INC.,
a Nevada limited liability company:          a Nevada corporation:

By: _____      By: _____
      Matthew C. Zirzow, Esq., Manager

                                                                    Its: _____President, CEO_____

3

## EXHIBIT A

**EXPENSES**

| | |
|---|---|
| Local Courier Messenger Services: | actual charge |
| Facsimile | no charge |
| Photocopying / Scanning (per page) | $0.10 |
| Federal Express / UPS | actual charge |
| Computerized Research (Westlaw) | actual charge |
| Electronic Filing and Retrieval Fees (PACER) | actual charge |

**FEE SCHEDULE**

Attorneys:

| | |
|---|---|
| Zachariah Larson, Esq. | $650.00 per hour |
| Matthew C. Zirzow, Esq. | $650.00 per hour |
| Benjamin Chambliss, Esq. | $450.00 per hour |

Paralegals/Other Professionals:

| | |
|---|---|
| Carey Shurtliff | $295.00 per hour |
| Trish Huelsman | $295.00 per hour |
| Jennifer Wurtz | $150.00 per hour |