LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No. 25-10024-abl |
|---|---|
| VISUAL TECHNOLOGY INNOVATIONS, INC., | Chapter 11 |
| Debtor. | Date: March 26, 2025<br>Time: 1:30 p.m. |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING CONTINUED USE OF EXISTING PRE-PETITION BANK ACCOUNT, CONVERTING EXISTING BANK ACCOUNT INTO A DEBTOR IN POSSESSION ACCOUNT, AND HONORING OF CERTAIN PREPETITION OBLIGATIONS RELATED THERETO**

Visual Technology Innovations, Inc., a Nevada corporation, as debtor and debtor in possession (the "Debtor"), submits its motion (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") seeking authorization (i) to maintain its existing pre-petition bank account at Bank of America, N.A. (the "Bank"), which is an authorized depository in this District, and have that account converted into debtor in possession ("DIP") account; and (ii) to honor certain prepetition obligations related to that bank account. This Motion is made and based on the points and authorities herein, the papers and pleadings on file herein, judicial notice of which are requested, and any arguments of counsel made at the hearing on the Motion.

. . .

. . .

## I. Jurisdiction and Venue

1. On January 6, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor elected to be treated under Subchapter V of chapter 11 of the Bankruptcy Code, and thus is authorized to continue operating its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code. Brian D. Shapiro has been appointed as the Subchapter V Trustee in the case.

2. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## II. Statement of Facts

3. Absent order of the Court, the U.S. Trustee Guidelines generally require a chapter 11 debtor to close of all of its existing pre-petition bank accounts, and the open entirely new bank accounts post-petition. For many debtors, this is very inconvenient, takes a significant amount of time, and creates substantial delays and interruptions in operations, especially when a debtor's existing bank is either not an authorized depository, or the debtor's existing bank is not interested in continuing the banking relationship with a debtor as a DIP. In the case at hand, in the ordinary course of business prior to the Petition Date, the Debtor had one (1) bank account with the Bank, account no. *3386 (the "Bank Account"). Although not a complex cash management system, the Debtor requests permission to continue utilizing this Bank Account with the Bank, which an authorized depository in this District, provided that that account is redesignated as a DIP account.

## III. Legal Authority

4. Section 363(c)(1) of the Bankruptcy Code authorizes a DIP to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).

2

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a DIP with the flexibility to engage in the ordinary course transactions required to operate its business without unneeded oversight by their creditors or the court. See Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); In re Enron Corp., No. 01-16034 (ALG), 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. Mar. 21, 2003); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997). Included within the purview of section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system. See Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.), 75 F.3d 1447, 1453 (10th Cir. 1996). Accordingly, the Debtor seeks authority under section 363(c)(1) of the Bankruptcy Code to continue the collection and disbursement of cash pursuant to its Cash Management System described above.

5.    Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). When a valid business justification exists, the law vests the debtor's decision to use property out of the ordinary course of business with a strong presumption that "'in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

6.    The Bankruptcy Code also provides a DIP the freedom to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and hearing. 11 U.S.C. § 364(a); see In re Amdura Corp., 75 F.3d at 1453; LNC Inv., Inc. v. First Fidelity Bank,

3

247 B.R. 38, 45 (S.D.N.Y. 2000); Mulligan v. Sobiech, 131 B.R. 917, 921 (S.D.N.Y. 1991). Accordingly, the Debtor seeks authorization, to the extent necessary, to obtain unsecured credit and incur unsecured debt in the ordinary operation of its Bank Account.

7. The Court also may exercise its equitable powers to grant the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. The Debtor's continued use of its Bank Account at the Bank is critical to the efficient administration of this Chapter 11 Case and the Debtor's reorganization prospects because continued use of this existing Bank Account will avoid disruption with its ongoing business operations, and avoid the potential loss of its existing banking relationship with the Bank, which is an authorized depository.

9. In order to comply with any of the Bank's requirements to convert the existing Bank Account into a DIP account, the Debtor further requests that the order granting this Motion provide that: Unless otherwise ordered by this Court, the Bank shall not honor or pay any check issued on account of a prepetition claim. The Bank may honor any checks issued on account of prepetition claims only where this Court has specifically authorized such checks to be honored, such as pursuant to the separately filed motion. Furthermore, notwithstanding anything to the contrary in any other emergency and interim order or other order of this Court, the Bank is authorized to accept and honor all representations from the Debtor as to which checks should be honored or dishonored consistent with any order(s) of this Court, whether or not the checks are dated prior to, on, or subsequent to the Petition Date. The Bank shall not be liable to any party for following the Debtor's instructions or representations regarding which checks should be honored.

10. Additionally, the Debtor also seeks authority pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 to pay, at Debtor's sole discretion, any prepetition service charges, if any, associated with the Bank Account; provided that they do not exceed $1,000.00, and thus are not material as compared with the harm of being

4

unable to use the existing Bank Account, which the Debtor believes could place its entire reorganization into jeopardy.

11. Preserving business continuity and avoiding disruption and delay to the Debtor's disbursement obligations that would necessarily result from closing the Bank Account, serves all employees, vendors, and customers, and thus is in the best interests of its estate.

### IV. Request for Immediate Relief; Relief from Stay of Effectiveness

12. In order to allow this order to be effectuated immediately, the Debtor also requests a waiver of any stay of the effectiveness of the order authorizing the use of property under Bankruptcy Rule 6004(h), such that the order shall be effective and enforceable immediately upon its entry on the docket, and thus ensure the Debtor's compliance with the U.S. Trustee Guidelines, which require it to have a DIP bank account open and in use.

### V. Conclusion

WHEREFORE, the Debtor requests that the Court enter the order in the form as attached as **Exhibit 1**, thereby granting the relief requested. The Debtor also requests such other and further relief as is just and proper.

Dated: February 19, 2025.

By:   /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtor

# EXHIBIT 1

EXHIBIT 1

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No. 25-10024-abl |
| --- | --- |
| VISUAL TECHNOLOGY INNOVATIONS, INC., | Chapter 11 |
| Debtor. | Date: March 26, 2025<br>Time: 1:30 p.m. |

**ORDER GRANTING DEBTOR'S MOTION TO AUTHORIZE CONTINUED USE OF EXISTING PRE-PETITION BANK ACCOUNT, CONVERTING EXISTING BANK ACCOUNT INTO A DEBTOR IN POSSESSION ACCOUNT, AND HONORING OF CERTAIN PREPETITION OBLIGATIONS RELATED THERETO**

Visual Technology Innovations, Inc., a Nevada corporation, as debtor in possession (the "Debtor"), having filed its *Motion for Entry of an Order Authorizing Continued Use of Existing Pre-Petition Bank Account, Converting Existing Bank Account Into a Debtor in Possession Account, and Honoring of Certain Prepetition Obligations Related Thereto* (the "Motion") [ECF No. __]; the Court having reviewed and considered the Motion; no oppositions to the Motion

having been filed or made at the hearing; the Court having held an hearing on the Motion, with all appearances having been noted on the record; the Court having heard and considered the statements of counsel made on the record at the final hearing; the Court having made its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein pursuant to Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and good cause appearing therefore,

**IT IS HEREBY ORDERED:**

1. The Debtor's Motion is GRANTED.

2. The Debtor is authorized to maintain its existing bank account, Account No. *3386 (the "Bank Account"), with Bank of America, N.A. (the "Bank"), provided that the Bank redesignates it as a debtor in possession ("DIP") bank account. The Bank is authorized and directed to redesignate the Debtor's Bank Account as a DIP account.

3. The Bank is authorized to debit the Debtor's Bank Account in the ordinary course of business without the need for further order of this Court for: (i) all checks or other payments drawn on the Debtor's Bank Account that are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof; (ii) all checks or other items deposited in the Debtor's Bank Account; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Bank as service charges for the maintenance of the Bank Account.

4. The Bank may rely on the Debtor's representations with respect to whether any check or other payment order drawn or issued by the Debtor should be honored pursuant to this or any other order of this Court, and the Bank shall not have any liability to any party for relying on the Debtors' representations as provided for herein.

5. Any existing deposit and account agreements between the Debtor and the Bank related to the Bank Account shall continue to govern the post-petition cash management relationship between the Debtor and the Bank, and all of the provisions of such agreements, including, without limitation, the fee provisions, shall remain in full force and effect. Either the Debtor or the Bank may, without further Order of this Court, implement changes to the cash

2

management system and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, *provided* that any new accounts also shall be designated as debtor in possession accounts.

6. The Debtor shall furnish any information or documents as may be necessary to the Office of the United States Trustee and the Subchapter V Trustee regarding the Bank Account, and shall include copies of all monthly statements for the Bank Account with its filed Monthly Operating Reports.

7. This Court retains jurisdiction regarding any issues or disputes arising under or related to the interpretation, implementation or enforcement of this Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

By: _____
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, NV 89101

Attorneys for Debtor

. . .

. . .

. . .

3

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

_____ (Office of the United State Trustee):
Brian D. Shapiro (Subchapter V Trustee):

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

4