**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
TALI J. FREY, ESQ.
Nevada Bar No. 16537
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Email:  ccarlyon@carlyoncica.com
dcica@carlyoncica.com
tfrey@carlyoncica.com

*Nevada Counsel for Movant, Mark L. Bunce*

**MILLER & MARTIN PLLC**
PAUL ALEXANDER, ESQ.
(*Pro Hac Pending Submission*)
MICHAEL KOHLER, ESQ.
(*Pro Hac Pending Submission*)
1180 W Peachtree Street, NW, Suite 2100
Atlanta, GA 30309
Phone: (404) 962-6100
Email:  paul.alexander@millermartin.com
michael.kohler@millermartin.com

*Lead Counsel for Movant, Mark L. Bunce*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 25-10024-abl<br>Chapter 11 |
| VISUAL TECHNOLOGY INNOVATIONS, INC., | |
| Debtor. | **MOTION TO TRANSFER VENUE; OR, IN THE ALTERNATIVE, TO DISMISS**<br><br>Hearing Date:  May 21, 2025<br>Hearing Time:  1:30 P.M. |

Mark L. Bunce, a/k/a Mark Leonard Bunce ("Movant"), a creditor in the above-captioned

bankruptcy case, hereby files this motion to transfer venue pursuant to 28 U.S.C. § 1412 and Rule

1014 of the Federal Rules of Bankruptcy Procedure, seeking to transfer venue of this Chapter 11

40077581v2

case to the United States Bankruptcy Court for the Eastern District of Pennsylvania; or, in the alternative, to dismiss this case for cause pursuant to 11 U.S.C. § 1112(b).  In support of this Motion, Movant respectfully shows the following:

## I.    INTRODUCTION

1.      In 2021, Movant was fraudulently induced into loaning more than $1,000,000 to Visual Technology, Inc. (the "Debtor"), an alter ego of Mathu Rajan ("Mr. Rajan"), which funds were misappropriated by Mr. Rajan.  After numerous misrepresentations and unfulfilled promises by Mr. Rajan and his agents over the course of two years, Movant had no option but to file a lawsuit, and the parties have been in litigation in the U.S. District Court for the Eastern District of Pennsylvania since May 2023.[1]  The Debtor filed this Chapter 11 case as a litigation tactic less than twenty-four (24) hours before a scheduled hearing on Movant's motion for summary judgment in the district court case, solely to avoid an adverse ruling.  Mr. Rajan also filed a Chapter 13 bankruptcy case in the Eastern District of Pennsylvania on the same day, about twenty (20) minutes after this case was filed.  This bankruptcy case is one in a series of improper efforts by the Debtor and Mr. Rajan to hinder and delay Movant's rightful efforts to adjudicate his claims and collect on his debt.  As set forth below, this case should be transferred to the United States Bankruptcy Court for the Eastern District of Pennsylvania because it is in the interest of justice and for the convenience of the parties.  In the alternative, it is in the best interest of creditors and cause exists to dismiss this case, as there is continuing loss to the estate and the absence of a reasonable likelihood of rehabilitation, and because this case was filed in bad faith.

---

[1] Nothing in the motion waives, releases, or impairs any claim or rights of Mr. Bunce, all of which claims and rights are expressly reserved and preserved, including, without limitation, the claims asserted in the U.S. District Court for the Eastern District of Pennsylvania.

40077581v2

## II.    <u>JURISDICTION</u>

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The statutory bases for the relief sought herein arise from 28 U.S.C. §§ 1408 and 1412 and Bankruptcy Rule 1014.

3.    Pursuant to Local Rule 9014.2, Movant consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.    <u>BACKGROUND</u>

4.    The Debtor is a Nevada corporation formed on or about January 6, 2021.  *See* Doc 1, Verified Statement of Mathu G. Rajan in Support of Voluntary Petition.

5.    The Debtor filed this case under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on January 6, 2025, at approximately 10:27 A.M. (Pacific) (Doc 1), approximately twenty-four hours before a hearing scheduled on Movant's Motion for summary judgment in a case pending against the Debtor and Mr. Rajan in the U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-01740.[2]  *See* genuine copy of Notice of Hearing attached hereto as **<u>Exhibit "1"</u>** and incorporated herein.

6.    Also on January 6, 2025, at approximately 10:47 A.M. (Pacific), Mr. Rajan filed a case under Chapter 13 of the Bankruptcy Code in the Eastern District of Pennsylvania, which case was assigned Case No. 25-10042-amc.  Mr. Rajan's first Chapter 13 bankruptcy case was dismissed

---

[2] Movant request that the Court take judicial notice of the papers, pleadings, and court dockets filed in other cases and referenced herein pursuant to FRE 201.  *See, e.g., U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)("a court may take judicial notice of its own records in other cases"); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar claims); *Lawson v. Klondex Mines Ltd.*, 450 F. Supp. 3d 1057, 1071 (D. Nev. 2020)(court may take judicial notice of orders and filings, including proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue); *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

40077581v2

on January 27, 2025, due to Mr. Rajan's failure to timely file papers required by the court in that case. *See* genuine copies of p. 1 of Voluntary Petition for Individuals Filing Bankruptcy, and Order of Dismissal attached hereto as composite **Exhibit "2"** and incorporated herein.

7.      Mr. Rajan refiled a Chapter 13 bankruptcy case on January 28, 2025, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, which case is assigned Case No. 25-10356-djb.  That second Chapter 13 bankruptcy case remains pending.  *See* genuine copy of docket for Case No. 25-10356-djb (Bankr. E.D. Pa.), as of April 3, 2024, attached hereto as **Exhibit "3"** and incorporated herein.

8.      The petition in Mr. Rajan's second Chapter 13 case reflects that he resides in Bensalem, Pennsylvania.  *See* p. 2 genuine copy of Voluntary Petition for Individuals Filing Bankruptcy, attached hereto as **Exhibit "4"** and incorporated herein.

9.      According to the Debtor's Chapter 11 petition, its principal place of business is in Bensalem, Bucks County, Pennsylvania.  *See* Doc 1, p. 1.  Bucks County is in the Eastern District of Pennsylvania. *See* [Overview of the Federal Courts | Eastern District of Pennsylvania | United States District Court](#).

10.      According to Debtor's statement of financial affairs, Mr. Rajan, who resides in Bensalem, Pennsylvania, is the Debtor's president, secretary, treasurer, director, and holder of 100% of issued shares.  *See* Doc 13, Statement of Financial Affairs No. 28.

11.      According to Debtor's statement of financial affairs, when this case was filed the Debtor's books and records were in the possession of Jeeva Rajan, located in Bensalem, Pennsylvania.  *See* Doc 13, Statement of Financial Affairs No. 26c.1.  Further, according to Debtor's statement of financial affairs Jeeva Rajan acted as an accountant or bookkeeper for the Debtor from January 6, 2021, to the present.  *See* Doc 13, Statement of Financial Affairs No. 26a.1.

12.      According to the Debtor's schedules D, E, and F, there are no secured, priority, or general unsecured creditors located in Nevada.  *See* Doc 13, Schedules D, E, and F.

13.    According to the Debtor's schedules, its most valuable asset is 52,562 shares (0.06% ownership) in Stream TV Networks, Inc. ("Stream TV"), a debtor in a Chapter 11 case pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 23-10763. *See* Doc 13, Schedule A/B, No. 15.  While Debtor's Schedule B reflects that its shares of Stream TV are supposedly worth $3,942,120, curiously Schedule B in Mr. Rajan's second Chapter 13 bankruptcy case reflects that his 1,018,200 shares in Stream TV have unknown value. Mr. Rajan's Chapter 13 schedules also reflect that his 1,000,000 shares in the Debtor have unknown value.  *See* a genuine copy of Schedule A/B in Case No. 25-10356-djb (Bankr. E.D. Pa.), attached hereto as **Exhibit "5"** and incorporated herein.

14.    In its status report (Doc No. 24) filed on February 19, 2025, the Debtor acknowledges that "[f]urther developments in the Pennsylvania Bankruptcy Court and Pennsylvania District Court will impact this Chapter 11 Case."  In fact, substantially all of Stream TV's assets have already been sold in its pending Chapter 11 case, and any shares in Stream TV have little or no value.  *See* a genuine copy of an order entered on January 29, 2025, denying stay pending appeal of the sale order in *In re Stream TV Networks, Inc., et al.*, Chapter 11 Case No. 23-10763 (Bankr. E.D. Pa.) attached hereto as **Exhibit "6"** and incorporated herein. While the debtor also lists a lawsuit with an unknown value against Burlington Resources Asia Ltd. And Timothy McCarthy, pending in the U.S. District for the District of Nevada, based on the docket in that case, the defendants have not been served (even though proof of service was due July 15, 2024), and the Debtor does not appear to be prosecuting that case.  *See* genuine copy of docket for Case No. 2:24-cv-00728 (D. Nev.), as of April 2, 2024, attached hereto as **Exhibit "7"** and incorporated herein.  Moreover, upon information and belief, the claims in that case are believed to be of little or no value to the estate.

15.    According to the Debtor's schedules, the Debtor has had no revenue in the past three (3) years.  *See* Doc 13, Statement of Financial Affairs No. 1.

40077581v2

16.     Based on Mr. Rajan's testimony at the Debtor's meeting of creditors hearing, the Debtor has no employees. [3]

17.     According to the Debtor's schedules, at the time this case was filed the Debtor had only $2,320.61 in its sole bank account.  *See* Doc 13, Schedule A/B, No. 3.

18.     According to the Debtor's monthly operating report covering January 6–31, 2025 (Doc 31), the Debtor had no cash receipts and cash on hand has declined from $2,304.6 to $1,908.72 during that period.  Further, according to the Debtor's monthly operating report covering February 2025 (Doc 34), the Debtor had no cash receipts and cash on hand declined from $1,908.72 to $1,496.85 during that period.

19.     According to Mr. Rajan's statement in support of the Debtor's petition, the Debtor did not maintain a balance sheet, statement of operations, or cash flow statement on a regular basis, and has never filed federal income tax returns.  *See* Doc 1, Verified Statement of Mathu G. Rajan in Support of Voluntary Petition.

20.     Based on Debtor's schedules (Doc 13), the application to employ counsel (Doc 14), and its monthly operating report covering January 6–31, 2025 (Doc 31), the Debtor obtained money for a retainer from Visual Semiconductor, Inc., a company believed to be owned in part and controlled by Mr. Rajan.  *See* Doc 13, Disclosure of Compensation for Attorney for Debtor, No. 2, Doc 14, ¶ 14, and Doc 31, p. 7.  Upon information and belief and based on the Debtor's schedules and statement of financial affairs, the Debtor has no ability to repay the funds from Visual Semiconductor, Inc., and will have no ability to pay professionals beyond any existing retainer without incurring additional administrative debt.

21.     The fraudulently induced loan from Movant to the Debtor is evidenced by, among other things, the following documents (collectively, the "<u>Loan Documents</u>"):  (i) a Convertible Note

---

[3] Movant intends to supplement the record with a transcript of testimony from the meeting of creditors hearing which initially took place on February 6, 2025, and was continued to February 24, March 19 (Mr. Rajan failed to appear), and March 24, 2025.

40077581v2

#VN21017-00 dated February 25, 2021, executed by Visual Technology Innovations, Inc., and Mark Leonard Bunce, together with Investment Warrant with an original issue date of February 25, 2021, and having Warrant Agreement # VW21023, and Investment Warrant with an original issue date of February 25, 2021, and having Warrant Agreement # VW21024 (*See* Claim No. 3-2, Attachment "2"); (ii) a Convertible Note #VN21019-00 dated March 8, 2021, executed by Visual Technology Innovations, Inc. and Mark Leonard Bunce, together with Investment Warrant with an original issue date of March 8, 2021, and having Warrant Agreement # VW21025, and Investment Warrant with an original issue date of March 8, 2021, and having Warrant Agreement # VW21026 (*See* Claim No. 3-2, Attachment  "3"); (iii) an Amendment to Note dated as of April 5, 2021, between Mark Leonard Bunce and Visual Technology Innovations, Inc., together with Investment Warrant with an original issue date of April 5, 2021, and having Warrant Agreement # VW21029 (*See* Claim No. 3-2, Attachment "4"); (iv) a Convertible Note Agreement dated as of May 4, 2021, between Visual Technology Innovations, Inc. and Mark Leonard Bunce, together with attached exhibits including Convertible Note # VN 21021-00 dated May 4, 2021 (*See* Claim No. 3-2, Attachment "5"); and (v) an Amendment to Note dated as of November 23, 2021, between Visual Technology Innovations, Inc., and Mark Leonard Bunce, together with Investment Warrant with an original issue date of November 23, 2021, and having Warrant Agreement # VW21035 (*See* Claim No. 3-2, Attachment "6").   While Section 17 of the November 23, 2023 Warrant Agreement (part of the most recent agreement) provides that the warrant will be governed under Nevada law, Section 18 contains a provision whereby the parties submit to the exclusive jurisdiction of the federal courts of the United States of America for the Eastern District of Pennsylvania or the Court of Common Please Pleas of the Commonwealth of Pennsylvania (*See* Claim No. 3-2, Attachment "6," Warrant Agreement §§ 17 & 18).

22.     Mr. Rajan's testimony at the meeting of creditors hearings and other communications underscores the fact that this is no more than a two-party dispute between Movant and the Debtor/Mr. Rajan.

40077581v2

IV.    **MEMORANDUM OF POINTS AND AUTHORITIES**

**This case should be transferred to the Eastern District of Pennsylvania**

Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 28 U.S. C. § 1412 provide mechanisms for the transfer of a bankruptcy case to another venue. Under 28 U.S. C. § 1412, "[a] district court may transfer a case proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."[4] Further, under Bankruptcy Rule 1014(a)(1), "[i]f a petition is filed in the proper district, the court may transfer the case to another district in the interest of justice or for the convenience of the parties." The party seeking a transfer of venue bears the burden of proof and persuasion. *See In re Consolidated Equity Properties, Inc.*, 136 B.R. 261, 262-63 (D.Nev. 1991); *In re Municipal Corrections*, 2012 WL 6737509, at *5 (Bankr. D.Nev. 2012).

The factors considered by courts in determining whether to transfer venue because it is "in the interests of justice" include: (i) whether the transfer will promote economic and efficient administration of the bankruptcy estate: (ii) whether the interest of judicial economy will be served by the transfer; (iii) whether the parties will be able to receive a fair trial in each of the possible venues; (iv) whether either forum has an interest in having the controversy decided in its borders; (v) the enforceability of any judgment; and (vi) respect for the original forum. *See In re Enron Corp.*, 317 B.R. 629 (Bankr. S.D.N.Y. 2004), *In re Bruno's, Inc.*, 227 B.R. 311 (Bankr. N.D. Ala. 1998). *See also In re B.L. of Miami, Inc.*, 294 B.R. 325, 328-329 (Bankr. D. New. 2003) (adopting similar factors). The "interest of justice" prong is analyzed under a "broad and flexible standard which must be applied on a case-by-case basis." *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir.1990). "[T]he most important consideration is whether the requested transfer would promote the economic and efficient

---

[4] The bankruptcy court is authorized to exercise the district court's power to transfer venue by virtue of the district court's referral to the bankruptcy court under 28 U.S. C. § 157(a).

40077581v2

administration of the estate." *In re Commonwealth Oil Refining Co ., Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979).

The factors considered by courts in determining whether to transfer venue for the "convenience of parties" include:  (i) the location of parties; (ii) the ease of access to necessary proof; (iii) the location of assets; (iv) the convenience of witnesses and relative physical and financial condition; (v) availability of subpoena power for unwilling witnesses; (vi) expense of obtaining unwilling witnesses; and (vii) the expense of administration of the estate.  *See In re Enron Corp.*, 317 B.R. 629 (Bankr. S.D.N.Y. 2004), *In re Dunmore Homes, Inc.*, 380 B.R. 663 (Bankr. S.D. N.Y. 2008).  *See also In re B.L. of Miami, Inc.*, 294 B.R. 325, 328-329 (Bankr. D. New. 2003) (adopting similar factors).

Transfer of this case to the Eastern District of Pennsylvania is proper under both the "interest of justice" and the "convenience of parties" factors, to promote the economic and efficient administration of the bankruptcy estate and to reduce unnecessary trouble and expense.  First, the Debtor's owner and decision maker is located in the Eastern District of Pennsylvania, and he is in a pending Chapter 13 bankruptcy case in that district.[5]  Second, the Debtor's purported most valuable asset is subject to a pending bankruptcy case also in the Eastern District of Pennsylvania.  Third, the Debtor's business records (to the extent they exist) are located in the Eastern District of Pennsylvania.   Fourth, witnesses likely to be called in this case, including the Debtor's bookkeeper and accountants, are located in the Eastern District of Pennsylvania, and upon information and belief, no such witnesses are located in the State of Nevada.  Fifth the Debtor's sole principal office is located in the Eastern District of Pennsylvania.  Sixth, according to Debtor's schedules, it has no creditors located in Nevada.  Seventh, under the most recently executed warrant agreement, the parties have submitted to the exclusive jurisdiction of the federal courts of the Eastern District of Pennsylvania or the Court of Common Please Pleas of the Commonwealth of Pennsylvania.

---

[5] Mr. Rajan initially filed a Chapter 13 case in the Eastern District of Pennsylvania on the same day he caused this case to be filed in the District of Nevada.

40077581v2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### In the Alternative, Cause Exists to Dismiss this Case

Bankruptcy Code Section 1112(b)(1) provides that "…on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.  Bankruptcy Code Section 1112(b)(4) includes a non-exclusive list of what constitutes "cause," including substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.  The enumerated "causes," however are not exhaustive, and "the court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *Pioneer Liquidating Corp. v. United States Trustee, In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), *aff'd In re Consolidated Pioneer Mortg. Entities*, 264 F.3d 803 (9th Cir. 2001). "The bankruptcy court has broad discretion to determine what constitutes cause under 1112(b). The movant bears the burden of establishing by a preponderance of the evidence that cause exists." *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citations omitted).

"A lack of good faith in filing a bankruptcy petition constitutes cause warranting dismissal under Section 1112(b)." *See Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994).  "In determining whether a case was filed in the absence of good faith, courts may consider factors such as whether: (1) the Debtor has only one asset; (2) the Debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the Debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two-party dispute capable of prompt adjudication in state court." *In re Rosenblum*, 608 B.R. 529, 537 (Bankr. D. Nev. 2019); *St. Paul Self Storage Partnership v. Port Authority of the City of St. Paul (In re St. Paul Self Storage Ltd. Partn.)*, 185 B.R. 580, 582-83 (B.A.P. 9th Cir. 1995).  Additionally, filing a bankruptcy to delay a non-bankruptcy court proceedings may be indicative of bad faith.  See *In re Silberkraus*, 253 B.R. 890, 905–06 (Bkrtcy.C.D. Cal. 2000 (citing several cases making such a finding).  Here, a lack of good faith is evidenced by, among other factors, the Debtor's filing on the

40077581v2

eve of a summary judgment hearing - merely as a litigation tactic, its lack of meaningful assets with value, the complete absence of any operations and cash flow, the failure to prepare and maintain financial statements, the failure to file tax returns, the forum shopping evidenced by the filing of this case in Nevada the same day an affiliate bankruptcy case was filed in the Eastern District of Pennsylvania, and this case being a two-party dispute between the Debtor and Movant.

Further, the Debtor's cash on hand is diminishing with the Debtor is incurring debts in connection with its professionals. Negative cash flow is enough to establish a "substantial or continuing loss." *See In re USA Com. Mortg. Co.*, 452 F. App'x 715, 724 (9th Cir. 2011) (*citing Loop Corp. v. U.S. Tr.*, 379 F.3d 511, 515–16 (8th Cir. 2004)).

Moreover, there is no reasonable likelihood of rehabilitation, as not only are there no operations, no employees, and no income, but also because the Debtor's supposed assets have little or no realizable value. "Rehabilitation as used in 11 U.S.C. Section 1112(b)(1) means to put back in good condition; re-establish on a firm, sound basis." *In re Wright Air Lines, Inc.*, 51 B.R. 96, 100 (Bankr.N.D.Ohio 1985)) (internal punctuation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *See In Re Johnston*, 149 B.R. 158, 162 (9th Cir.BAP1992). "A debtor lacks a reasonable likelihood of rehabilitation where, for example, it lacks income, lacks operating funds, or lacks employees, capital, or "continuing revenue-generating activity." *In re Bay Area Material Handling, Inc.*, 76 F.3d 384, at *2 (9th Cir. 1996) (unpublished) (citations and internal punctuation omitted). *See also In re Hassen Imports P'ship*, No. BAP CC-13-1019-KIPAD, 2013 WL 4428508, at *14 (B.A.P. 9th Cir. Aug. 19, 2013). ("The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re Wallace,* 2010 WL 378351 at *4 (Bankr.D.Idaho Jan. 26, 2010)(quotations and citations omitted)).

If a moving party establishes the existence of "cause" under Section 1112(b)(1), under Section 1112(b)(2) the court may still not convert or dismiss a case if four (4) requirements are met: (1) the court specifically identifies unusual circumstances establishing that such relief is not in the best

interests of creditors and the estate; (2) if the Debtor establishes that there is a reasonable likelihood of confirming a plan in a reasonable amount of time; (3) if the Debtor establishes that the grounds for relief include an act or omission of the debtor for which there is a reasonable justification; and (4) if the Debtor establishes that the act or omission can be cured within a reasonable time. See 11 U.S.C. § 1112(b)(2)(A and B).

The Debtor bears the burden of establishing the existence of unusual circumstances under Section 1112(b)(2) as a defense to dismissal or conversion.  *See In re Rosenblum*, 608 B.R. 529, 536 (Bankr. D. Nev 2019) ("The exception sometimes is referred to as a 'defense' to conversion or dismissal because the burden of establishing its requirements requests upon the opponent."). Here there is no reasonable likelihood that a plan will be confirmed within a reasonable period of time, and there are no unusual circumstances which would prevent the court form dismissing or converting this case.  Further, a bad faith filing "cannot be cured or justified such that the exception to dismissal under § 1112(b)(2) applies." *In re LTL Mgmt., LLC*, 652 B.R. 433, 454 (Bankr. D.N.J. 2023) *citing In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1395 (11th Cir. 1988) (additional citations omitted).

Movant respectfully submits that under Section 1112(b)(1) of the Bankruptcy Code,  it is in the best interests of creditors that this case be dismissed, and not converted to a case under Chapter 7.  The Bankruptcy Appellate Panel for the Nonth Circuit has identified the following ten (10) non-exclusive factors for courts to determine whether dismissal or conversion is in the best interests of creditors:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
(3) Whether the debtor would simply file a further case upon dismissal.
(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.
(7) Whether the estate consists of a "single asset."
(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See, e.g., Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 WL 6259960, at *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) citing 7 COLLIER ON BANKRUPTCY ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds, 16th ed., 2010).  In this case, dismissal is warranted because:  (i) there is no evidence of preferential payments; (ii) no rights granted in this case will be lost upon dismissal; (iii) there are no assets with meaningful value for a trustee to reach or administer (iv) there is no on-going operational value to preserve, (v) issues can be readily resolved outside of the bankruptcy forum (including in the U.S. District Court for the Eastern District of Pennsylvania), (vi) recourse for misconduct can be achieved outside of bankruptcy court, (vii) plan confirmation is not realistic, and (viii) there any no known environmental or safety concerns for a trustee to address.

Due to the Debtor's bad faith, and to prevent the debtor from simply refiling a bankruptcy case if this case is dismissed, a dismissal barring refiling for not less than one (1) year under 11 U.S.C. § 349(a) is warranted. "Section 349(a)4 is not ambiguous, and plainly provides that the bankruptcy court may, at its discretion and for cause, bar the discharge of existing debt. Inherent in this authority is the power to bar subsequent bankruptcy petitions that seek to discharge such debt." *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 942 (9th Cir. BAP 1997), aff'd, 171 F.3d 1219 (9th Cir. 1999).  The court "may 'dismiss a bankruptcy case with a bar preventing a debtor from re-filing in cases of abuse.... [T]he issue of the length of the bar is a matter for the Court's discretion.' " *Kulick v. Leisure Village Ass'n (In re Kulick)*, 2022 WL 17848939, at *3 (B.A.P. 9th Cir. Dec. 16, 2022) (*quoting In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    CONCLUSION

For the reasons set forth above, because it is in the interests of justice and for the convenience of the parties, this case should be transferred to the Eastern District of Pennsylvania.   In the alternative, cause exists to dismiss this case with a bar on refiling for not less than one (10 year).

Respectfully submitted, this 3rd day of April, 2025.

**MILLER & MARTIN PLLC**

*/s/ Paul M. Alexander*
Paul M. Alexander, Esq.  (*Admitted pro hac vice*)
Georgia Bar No. 009003
Michael P. Kohler, Esq. (*Admitted pro hac vice*)
Georgia Bar No. 427727
Regions Plaza, Suite 2100
1180 West Peachtree Street N.W.
Atlanta, Georgia 30309-3407
(404) 962-6100
Email:  Paul.Alexander@millermartin.com
Michael.Kohler@millermartin.com

*Lead Counsel for Movant, Mark L. Bunce*

AND

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CIA, ESQ.
Nevada Bar No. 4565
TALI J. FREY, ESQ.
Nevada Bar No. 16537
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Email:  ccarlyon@carlyoncica.com
dcica@carlyoncica.com
tfrey@carlyoncica.com

*Nevada Counsel for Movant, Mark L. Bunce*

40077581v2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Carlyon Cica Chtd. and that, on the 3rd day of April 2025, I caused to be served a true and correct copy of **MOTION TO TRANSFER VENUE; OR, IN THE ALTERNATIVE, TO DISMISS** in the following manner.

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

/s/ *Cristina Robertson*
An employee of Carlyon Cica Chtd.

40077581v2

# EXHIBIT "1"

# EXHIBIT "1"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK L. BUNCE** | : |
| *Plaintiff(s)* | : |
| | : |
| **v.** | :   **CIVIL NO. 23-1740** |
| | : |
| **VISUAL TECHNOLOGY INNOVATIONS,** | : |
| **INC., et al.** | : |
| *Defendant(s)* | : |

## <u>NOTICE OF HEARING</u>

An **ORAL ARGUMENT** on the Motion to Dismiss (Doc. No. 89), Motion for Summary

Judgment (Doc. No. 107), Motion for Partial Summary Judgment (Doc. No. 108) and the

Motion to Exclude (Doc. No. 113) is scheduled to be held on **January 7, 2025,** at **11:00 am,** in

**Courtroom 13B** before the **Honorable Kai N. Scott**, United States Courthouse, 601 Market

Street, Philadelphia, PA 19106.

       **Judge Scott strongly urges Oral Argument to be presented by junior counsel on the**

**case.**

 

 

*s/Susan Flaherty*
                                 
**SUSAN FLAHERTY**
Courtroom Deputy to the
Honorable Kai N. Scott
United States District Court Judge

# EXHIBIT "2"

# EXHIBIT "2"

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF PENNSYLVANIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- |
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or  passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Mathu**<br>First name<br><br>_____<br>Middle name<br><br>**Rajan**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6654 | |

*Form OL241* (3/23)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: )
    Mathu Rajan )      Case No. 25−10042−amc
     )
     )
    Debtor(s). )      Chapter: 13
     )
     )

## ORDER

    AND NOW, it is ORDERED that since the debtor(s) have failed to timely file the documents required by the order dated January 7, 2025, this case is hereby DISMISSED.

**Date: January 27, 2025**

_____
Ashely M. Chan
Chief Judge, United States Bankruptcy Court

Missing Documents:
Atty Disclosure Statement
Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C−1
Means Test Calculation Form 122C−2 − If Applicable
Chapter 13 Plan
Schedules AB−J
Statement of Financial Affairs
Summary of Assets and Liabilities

# EXHIBIT "3"

# EXHIBIT "3"

## U.S. Bankruptcy Court
### Eastern District of Pennsylvania (Philadelphia)
### Bankruptcy Petition #: 25-10356-djb

*Date filed:* 01/28/2025
*Deadline for filing claims:* 04/08/2025
*Deadline for filing claims (govt.):* 07/27/2025

*Assigned to:* Judge Derek J Baker
Chapter 13
Voluntary
Asset

| | |
|---|---|
| *Debtor* | represented by **MICHAEL SETH SCHWARTZ** |
| **Mathu Rajan** | Law Office of Michael Schwartz |
| 1105 William Penn Drive | 707 Lakeside Office Park |
| Bensalem, PA 19020 | Southampton, PA 18966 |
| BUCKS-PA | 215-396-7900 |
| SSN / ITIN: xxx-xx-6654 | Fax : 215-396-7929 |
| | Email: msbankruptcy@gmail.com |

*Trustee*
**KENNETH E. WEST**
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
215-627-1377

*U.S. Trustee*
**United States Trustee**
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107
(215)597-4411

| Filing Date | # | Docket Text |
|---|---|---|
| 01/28/2025 | 1 (9 pgs) | Chapter 13 Voluntary Petition for Individual . Fee Amount $313 Filed by Mathu Rajan. Government Proof of Claim Deadline: 07/28/2025. Atty Disclosure Statement due 02/11/2025.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due02/11/2025 Chapter 13 Plan due by 02/11/2025. Schedules AB-J due 02/11/2025. Statement of Financial Affairs due 02/11/2025. Summary of Assets and Liabilities due 02/11/2025. Incomplete Filings due by 02/11/2025. (SCHWARTZ, MICHAEL) (Entered: 01/28/2025) |
| 01/28/2025 | 2 | Matrix List of Creditors Filed. Number of pages filed: 1, Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan. (SCHWARTZ, MICHAEL) (Entered: 01/28/2025) |

| | | |
|---|---|---|
| 01/28/2025 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan. (SCHWARTZ, MICHAEL) (Entered: 01/28/2025) |
| 01/28/2025 | 4 | Statement of Social Security Number Received. Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan. (SCHWARTZ, MICHAEL) (Entered: 01/28/2025) |
| 01/28/2025 | | Receipt of Voluntary Petition (Chapter 13)( 25-10356) [misc,volp13a] ( 313.00) Filing Fee. Receipt number A26288837. Fee Amount $ 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 01/28/2025) |
| 01/29/2025 | | Name of Trustee assigned to case: KENNETH E. WEST. (S., Antoinette) (Entered: 01/29/2025) |
| 01/29/2025 | 5<br>(1 pg) | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed. ***Any request for an extension of time must be filed prior to the expiration of the deadlines listed***. Atty Disclosure Statement due 2/11/2025. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 2/11/2025. Means Test Calculation Form 122C-2 - *If Applicable* - Due: 2/11/2025. Chapter 13 Plan due by 2/11/2025. Schedules AB-J due 2/11/2025. Statement of Financial Affairs due 2/11/2025. Summary of Assets and Liabilities due 2/11/2025. (S., Antoinette) (Entered: 01/29/2025) |
| 01/31/2025 | 6<br>(4 pgs; 2 docs) | Notice of Appearance and Request for Notice by MICHAEL D. VAGNONI Filed by MICHAEL D. VAGNONI on behalf of William A. Homony. (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 01/31/2025) |
| 01/31/2025 | 7<br>(4 pgs; 2 docs) | Notice of Appearance and Request for Notice by EDMOND M. GEORGE Filed by EDMOND M. GEORGE on behalf of William A. Homony. (Attachments: # 1 Certificate of Service) (GEORGE, EDMOND) (Entered: 01/31/2025) |
| 01/31/2025 | 8<br>(2 pgs) | BNC Certificate of Mailing - Order Requiring Documents. Number of Notices Mailed: (related document(s) (Related Doc # 5)). No. of Notices: 1. Notice Date 01/31/2025. (Admin.) (Entered: 02/01/2025) |
| 02/10/2025 | 9<br>(2 pgs; 2 docs) | Motion to Extend time to File Remaining Documents and Schedules Filed by Mathu Rajan Represented by MICHAEL SETH SCHWARTZ (Counsel). (Attachments: # 1 Proposed Order) (SCHWARTZ, MICHAEL) (Entered: 02/10/2025) |
| 02/10/2025 | 10<br>(2 pgs) | Certificate of Service Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan (related document(s)9). (SCHWARTZ, MICHAEL) (Entered: 02/10/2025) |
| 02/20/2025 | 11<br>(1 pg) | Order Granting Motion to Extend Time (Related Doc # 9) Atty Disclosure Statement due 2/28/2025. Chapter 13 Plan due by 2/28/2025. Schedules AB-J due 2/28/2025. Statement of Financial Affairs due 2/28/2025. Summary of Assets and Liabilities due 2/28/2025. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period |

| | | |
|---|---|---|
| | | Form 122C-1 Due 2/28/2025. Means Test Calculation Form 122C-2 - *If Applicable* - Due: 2/28/2025. (S., Antoinette) (Entered: 02/20/2025) |
| 02/22/2025 | 12 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 11)). No. of Notices: 1. Notice Date 02/22/2025. (Admin.) (Entered: 02/23/2025) |
| 02/26/2025 | 13 (2 pgs; 2 docs) | Motion to Extend time to File Remaining Documents and Schedules Filed by Mathu Rajan Represented by MICHAEL SETH SCHWARTZ (Counsel). (Attachments: # 1 Proposed Order) (SCHWARTZ, MICHAEL) (Entered: 02/26/2025) |
| 02/26/2025 | 14 (2 pgs) | Certificate of Service Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan (related document(s)13). (SCHWARTZ, MICHAEL) (Entered: 02/26/2025) |
| 02/28/2025 | 15 (1 pg) | Order Granting Motion to Extend Time (Related Doc # 13) Incomplete Filings due by 3/14/2025. Atty Disclosure Statement due 3/14/2025. Chapter 13 Plan due by 3/14/2025. Schedules AB-J due 3/14/2025. Statement of Financial Affairs due 3/14/2025. Summary of Assets and Liabilities due 3/14/2025. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 3/14/2025. Means Test Calculation Form 122C-2 - *If Applicable* - Due: 3/14/2025. (S., Antoinette) (Entered: 02/28/2025) |
| 03/01/2025 | 16 | Case reassigned to Judge Derek J. Baker. Involvement of Chief Judge Ashely M. Chan terminated. See Miscellaneous Case Number 25-03001-amc . (Moy Ng, Yim) (Entered: 03/01/2025) |
| 03/02/2025 | 17 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 15)). No. of Notices: 1. Notice Date 03/02/2025. (Admin.) (Entered: 03/03/2025) |
| 03/07/2025 | 18 (33 pgs) | Declaration About Individual Debtor's Schedules , Disclosure of Compensation of Attorney for Debtor in the amount of 5875 Debtor Mathu Rajan, Schedules A/B - J , Statement of Financial Affairs for Individual , Summary of Assets and Liabilities and Certain Statistical Information Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan. (SCHWARTZ, MICHAEL) (Entered: 03/07/2025) |
| 03/07/2025 | 19 (6 pgs) | Chapter 13 Plan Filed by Mathu Rajan. (SCHWARTZ, MICHAEL) (Entered: 03/07/2025) |
| 03/07/2025 | 20 (4 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. Disposable Income Is Determined Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan. (SCHWARTZ, MICHAEL) (Entered: 03/07/2025) |
| 03/07/2025 | 21 (8 pgs) | Chapter 13 Calculation of Your Disposable Income Form 122C-2 Filed by MICHAEL SETH SCHWARTZ on behalf of Mathu Rajan. (SCHWARTZ, MICHAEL) (Entered: 03/07/2025) |
| 03/12/2025 | 22 (2 pgs) | Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Trustee KENNETH E. WEST. The Debtor has filed a Plan. This Plan proposes payment to the trustee of $765.00 per month for 60 months. Filed by KENNETH E. WEST. 341(a) meeting to be held on 4/16/2025 at 10:45 AM via Zoom.us - West: Meeting ID 224 079 6575, |

| | | |
|---|---|---|
| | | Passcode 6266025562, Phone 1 (267) 362-3661. Objection to Dischargeability of Certain Debts due: 6/15/2025. Proofs of Claims due by 4/8/2025. Government Proof of Claim Deadline: 7/27/2025.Confirmation Hearing scheduled 4/24/2025 at 9:30 AM at Zoom. For Zoom link, see the current Hearing Calendar for the Judge on the Court website. (WEST, KENNETH) (Entered: 03/12/2025) |
| 03/14/2025 | 23<br>(4 pgs) | BNC Certificate of Mailing - Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 22)). No. of Notices: 2. Notice Date 03/14/2025. (Admin.) (Entered: 03/15/2025) |
| 03/26/2025 | 24<br>(7 pgs; 4 docs) | Motion to Appear pro hac vice on behalf of Paul M. Alexander, Esquire *PURSUANT TO LOCAL RULES 2090-1(b)(3) AND 9014-2(a)(7)* Filed by Mark L. Bunce Represented by NICHOLAS M. ENGEL (Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit A (DECLARATION OF PAUL M. ALEXANDER) # 3 Certificate of Service) (ENGEL, NICHOLAS) (Entered: 03/26/2025) |
| 03/26/2025 | | Receipt Number APAEDC-18171878, Fee Amount $75.00 for Motion to Appear pro hac vice on behalf of Paul M. Alexander, Esquire. (related document(s)24). (AS) (Entered: 03/26/2025) |
| 03/26/2025 | 25<br>(7 pgs; 4 docs) | Motion to Appear pro hac vice on behalf of Michael P. Kohler, Esquire *PURSUANT TO LOCAL RULES 2090-1(b)(3) AND 9014-2(a)(7)* Filed by Mark L. Bunce Represented by NICHOLAS M. ENGEL (Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit A (DECLARATION OF MICHAEL P. KOHLER ) # 3 Certificate of Service) (ENGEL, NICHOLAS) (Entered: 03/26/2025) |
| 03/26/2025 | | Receipt Number APAEDC-18172281, Fee Amount $75.00 for Motion to Appear pro hac vice on behalf of Michael P. Kohler, Esquire. (related document(s)25). (AS) (Entered: 03/27/2025) |
| 03/27/2025 | 26<br>(6 pgs; 4 docs) | Motion to Confirm Termination or Absence of Stay Filed by Mark L. Bunce Represented by NICHOLAS M. ENGEL (Counsel). (Attachments: # 1 Proposed Order # 2 COS # 3 Notice) (ENGEL, NICHOLAS) (Entered: 03/27/2025) |
| 03/27/2025 | 27<br>(2 pgs) | Notice of (related document(s): 26 Motion to Confirm Termination or Absence of Stay ) Filed by Mark L. Bunce. Hearing scheduled 4/24/2025 at 11:00 AM at Courtroom #2. (ENGEL, NICHOLAS) (Entered: 03/27/2025) |
| 03/28/2025 | 28<br>(1 pg) | Order Granting Motion To Appear pro hac vice of Paul M. Alexander to the bar of this Court to represent Mark L. Bunce for the purposes of this case only. (Related Doc # 24) (AS) (Entered: 03/28/2025) |
| 03/28/2025 | 29<br>(1 pg) | Order Granting Motion To Appear pro hac vice of Michael P. Kohler to the bar of this Court to represent Mark L. Bunce for the purposes of this case only. (Related Doc # 25) (AS) (Entered: 03/28/2025) |
| 03/30/2025 | 30<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 28)). No. of Notices: 1. Notice Date 03/30/2025. (Admin.) (Entered: 03/31/2025) |

| | | |
|---|---|---|
| 03/30/2025 | <u>31</u><br>(3 pgs) | BNC Certificate of Mailing **-** PDF Document. (related document(s) (Related Doc # <u>29</u>)). No. of Notices: 1. Notice Date 03/30/2025. (Admin.) (Entered: 03/31/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/03/2025 14:45:48 | | | |
| **PACER Login:** | pmalexander | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25-10356-djb Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT "4"

# EXHIBIT "4"

Debtor 1  **Mathu Rajan**

Case number *(if known)*

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Your Employer Identification Number (EIN), if any.** | | |
| | EIN | EIN |

| **5.** **Where you live** | | **If Debtor 2 lives at a different address:** |
|---|---|---|
| | **1105 William Penn Dr** **Bensalem, PA 19020** Number, Street, City, State & ZIP Code | Number, Street, City, State & ZIP Code |
| | **Bucks** County | County |
| | **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address. | **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address. |
| | Number, P.O. Box, Street, City, State & ZIP Code | Number, P.O. Box, Street, City, State & ZIP Code |

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

- ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

- ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

*Check one:*

- ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

- ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

# EXHIBIT "5"

# EXHIBIT "5"

**Fill in this information to identify your case and this filing:**

| Debtor 1 | **Mathu Rajan** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  EASTERN DISTRICT OF PENNSYLVANIA

Case number  **25-10356**

☐ Check if this is an
amended filing

## Official Form 106A/B
## Schedule A/B: Property                                                                12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ■ No. Go to Part 2.
   ☐ Yes. Where is the property?

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☐ No
   ■ Yes

| 3.1 | Make: **Toyota** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|
| | Model: **Rav4** | ■ Debtor 1 only | | |
| | Year: **2016** | ☐ Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **42000** | ☐ Debtor 1 and Debtor 2 only | | |
| | Other information: | ☐ At least one of the debtors and another | | |
| | **no loan** | ☐ Check if this is community property (see instructions) | **$15,000.00** | **$15,000.00** |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here................................................................=>

| | **$15,000.00** |
|---|---|

**Part 3:** Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

| Debtor 1 | **Mathu Rajan** | | Case number *(if known)* | **25-10356** |

---

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

| Household Goods and Furnishings | $1,000.00 |

---

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

| Electronics - iphone, laptop | $2,000.00 |

---

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

| Clothing (worn business suits, shoes, coat, shirts, etc) | $1,500.00 |

---

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes.  Describe.....

| Jewelry | $0.00 |

---

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes.  Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes.  Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ..........................................................................

| $4,500.00 |

| Debtor 1 | **Mathu Rajan** | Case number *(if known)* | **25-10356** |

**Part 4:** Describe Your Financial Assets

| Do you own or have any legal or equitable interest in any of the following? | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes...........................................................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.........................        Institution name:

| | 17.1. | **Bank of America (joint with mother)** | **$47,000.00** |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes..................        Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
☐ No
■ Yes. Give specific information about them...................

| Name of entity: | | % of ownership: | |
|---|---|---|---|
| **VSI 60,000,000 shares** | | % | **$198,000.00** |
| **VTI 1,000,000 shares** | | % | **Unknown** |
| **GFT 1,000,000 shares** | | % | **Unknown** |
| **Stream tv 1,018,200 shares** | | % | **Unknown** |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ No
☐ Yes. Give specific information about them
        Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☐ No
■ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| **401K** | **Insperity** | **$24,527.00** |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. ....................        Institution name or individual:

| Debtor 1 | **Mathu Rajan** | | Case number *(if known)* | **25-10356** |
|---|---|---|---|---|

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
- ◼ No
- ☐ Yes............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
- ◼ No
- ☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ◼ No
- ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ◼ No
- ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
- ◼ No
- ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
- ◼ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ◼ No
- ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
- ◼ No
- ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
- ☐ No
- ◼ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **Term policy only** | | **$0.00** |

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ◼ No
- ☐ Yes.  Give specific information..

Debtor 1    **Mathu Rajan**                                     Case number *(if known)*    25-10356

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ☑ No
    ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☑ No
    ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
    ☑ No
    ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**...................................................................................................................    **$269,527.00**

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ☐ No. Go to Part 6.
    ☑ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
    ☑ No
    ☐ Yes. Describe.....

39. **Office equipment, furnishings, and supplies**
    *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
    ☑ No
    ☐ Yes. Describe.....

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
    ☑ No
    ☐ Yes. Describe.....

41. **Inventory**
    ☑ No
    ☐ Yes. Describe.....

42. **Interests in partnerships or joint ventures**
    ☑ No
    ☐ Yes. Give specific information about them...................
    Name of entity:                                    % of ownership:

43. **Customer lists, mailing lists, or other compilations**
    ☑ No.
    ☐ **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?
        ☑ No
        ☐ Yes. Describe.....

Debtor 1    **Mathu Rajan**                                          Case number *(if known)*    25-10356

**44. Any business-related property you did not already list**
- ☐ No
- ☑ Yes. Give specific information.........

| | |
|---|---|
| loan to VSI, Inc. - $80,120 | $80,120.00 |
| loan to Stream TV (in Ch11) - $287,160 | $287,160.00 |

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here.................................................................................. | **$367,280.00** |

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ☑ No. Go to Part 7.
- ☐ Yes. Go to line 47.

**Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
- ☑ No
- ☐ Yes. Give specific information.........

**54.** Add the dollar value of all of your entries from Part 7. Write that number here .................................... | **$0.00** |

**Part 8:    List the Totals of Each Part of this Form**

| | | |
|---|---|---|
| **55.** Part 1: Total real estate, line 2 ......................................................... | | $0.00 |
| **56.** Part 2: Total vehicles, line 5 | $15,000.00 | |
| **57.** Part 3: Total personal and household items, line 15 | $4,500.00 | |
| **58.** Part 4: Total financial assets, line 36 | $269,527.00 | |
| **59.** Part 5: Total business-related property, line 45 | $367,280.00 | |
| **60.** Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| **61.** Part 7: Total other property not listed, line 54     + | $0.00 | |
| **62. Total personal property.** Add lines 56 through 61... | $656,307.00 | Copy personal property total     $656,307.00 |
| **63. Total of all property on Schedule A/B.** Add line 55 + line 62 | | $656,307.00 |

# EXHIBIT "6"

# EXHIBIT "6"

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

Stream TV Networks, Inc., *et al.*

Debtors.[1]

Chapter 11

Bky. No. 23-10763 (AMC)

# <u>ORDER</u>

    **AND NOW**, on December 9, 2024, the Court entered an order (the "Sale Order")[2] approving the sale of substantially all of the assets (the "Sale") of Stream TV Networks, Inc. and Technovative Media, LLC (together, the "Debtors") to SeeCubic, Inc. (the "Purchaser") pursuant to §363 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code").

    **AND**, the Sale Order provided, *inter alia*, that notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or otherwise, the terms and conditions of the Sale Order were effective immediately upon its entry, and authorized the Trustee and the Purchaser to close the Sale immediately (the "Waiting Period Waiver").[3]

    **AND**, the Sale Order also provided that the Purchaser was a good faith purchaser within the meaning of §363(m) of the Bankruptcy Code, entitled to the full protections thereof.[4]

    **AND**, on December 10, 2024, Visual Semiconductor, Inc. ("VSI") and Rembrandt 3D Holding Ltd. ("Rembrandt") filed a Joint Notice of Appeal of the Sale Order (the "Appeal").[5]

    **AND**, on December 23, 2024, VSI filed a motion seeking to stay the relief granted by the

---

[1] This case is being jointly administered with the case of *In re Technovative Media, Inc.* (Case No. 23-10764) (AMC).

[2] Bankr. Docket No. 876.

[3] Sale Order, at ¶37.

[4] Id., at ¶20.

[5] Bankr. Docket No. 877.  The notice filed on December 10, 2024 amended a notice VSI and Rembrandt filed on December 9, 2024, before the Court had even entered the Sale Order.  Bankr. Docket No. 873.

Sale Order pending resolution of the Appeal (the "Stay Motion").[6]

   **AND**, on December 30, 2024, VSI filed a notice of the Stay Motion (the "Stay Motion Notice"), which provided notice that objections to the Stay Motion were due on or before January 22, 2025, and a hearing on the motion was set for January 29, 2025 (the "Hearing").[7]

   **AND**, on January 6, 2025, the chapter 11 trustee of the Debtors' estates (the "Trustee") filed notice that the closing on the Sale to the Purchaser (the "Closing") occurred on January 3, 2025, pursuant to and in accordance with the Sale Order.[8]

   **AND**, on January 22, 2025, the Trustee filed a response to the Stay Motion (the "Trustee Objection").[9]

   **AND**, on January 29, 2025, the Court held a hearing on the Stay Motion (the "Stay Hearing").

   **AND**, upon consideration of the arguments and positions of the parties as set forth in their pleadings and at the Stay Hearing.

   **IT IS HEREBY ORDERED** that:

   1.     The Stay Motion is **DENIED**.

   2.     At the December 4, 2024 hearing to consider the Trustee's motion for approval of the Sale (the "Sale Hearing"), at which VSI was an active participant, counsel for the Purchaser advised the Court that the asset purchase agreement for the Sale contemplated an outside date for the Closing of December 10, 2024.[10]  The Court responded that it intended to enter an order prior to that

---

[6] Bankr. Docket No. 898.

[7] Bankr. Docket No. 906.

[8] Bankr. Docket No. 915.

[9] Bankr. Docket No. 934.

[10] Bankr. Docket No. 878 (the "Sale Hearing Transcript"), at 77:3 to 77:7.

date.[11]

3.      VSI was therefore on notice as of the Sale Hearing that the Trustee and SeeCubic

intended to close on the Sale soon after an order approving it was entered.  As noted above, the Sale

Order was entered on December 9, 2024.  VSI and Rembrandt appealed the Sale Order the

following day, but did not file the Stay Motion until 14 days after the Sale Order was entered,

notwithstanding the fact that the Waiting Period Waiver made it immediately effective and

authorized an immediate Closing.  Nor did VSI seek an expedited hearing on the Stay Motion,

instead noticing it for a late January 2025 hearing.

4.      The Stay Motion offers no explanation as to VSI's reasoning in not filing the Stay

Motion promptly after the Sale Order was entered and seeking expedited consideration thereof.

Since its filing, however, the Closing on the Sale has occurred, as authorized by the Sale Order.

Moreover, the Sale Order found that the Purchaser was a good faith purchaser entitled to the

protections afforded by §363(m) of the Bankruptcy Code.

5.      Having both delayed in filing the Stay Motion and then setting it for a hearing more

than a month and a half after the Sale Order became effective, VSI sat on its right to seek a stay

pending resolution of the Appeal before the Closing could occur.  That renders the Appeal moot,

and the Court denies the Stay Motion as moot as well.  *See e.g., Pittsburgh Food & Bev., Inc. v.*

*Ranallo,* 112 F.3d 645, 649-651 (3d Cir. 1997) (because the appellant did not obtain a stay of the

bankruptcy court's order approving a sale of assets, the district court was unable to grant effective

relief to the appellant without affecting the validity of the sale, and therefore the appeal to the

district court was moot and properly dismissed); *In re Hagood Reserve, LLC,* 2010 WL 5067444

(Bankr. W.D.N.C. 2010) (denying motion to stay a sale order pending appeal as moot where the

---

[11] Id., at 77:8 to 77:16.

appellant unilaterally set the hearing on the motion well beyond the date the sale order became

effective, without seeking an extension of Bankruptcy Rule 6004(h)'s 14-day stay and without

seeking expedited consideration of the motion, thereby allowing the sale transaction to close before

the stay motion would be heard and rendering the requested relief moot).

**Dated: January 29, 2025**

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

# EXHIBIT "7"

# EXHIBIT "7"

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:24-cv-00728-ART-EJY

Visual Technology Innovations, Inc. v. Burlington Resources Asia Limited et al

Assigned to: District Judge Anne R. Traum
Referred to: Magistrate Judge Elayna J. Youchah
Demand: $500,000
Cause: 28:1332 Diversity-Other Contract

Date Filed: 04/15/2024
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

### Plaintiff

**Visual Technology Innovations, Inc.**
*[13] notice bankruptcy*

represented by **Kevin J. Hejmanowski**
Anderson, McPharlin & Conners LLP
601 S. Seventh Street
Las Vegas, NV 89101
702-479-1010
Fax: 702-479-1025
Email: kjh@amclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leah A. Martin**
Leah Martin Law
601 South Rancho Drive, Suite C26
Las Vegas, NV 89102
702-420-2733
Fax: 702-330-3235
Email: information@leahmartinlv.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raja Rajan**
Rajan Law Group
2009 Chestnut Street
Pennsylvania, PA 19103
Email: raja@rajanlawgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Burlington Resources Asia Limited**

### Defendant

**Timothy McCarthy**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/16/2024 | 1 | COMPLAINT against All Defendants (Filing fee $405 receipt number ANVDC-7654100) by Visual Technology Innovations, Inc.. Certificate of Interested Parties due by 4/26/2024. Proof of service due by 7/15/2024. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons) (Martin, Leah)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 04/16/2024) |
| 04/16/2024 | | Case randomly assigned to District Judge Anne R. Traum and Magistrate Judge Elayna J. Youchah. (AMMi) (Entered: 04/17/2024) |
| 04/17/2024 | 2 | NOTICE TO COUNSEL PURSUANT TO LOCAL RULE IA 11-2. Counsel Raja Rajan to comply with completion and filing of the Verified Petition and Designation of Local Counsel. The form is available on the Court's website - www.nvd.uscourts.gov. Counsel is required to register for the court's electronic filing system at PACER www.pacer.gov to register Attorney. Verified Petition due by 5/1/2024. **(no image attached)** (WJ) (Entered: 04/17/2024) |
| 04/17/2024 | 3 | SUMMONS ISSUED as to Burlington Resources Asia Limited, Timothy McCarthy re 1 Complaint. (Attachments: # 1 Summons) (AMMi) (Entered: 04/17/2024) |
| 04/29/2024 | 4 | CLERK'S NOTICE. To date, a Certificate of Interested Parties has not been filed, pursuant to LR 7.1-1, by Visual Technology Innovations, Inc.. Certificate of Interested Parties due by 5/6/2024. **(no image attached)** (KMB) (Entered: 04/29/2024) |
| 04/29/2024 | 5 | REQUEST FOR WAIVER of Service by Plaintiff Visual Technology Innovations, Inc.. (Attachments: # 1 Summons Request to Waive Service of Summons)(Martin, Leah) (Entered: 04/29/2024) |
| 05/02/2024 | 6 | CERTIFICATE of Interested Parties by Visual Technology Innovations, Inc.. There are no known interested parties other than those participating in the case (Martin, Leah) (Entered: 05/02/2024) |
| 05/07/2024 | 7 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Raja Rajan and DESIGNATION of Local Counsel Leah A. Martin (Filing fee $ 250 receipt number ANVDC-7677541) by Plaintiff Visual Technology Innovations, Inc.. (Martin, Leah) (Entered: 05/07/2024) |
| 05/08/2024 | 8 | ORDER Granting 7 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Raja Rajan for Visual Technology Innovations, Inc. and approving Designation of Local Counsel Leah A. Martin. Signed by District Judge Anne R. Traum on 5/8/2024.<br>Any Attorney not yet registered with the Court's e-filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF - AMMi) (Entered: 05/08/2024) |
| 05/09/2024 | 9 | Mail Returned as Undeliverable re 2 Notice for Desig of Local Counsel & VP,, addressed to Raja Rajan. Envelope marked: Return to Sender; No new address. (JQC) (Entered: 05/10/2024) |
| 06/10/2024 | 10 | Mail Returned as Undeliverable re 8 Order on Verified Petition for Permission to Practice Pro Hac Vice, addressed to Raja Rajan. RTS, unable to forward. (AMMi) (Entered: 06/10/2024) |

| 09/24/2024 | 11 | CLERK'S NOTICE Regarding Local Rule IC 2-1. Attorney RAJA RAJAN is in violation of Local Rule IC 2-1(a) and 2-1(d). You are required to register to file documents electronically in the Court's electronic filing system (CM/ECF) and the electronic service of pleadings and other papers. Please visit the PACER website www.pacer.gov to complete the registration. **(no image attached)** (LE) (Entered: 09/24/2024) |
| 11/08/2024 | 12 | DECLARATION re 1 Complaint,, by Plaintiff Visual Technology Innovations, Inc.. (Martin, Leah) (Entered: 11/08/2024) |
| 01/21/2025 | 13 | NOTICE *Of Filing Bankruptcy* by Visual Technology Innovations, Inc.. (Martin, Leah) (Entered: 01/21/2025) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 04/03/2025 12:12:31 | | |
| **PACER Login:** | pmalexander | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:24-cv-00728-ART-EJY |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |