LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: <br><br> VISUAL TECHNOLOGY INNOVATIONS, INC., <br><br> Debtor. | Case No. 25-10024-abl <br> Chapter 11 <br><br> Date: May 14, 2025 <br> Time: 1:30 p.m. |

### DEBTOR'S OBJECTION TO PROOF OF CLAIM OF MARK L. BUNCE

Visual Technology Innovations, Inc., a Nevada corporation, as debtor and debtor in possession (the "Debtor"), submits its objection (the "Objection") to the proof of claim, Claim No. 3, filed in this case (the "Bunce Claim") by Mark L. Bunce ("Mr. Bunce"). Pursuant to LR 3007(a)(4), a copy of the first few pages of the Bunce Claim is attached as **Exhibit 1**. This Objection is made and based on the points and authorities herein, the papers and pleadings on file in this bankruptcy case, judicial notice of which are requested, and any arguments of counsel made at the hearing on the Claim Objection.

### I. Jurisdiction and Venue

1. On January 6, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor elected to be treated under Subchapter V of chapter 11 of the Bankruptcy Code [ECF No. 1, p. 2], and thus is authorized to continue operating its business and managing its financial affairs as a debtor in possession

pursuant to § 1184 of the Bankruptcy Code. Brian D. Shapiro has been appointed as the Subchapter V Trustee in the case. The Debtor has since filed a motion requesting that it be permitted to revoke its subchapter V election, and instead proceed under "standard" chapter 11 [ECF No. 53], which is supported by an amendment to its voluntary petition [ECF No. 55] removing the election.

2.   The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge regarding the matters at issue herein. Venue is proper pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## II. Statement of Facts

**A.   Overview of the Total Claims.**

3.   The Debtor originally elected to proceed under subchapter V of chapter 11 [ECF No. 1, p. 8]. The Debtor has no secured creditors, and asserted on its filed bankruptcy schedules [ECF No. 13, p. 3] that it had a total of $2,987,468.61 in general unsecured creditors as follows:

| Claimant | Amount |
| --- | --- |
| Armstrong Teasdale, LLP | $1,875,448.61 (disputed) |
| Gainey McKenna & Egleston | $5,015.00 |
| Mark Bunce | $1,050,000.00 (disputed and unliquidated) |
| Timothy McCarthy | $27,416 (disputed) |
| TopRock Funding | $29,589 (disputed) |
| **Total** | **$2,987,468.61** |

4.   Since then, the following proofs of claim have been filed in the Debtor's Chapter 11 Case:

| Claimant | POC No. | Amount |
| --- | --- | --- |
| Dep't of Treasury | 1 | $500.00 |
| Armstrong Teasdale LLP | 2 | $1,875,448.61 |
| Mark Bunce | 3 | $6,854,271.60 |
| Gainey McKenna & Egleston | 4 | $6,300.00 |
| **Total** | | **$8,736,520.21** |

5.   The substantial difference in total claims is obviously due to the Bunce Claim.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Mr. Bunce filed his proof of claim on March 17, 2025, which was the very last day to do so [ECF No. 3, p. 2]; LR 3003(b). The Bunce Claim can be broken down as follows:

| Description | Amount |
|---|---|
| Principal | $1,050,000.00 |
| Accrued Interest as of Complaint Filing | $278,724.66 |
| Attorney's Fees and Costs to 12/31/24 | $384,843.24 |
| Estimated Punitive Damages | $5,140,703.70 |
| **Total** | **$6,854,271.60** |

Mr. Bunce's assertion of punitive damages of roughly $5.1 million is three (3) times his compensatory request for principal, pre-judgment interest, and attorney's fees and costs.

B.   **Mr. Bunce's Pre-Petition Litigation.**

6. The Bunce Claim arises from a breach of contract for monies loaned pursuant to a convertible note agreements, and was the subject of a litigation against the Debtor pre-petition. Specifically, on May 5, 2023, Mr. Bunce filed a *Complaint* (the "Complaint") against both the Debtor and Mathu G. Rajan ("Mr. Rajan") in the U.S. District Court for the Eastern District of Pennsylvania (the "District Court"), Case No. 2:23-cv-01740-KNS (the "Litigation").[1] [ECF No. 53, Ex. 1]. Mr. Bunce's Complaint asserted a fairly straightforward breach of contract claim against the Debtor for failure to pay the Convertible Notes when due. Id. ¶¶ 58-66. Separately, and as against only Mr. Rajan personally, and not the Debtor, Mr. Bunce also asserted claims for fraudulent inducement and unjust enrichment against. Id. ¶¶ 67-74. Further, Mr. Bunce's Prayer for Relief in his Complaint only sought breach of contract or recission with the Debtor, whereas as against Mr. Rajan, Mr. Bunce requested both compensatory and punitive damages. Id. ¶¶ 77-79. Mr. Bunce's Complaint also requested an award of his fees and costs, as well as pre-judgment and post-judgment interest against the Debtor and Mr. Rajan. Id. ¶¶ 80 and 81.

7. On October 10, 2023, Mr. Bunce filed his *Report of Rule 26(f) Meeting* (the "Report") in the Litigation. Id. at Ex. 2. In this Report, the parties agreed to a deadline to amend

---

[1] The Debtor previously filed the relevant documents from the Litigation with the Court as part of its motion to revoke its subchapter V election [ECF No. 53], and thus to avoid duplication, will not refile them with this Objection. Judicial notice of these exhibits, which are public filings from the Litigation, are requested.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1 pleadings of 30 days after the Court's ruling on a pending motion to dismiss. Id. p. 4, § II(E).

2   8.   On November 3, 2023, the District Court entered a *Scheduling Order*, which, based on the parties' Report, provided that all fact discovery originally was to be completed by February 23, 2024, and all motions for summary judgment, or any other dispositive motion, were to be filed by March 29, 2024. Id. at Ex. 3.

   9.   On March 6, 2024, the District Court entered its Order denying the defendants' pending motion to dismiss. Id. at Ex. 4. Accordingly, the deadline to amend pleadings and/or add claims was thirty (30) days thereafter, and thus by April 5, 2024. Mr. Bunce did not seek leave of court to amend his Complaint to add any fraud-based claim or punitive damages prayer for relief against the Debtor by the foregoing deadline.[2]

   10.   Thereafter, the District Court entered various subsequent orders extending the discovery cutoff and dispositive motion deadline, but did not otherwise extend the deadline to amend the Complaint to add additional claims.

   11.   On October 17, 2024, Mr. Bunce filed his *Motion for Partial Summary Judgment* (the "MSJ"). Id. at Ex. 5. The MSJ requested summary judgment against both the Debtor and Mr. Rajan, and as to the Debtor for breach of contract specifically. Id. ¶ 1. Additionally, the MSJ requested an award of "against Defendants and their counsel jointly and severally under the Court's inherent authority on the ground that they have conducted themselves in bad faith." Id. ¶ 2. In spite of this passing request, Mr. Bunce did not brief this issue in his MSJ or his reply thereto. Id. at Exs. 5 and 6.

   12.   The Debtor filed for bankruptcy on January 6, 2025, and filed a suggestion of bankruptcy with the District Court in the Litigation that same day, which was the day prior to the date the District Court was set to hear oral argument on Mr. Bunce's MSJ on January 7, 2025.

---

[2] Moreover, a request to amend a complaint after a deadline in a scheduling order is governed first by Rule 16(b), thus requiring a showing of "good cause," and not merely the permissible leave freely to amend standard under Rule 15(a). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992); DLJ Mortgage Capital, Inc. v. Sheridan, 975 F.3d 358 (3d Cir. 2020). Given the many extensions already provided in the Litigation, such relief is highly doubtful to say the least.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

13. The District Court did not proceed against the Debtor on an inherent authority ground as requested by Mr. Bunce in his MSJ, in spite of extensive citations to its ability to entertain collateral matters, and instead on January 30, 2025, entered an order staying proceedings against the Debtor until the automatic stay is lifted or until further order of the Court. Id. at Ex. 7. Mr. Bunce has not sought stay relief from this Court since, and instead opted to file the Bunce Claim, thus submitting to this Court's jurisdiction to adjudicate his claim.

C. **Proceedings in the Chapter 11 Case.**

14. The Debtor has repeatedly offered to pay Mr. Bunce in full as part of an agreement to resolve this case, however, Mr. Bunce has refused. Accordingly, the Debtor began preparing its proposed plan of reorganization assuming it was proceeding under subchapter V, and thus using the required Official Form 425A and pursuant to the Court's standard subchapter V procedural order [ECF No. 7].

15. When Mr. Bunce filed the Bunce Claim, which was on the last day for claims, however, the Debtor was surprised at the amounts claimed therein, including but not necessarily limited to Mr. Bunce's claims for: (a) attorney's fees and costs, because there does not appear to be a clear provision in the applicable agreements providing for such a recovery, and thus the "American Rule" applies such that each side bears its own attorney's fees and costs; and (b) punitive damages, because no fraud claim was ever pled in the Litigation against the Debtor, such a claim is time-barred therein, and because such damages are also unavailable as a matter of law in breach of contract claims in any event.

16. The Bunce Claim gave rise to the Debtor filing its motion to revoke its subchapter V election and instead proceed under "standard" chapter 11 [ECF No. 53], given that the Debtor was apparently over the debt cap in effect as of the Petition Date, and also gave rise to this Objection to his claim. The Debtor's request to revoke its subchapter V election is set for hearing at the same time as the hearing on this Claim Objection. The proper allowed amount of claims is of importance in this case given the Debtor's intention to file a plan of reorganization shortly proposing to pay all creditors with allowed claims in full with interest over time.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

### III. Legal Argument

A. **Standard of Decision.**

Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that once a claim objection is lodged, the Court, after notice and a hearing, shall determine the amount of the claim and "shall allow such claim in such amount" unless the claim falls under one of the nine (9) statutory grounds for disallowance listed in section 502(b)(1)-(9).

Under § 502(b)(1), a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because: such claim is contingent or unmatured." The "applicable law" referenced in § 502(b)(1) includes bankruptcy law as well as other federal and state laws. Durkin v. Benedor (In re G.I. Indus., Inc.), 204 F.3d 1276, 1281 (9th Cir. 2000). Section 502(b)(l) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450 (2007).

A proof of claim signed and filed in compliance with the Rules is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The party objecting to the claim must produce evidence and show facts tending to defeat the sworn statements in the proof of claim "by probative force equal to that of the allegations of the proofs of claim themselves." Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991) (quotation omitted). Put differently, when Rule 3001(f) applies, it creates a presumption as to the validity and amount of the claim. Boruff v. Cook Inlet Energy LLC (In re Cook Inlet Energy LLC), 583 B.R. 494, 501 (B.A.P. 9th Cir. 2018) (citing Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000)). To overcome this presumption and move forward with the claim objection proceeding, the objecting party needs to produce evidence sufficient to defeat the prima facie validity of the claim. Lundell, 223 F.3d at 1040. "In practice, the objector must produce evidence

which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." Id. (quotation omitted). "The ultimate burden of persuasion remains at all times upon the claimant" to prove its claim by a preponderance of the evidence. Lundell, 223 F.3d at 1039 (citing Holm, 931 F.2d at 623).

**B.     Application.**

    **1.     Mr. Bunce's Claim for a Recovery of His Attorney's Fees and Costs.**

Mr. Bunce's breach of contract claim against the Debtor in the Litigation is premised on the Debtor's alleged breach of the Convertible Notes and the related Convertible Note Agreement, as amended. The relevant contracts and amendments thereto are attached to the Bunce Claim. All of the applicable contracts provide that Nevada law applies to them. Specifically, Paragraphs 10 of the Convertible Notes, and Paragraph 7(b) of the Convertible Note Agreement, all provide that Nevada law governs them and that they should be construed in accordance therewith. The Amendments did not change the foregoing. Notably also, none of these agreements include a "prevailing party" attorney's fees provision.

Nevada follows the "American Rule" that attorney fees may only be awarded when authorized by statute, rule, or agreement. Pardee Homes of Nev. v. Wolfram, 444 P.3d 423, 426 (Nev. 2019) (citing Thomas v. City of N. Las Vegas, 127 P.3d 1057, 1063 (Nev. 2006)). The Bunce Claim does not cite to any specific basis for the allowance of his attorney's fees and costs, and there is none available under the parties' agreements or Nevada law.

There are only three (3) narrow exceptions to where a party may be entitled to attorney's fees as special damages for a two-party breach of contract action: (1) "cases when a plaintiff becomes involved in a third-party legal dispute as a result of a breach of contract or tortious conduct by the defendant"; (2) "cases in which a party incurred the fees in recovering real or personal property acquired through the wrongful conduct of the defendant or in clarifying or removing a cloud upon the title to property"; and (3) injunctive or declaratory relief actions compelled "by the opposing party's bad faith conduct." Id. at 177 n.3 (citations omitted). None of these narrow exceptions apply in the case at hand.

*First*, the Litigation did not involve a third-party legal dispute, but rather a dispute between the Debtor, as main contracting party/obligor, and Mr. Bunce, as is clearly set forth in the Convertible Notes themselves, and the Convertible Note Agreement. The example provided in the caselaw is when a project owner (in the reported case, the Clark County School District), which had breached its contract with a contractor, thus causing contractor to breach its contract with subcontractor, challenged an arbitrator's order holding the school district liable for attorney fees awarded to the subcontractor for contractor's breach. Clark County School Dist. v. Rolling Plains Constr., Inc., 16 P.3d 1079 (Nev. 2001), disapproved of on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n, 35 P.3d 964, 969 n.7 (Nev. 2001). Such a third-party legal dispute does not exist in the case at hand, as the Debtor and Mr. Bunce were in direct contractual privity. Moreover, the fact that Mr. Bunce asserted separate fraud claims against Mr. Rajan personally does not change this result.

*Second*, Mr. Bunce never pled any tortious conduct against the Debtor, nor was any slander of title to real property ever at issue in the Litigation; rather, the claim pled in the Litigation as against the Debtor simply involved an alleged breach of contract for failure to pay the Convertible Notes and the Convertible Note Agreement, as amended. Mr. Bunce never pled any separate fraud or other tort-based claim against the Debtor. Accordingly, the second narrow exception does not apply.

*Third*, Mr. Bunce never pled any claim for injunctive or declaratory relief against the Debtor in the Litigation; rather, it only ever pled a claim for breach of contract for the Debtor's alleged failure to pay a sum due under the Convertible Notes and Convertible Note Agreement, as amended. Accordingly, the third narrow exception also does not apply.

In short, Mr. Bunce's breach of contract claim in the Litigation against the Debtor does not fit within any of the special, narrow exceptions where courts applying Nevada law have allowed a recovery of attorney's fees and costs in two-party contract disputes as special damages. As a result, and in the absence of a prevailing party attorney's fees provision in the applicable agreements on which the breach of contract is based, Mr. Bunce cannot recover for

his attorney's fees and costs as against the Debtor as a matter of law. Accordingly, the Court should disallow the Bunce Claim to the extent it seeks his attorney's fees and costs against the Debtor because such a claim is not recoverable as a matter of applicable State law.

**B.   Mr. Bunce's Claim for a Recovery of Punitive Damages.**

Mr. Bunce has only pled a breach of contract claim against the Debtor for a simple failure to pay an obligation when due. Mr. Bunce did not assert a fraud claim against the Debtor, but rather only Mr. Rajan personally, and the deadline to amend claims has long since expired in the Litigation. Likewise, Mr. Bunce did not plead in his Complaint that the Debtor was guilty of oppression or malice as well.

In Nevada, punitive damages are not available for causes of action "sounding solely in contract." Hwang v. Redwood Dire & Casualty Ins. Co., 714 F. Supp. 1280, 1291 (D. Nev. 2024) (quoting Ins. Co. of the W. v. Gibson Tile Co., 134 P.3d 698, 703 (Nev. 2006)). Accordingly, the Court should disallow the Bunce Claim to the extent it seeks punitive damages against the Debtor because such a claim is not recoverable as a matter of applicable State law.

### IV. Reservation of Rights

The Debtor reserves any and all rights and remedies with respect to the remainder of the Bunce Claim not already addressed by this Objection, including without limitation, the potential subordination of the claim pursuant to § 510 of the Bankruptcy Code, among other matters.

### V. Conclusion

WHEREFORE, the Debtor requests that the Court enter an order disallowing the Bunce Claim in part as set forth herein. The Debtor also requests such other relief as is just and proper.

Dated: April 15, 2025.

By:   /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT 1

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1  VISUAL TECHNOLOGY INNOVATIONS, INC. | **FILED**<br>U.S. Bankruptcy Court<br>District of Nevada<br>3/17/2025<br>Mary A. Schott, Clerk |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court    **District of Nevada** | |
| Case number:  **25−10024** | |

## Official Form 410
## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

MARK L. BUNCE

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

MARK L. BUNCE
Name

C/O MILLER & MARTIN, PLLC
REGIONS PLAZA, STE. 2100
1180 WEST PEACHTREE ST., NW
ATLANTA, GA 30309−3407

Contact phone  4049626403
Contact email  michael.kohler@millermartin.com

Uniform claim identifier (if you use one):

Where should payments to the creditor be sent? (if different)

c/o Miller & Martin PLLC−Attn: Michael P. Kohler
Name

1180 West Peachtree Street, NW
Suite 2100

Atlanta, GA 30309

Contact phone  4049626403
Contact email  michael.kohler@millermartin.com

**4. Does this claim amend one already filed?**

☐ No
☒ Yes. Claim number on court claims registry (if known)  3    Filed on  03/17/2025
                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?

Official Form 410        Proof of Claim        page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. **How much is the claim?** | $ 6854271.60  **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money loan plus fees, costs & damages for fraud. See Statement of Acct/Exhs attached thereto & incorporate herein |
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

Official Form 410  Proof of Claim  page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(333) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3/17/2025
MM / DD / YYYY

/s/ Mark L. Bunce
Signature

Print the name of the person who is completing and signing this claim:

Name: Mark L. Bunce
First name  Middle name  Last name

Title:

Company: c/o Miller & Martin PLLC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 1180 West Peachtree Street, NW, Suite 21
Number  Street
Atlanta, GA 30309
City  State  ZIP Code

Contact phone: 4049626403  Email:

Official Form 410  Proof of Claim  page 3

## STATEMENT OF ACCOUNT FOR PROOF OF CLAIM

**DEBTOR:** Visual Technology Innovations, Inc. ("Debtor")

**CASE:** 25-10024-abl                                   **CHAPTER:** 11

**CLAIMANT:** Mark L. Bunce, a/k/a Mark Leonard Bunce

---

### SUMMARY OF DOCUMENTS

1. Convertible Note #VN21017-00 dated February 25, 2021, executed by Visual Technology Innovations, Inc., and Mark Leonard Bunce, together with Investment Warrant with an original issue date of February 25, 2021, and having Warrant Agreement # VW21023, and Investment Warrant with an original issue date of February 25, 2021, and having Warrant Agreement # VW21024 (Composite **Exhibit "1"**);

2. Convertible Note #VN21019-00 dated March 8, 2021, executed by Visual Technology Innovations, Inc. and Mark Leonard Bunce, together with Investment Warrant with an original issue date of March 8, 2021, and having Warrant Agreement # VW21025, and Investment Warrant with an original issue date of March 8, 2021, and having Warrant Agreement # VW21026 (Composite **Exhibit "2"**);

3. Amendment to Note dated as of April 5, 2021, between Mark Leonard Bunce and Visual Technology Innovations, Inc., together with Investment Warrant with an original issue date of April 5, 2021, and having Warrant Agreement # VW21029 (Composite **Exhibit "3"**);

4. Convertible Note Agreement dated as of May 4, 2021, between Visual Technology Innovations, Inc. and Mark Leonard Bunce, together with attached exhibits including Convertible Note # VN 21021-00 dated May 4, 2021 (Composite **Exhibit "4"**);

5. Amendment to Note dated as of November 23, 2021, between Visual Technology Innovations, Inc., and Mark Leonard Bunce, together with Investment Warrant with an original issue date of November 23, 2021, and having Warrant Agreement # VW21035 (Composite **Exhibit "5"**); and

6. Prejudgment Interest for the period December 29, 2021 through January 6, 2025 (**Exhibit "6"**).

### SUMMARY OF CLAIM AMOUNT

| | |
|---|---:|
| Unpaid Principal: | $1,050,000 |
| Accrued Interest as of the date of filing: | $278,724.66 |
| Attorneys' Fees and Costs through December 31, 2024: | $384,843.24 |
| *Estimated Punitive Damages: | $5,140,703.70 [1] |
| **TOTAL CLAIM** | $6,854,271.60 [2] |

---

[1] *Claimant asserts that he is entitled to punitive damages due to the conduct of the Debtor. The punitive damages have been estimated at three (3) times compensatory damages. Claimant reserves all rights to amend or modify this calculation.

[2] **The amount of the claim is subject to change in accordance with the terms of the applicable documents and applicable law. Claimant reserves all rights to amend and/or supplement this Proof of Claim. By filing this Proof of Claim, Claimant does not waive any claims, rights, remedies, and/or defenses it may have, any and all such claims, rights, remedies, and defenses being hereby reserved and preserved. Further, Claimant does not consent to entry of a final judgment by this court in connection with this claim to the extent it is later determined that this court, absent consent of the Claimant, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.