**BRIAN D. SHAPIRO, TRUSTEE**
510 S. 8th Street
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
trustee@trusteeshapiro.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-25-10024-abl |
| | Chapter 11 |
| VISUAL TECHNOLOGY INNOVATIONS, INC., | |
|                 Debtor. | DATE: May 21, 2025 |
| | TIME: 1:30 P.M. |
| _____ | |

## TRUSTEE'S RESPONSE TO MOTION TO TRANSFER VENUE; OR, IN THE ALTERNATIVE, TO DISMISS

Brian D. Shapiro, Trustee hereby files his response to MOTION TO TRANSFER VENUE; OR, IN THE ALTERNATIVE, TO DISMISS (the "Motion"). This response is based upon the attached points and authorities, all declarations in support, the pleadings on file and any oral argument that this Court may permit.

Dated: April 25, 2025

                                                                                       /s/ *Brian D. Shapiro*_____
                                                                                      Brian D. Shapiro, Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Preliminary Statement

Mark L. Bunce, a/k/a Mark Leonard Bunce ("Mr. Bunce" and or "Movant") filed this Motion. The Trustee opposes the request for a change of venue and opposes the motion to dismiss. Change of venue is not proper in this case and to the extent cause exists to dismiss, conversion is the better outcome than dismissal.

### II.    Facts

1. On January 6, 2025, the Debtor commenced this Chapter 11 case within the State in which it is organized and chose to proceed under Subchapter V of Chapter 11.  See, ECF No. 1.

2. Movant states that the Debtor filed the case "approximately 24 hours before a hearing scheduled on Movant's Motion for summary judgment in a case pending against the Debtor." See Motion p. 3, l. 11-16.

3. On January 8, 2025, Brian D. Shapiro was appointed as the Sub Chapter V Trustee. See, ECF No. 8.

4. On January 17, 2025, the Debtor filed its bankruptcy schedules ("Schedules"), which were signed under penalty of perjury by Mathu G. Rajan ("Mr. Rajan") as the President and Chief Executive Officer.  See, ECF No. 13.

5. Movant states that it intends to supplement the record with the transcript of testimony from the meeting of creditors which took place on February 6, 2025 and was continued to February 24, March 19 and March 24, 2025. <u>See</u>, Motion, p. 6, fn. 1 (the trustee expects such transcript to reflect the participation of Mr. Bunce in such meetings).[1]

6. On March 17, 2025, Mr. Bunce filed his proof of claim. <u>See</u>, Claim 3-1.

7. On March 21, 2025, two verified petitions for permission to practice were filed by Mr. Bunce. <u>See</u>, ECF 36-37.

8. On April 3, 2025, Mr. Bunce filed his Motion. <u>See</u>, ECF No. 53.

9. The Debor filed an objection to Mr. Bunce's claim which is set to be heard on May 14, 2025, which is 7 days prior to the hearing on Mr. Bunce's Motion. <u>See generally</u>, Court docket.

III. **Mr. Bunce's Motion for Change of Venue Should be Denied.**

Mr. Bunce failed to argue nor mention that a request to change venue must be timely made. Rather, he only argues that it should be changed because it is in the best interests of justice or for the convenience of the parties. <u>See</u>, Motion, p 8, l. 7-9. The Motion fails to address the timeliness requirement set forth in the applicable rule and offers no argument that the Motion was filed in a timely manner—because it was not. Since the Movant bears both the burden of proof and the burden of persuasion on this issue—and has failed to address it—the Trustee

---

[1] This Response is being filed 22 days after the filing of the Motion. Despite the passing of 3 weeks, no supplement with the transcripts have been filed.

respectfully submits that this factor cannot be satisfied, even if Mr. Bunce attempts to cure the deficiency in its reply.

Bankruptcy Rule 1014(a) governs the transferring of a case to another district. Such rule provides in part:

(1) Cases Filed in Proper District . If a petition is filed in the proper district, the court, on the **timely** motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties. (emphasis added).

"What constitutes timely filing of such a motion is not governed by a statutory or rule definition; whether a motion to change venue has been timely filed depends on the facts and circumstances presented in the particular case." *Blagg v. Miller (In re Blagg)*, 223 B.R. 795, 802 (10th Cir.BAP1998)

Here, Mr. Bunce was fully aware of the bankruptcy filing, as evidenced by the fact that it stayed his pending motion for summary judgment. Rather than promptly seeking a change of venue, the Movant chose to delay, effectively sitting on his rights. During this delay, the Debtor filed its schedules, and both the Debtor and the Trustee—along with the United States Trustee—prepared for and attended the Initial Debtor Interview as well as the meeting of creditors.

Now, nearly three months after Mr. Bunce became aware of the bankruptcy filing, he filed a motion to change venue. While he arguably had grounds to file such a motion immediately upon the commencement of the case, his failure to act in a timely manner has resulted in the expenditure of substantial resources. A venue change at this stage would unduly prejudice the Trustee, who

has already incurred administrative expenses. Accordingly, the Trustee respectfully requests that the Court deny the motion based on its untimeliness and the resulting prejudice.

Alternatively, Mr. Bunce has failed to meet his burden of demonstrating that a transfer of venue is warranted under either the "interest of justice" or the "convenience of the parties" standard. Notably, he has not submitted any declaration in support of his request.

The Debtor, a Nevada corporation, filed its bankruptcy case in the appropriate district, and venue is proper under applicable law. There is no evidence—let alone compelling evidence—suggesting that a transfer would serve the convenience of witnesses or that any witnesses are unwilling to appear in this jurisdiction. Instead, Mr. Bunce relies primarily on the fact that the Debtor's principal resides in Pennsylvania, that the estate's primary asset consists of shares in a company currently in bankruptcy in Pennsylvania, and that a warrant agreement executed by Mr. Bunce includes a forum selection clause designating the federal courts in the Eastern District of Pennsylvania as the exclusive jurisdiction to dispute his claim. <u>See,</u> Motion at p. 9, lines 22–24.

Furthermore, the Debtor filed this case in the proper venue, and Mr. Bunce—by filing a proof of claim—has voluntarily submitted himself to the jurisdiction of this Court. The Debtor has also filed an objection to Mr. Bunce's claim, placing it squarely before this Court for adjudication. Having invoked the authority of this Court to assert his rights as a creditor, Mr. Bunce cannot now argue that exclusive jurisdiction lies in the Eastern District of Pennsylvania.

Even assuming the forum selection clause in his warrant agreement is enforceable, it does not override his voluntary participation in this bankruptcy case, nor does it require a transfer of venue under the standards governing bankruptcy proceedings. His attempt to sidestep an adjudication to his claim by seeking a change of venue is procedurally improper and legally unsupported.

Accordingly, his Motion to transfer venue should be denied.

**IV.     If Cause is Found, then the Truste recommends that the Case be Converted to a Chapter 7**

Like Mr. Bunce, the Trustee has expressed concerns regarding the feasibility of reorganization and whether the Debtor truly has the ability to propose and confirm a viable plan. Mr. Bunce contends that the case was filed in bad faith. However, at this stage, the Debtor—through counsel—has represented that it intends to fund a plan with the assistance of outside investors. The deadline for filing a plan has not yet expired, and the Debtor is still within the time allowed to demonstrate its ability to reorganize.

Moreover, the Trustee is not aware of any discovery conducted by Mr. Bunce that would either confirm or disprove the existence of such funding. As a result, there is currently no evidence establishing whether the Debtor can or cannot reorganize.

What is clear, however, is that the Debtor's primary asset appears to be shares of stock—an asset that is property of the bankruptcy estate and may hold value for the benefit of all creditors. With no secured creditors in the case, dismissal would likely result in Mr. Bunce attempting to seize that asset for his own benefit, to the exclusion and detriment of other creditors, including the Trustee.

Accordingly, should the Court determine that cause exists under the Code, the Trustee respectfully requests that the case be converted to Chapter 7, rather than dismissed, so that the asset can be properly administered for the benefit of the estate and all creditors.

### V.     Conclusion

For the reasons stated herein, the Trustee requests this Court to deny the motion for change of venue and if cause is found, then convert this case to a Chapter 7.

Dated: April 25, 2025

/s/ Brian D. Shapiro
Brian D. Shapiro, Trustee

**CERTIFICATE OF SERVICE**

On the date this pleading was filed with the Court, it was served upon all registered users in this case by the Court's CM/ECF Noticing System

Dated: April 25, 2025

                                        */s/ Brian D. Shapiro*
                                        Brian D. Shapiro, Trustee