LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VISUAL TECHNOLOGY INNOVATIONS, INC.,<br><br>Debtor. | Case No. 25-10024-abl<br>Chapter 11<br><br>Date: May 14, 2025<br>Time: 1:30 p.m. |

**DEBTOR'S OMNIBUS REPLY TO RESPONSES TO MOTION TO:
(I) REVOKE ELECTION TO PROCEED UNDER SUBCHAPTER V AND
INSTEAD PROCEED UNDER STANDARD CHAPTER 11; (II) AMEND
VOLUNTARY PETITION TO REMOVE SUBCHAPTER V ELECTION AND
INSTEAD PROCEED UNDER STANDARD CHAPTER 11; AND/OR
(III) CONVERT SUBCHAPTER V CASE TO STANDARD CHAPTER 11 CASE**

Visual Technology Innovations, Inc., a Nevada corporation, as debtor in possession (the "Debtor"), submits its omnibus reply to the responses filed by unsecured creditor Mark L. Bunce ("Mr. Bunce") [ECF No. 71], and Brian D. Shapiro, in his capacity as Subchapter V Trustee (the "Subchapter V Trustee") to its *Motion to: (I) Revoke Election to Proceed Under Subchapter V and Instead Proceed Under Standard Chapter 11, et al.* (the "Motion") [ECF No. 53].

*First*, regarding the Subchapter V Trustee's response to the Motion, the Debtor agrees to place $6,500 in its counsel's trust account earmarked solely to pay potential Subchapter V Trustee's fees as may be allowed by the Court pursuant to the normal fee application process, and as a condition precedent to the Court granting the relief requested in the Motion. The Debtor only wishes the Subchapter V Trustee would have reached out in advance to express this concern

prior to filing his response, as the Debtor would have willingly obliged via stipulation, thus avoiding any need for the Subchapter V Trustee to filing any response.

*Second*, regarding Mr. Bunce's response to the Motion, he essentially just repeats the same bad faith filing, dismissal, and related arguments from his *Motion to Transfer Venue; or in the Alternative, to Dismiss* [ECF No. 48], which arguments the Debtor has already responded to with a separate opposition and declaration [ECF Nos. 74 and 75]. Accordingly, and to avoid duplication, the Debtor just incorporates by reference its same arguments as set forth therein.

Finally, Mr. Bunce's response arguments ignore the fact that the reason for the Motion was due to the amount asserted by him in his own proof of claim, and thus as a result of that, by way of the Motion the Debtor is just trying to proceed responsibly and under the correct chapter given this changing landscape. Further, the Debtor filed its Motion proactively and timely, and in an effort to proceed with its case, including in particular, proceed with confirmation of its plan of reorganization using the correct required forms and applying the correct legal standards, which it obviously needs clarity and certainty on prior to proceeding.

Dated: May 7, 2025.

By: /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

2