LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 25-10024-abl |
| | Chapter 11 |
| VISUAL TECHNOLOGY INNOVATIONS, INC., | |
| | <u>Confirmation Hearing:</u> |
| Debtor. | Date:  To be set |
| | Time:  To be set |

**[PROPOSED] DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**TABLE OF CONTENTS**

Page

1. DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME ...........1
   1.1 Definitions.................................................................................................................1
      1.1.1 Administrative Claim..................................................................................1
      1.1.2 Administrative Claim Bar Date. ................................................................1
      1.1.3 Allowed.......................................................................................................1
      1.1.4 Assets..........................................................................................................2
      1.1.5 Avoidance Actions......................................................................................2
      1.1.6 Bankruptcy Code. .....................................................................................2
      1.1.7 Bankruptcy Court.......................................................................................2
      1.1.8 Bankruptcy Rules.......................................................................................2
      1.1.9 Bar Date. ....................................................................................................2
      1.1.10 Business Day.............................................................................................2
      1.1.11 Cash..........................................................................................................2
      1.1.12 Causes of Action.......................................................................................3
      1.1.13 Chapter 11 Case. ......................................................................................3
      1.1.14 Claim.........................................................................................................3
      1.1.15 Claim Objection Deadline. .......................................................................3
      1.1.16 Claims Register. .......................................................................................3
      1.1.17 Class..........................................................................................................3
      1.1.18 Confirmation. ............................................................................................3
      1.1.19 Confirmation Date. ...................................................................................3
      1.1.20 Confirmation Hearing. ..............................................................................3
      1.1.21 Confirmation Order. ..................................................................................3
      1.1.22 Creditor. ....................................................................................................3
      1.1.23 Cure...........................................................................................................4
      1.1.24 Debtor........................................................................................................4
      1.1.25 Disallowed Claim......................................................................................4
      1.1.26 Disclosure Statement. ...............................................................................4
      1.1.27 Disputed. ...................................................................................................4
      1.1.28 Distribution. ..............................................................................................4
      1.1.29 Distribution Record Date. .........................................................................4
      1.1.30 Effective Date. ..........................................................................................4
      1.1.31 Equity Interest. .........................................................................................4
      1.1.32 Estate.........................................................................................................5
      1.1.33 Executory Contract....................................................................................5
      1.1.34 Federal Judgment Rate. .............................................................................5
      1.1.35 File. ............................................................................................................5
      1.1.36 Final Decree. .............................................................................................5
      1.1.37 Final Order. ...............................................................................................5
      1.1.38 General Unsecured Claim. .........................................................................5
      1.1.39 Holder. .......................................................................................................5
      1.1.40 Impaired. ...................................................................................................5
      1.1.41 Insider. ......................................................................................................5

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

i

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1.1.42 Lien. .................................................................................6
1.1.43 Litigation Claims. ..............................................................6
1.1.44 Person. ...............................................................................6
1.1.45 Petition Date. .....................................................................6
1.1.46 Plan. ...................................................................................6
1.1.47 Priority Non-Tax Claim. ...................................................6
1.1.48 Priority Tax Claims. ..........................................................6
1.1.49 Professional. ......................................................................6
1.1.50 Professional Fees. .............................................................6
1.1.51 Professional Fee Claim. ....................................................6
1.1.52 Proof of Claim. ..................................................................6
1.1.53 Pro Rata. ............................................................................6
1.1.54 Punitive Damages Claims. ................................................7
1.1.55 Record Date. ......................................................................7
1.1.56 Reorganized Debtor. .........................................................7
1.1.57 Representatives. .................................................................7
1.1.58 Schedules. ..........................................................................7
1.1.59 Secured. .............................................................................7
1.1.60 Unexpired Lease. ...............................................................7
1.1.61 Unimpaired. .......................................................................7
1.1.62 Unsecured Claim ...............................................................7
1.1.63 Unsecured Vendor Claims. ...............................................7
1.1.64 Unsecured Litigation Claims. ...........................................7
1.1.65 U.S. Trustee Fees. .............................................................8
1.2 Computation of Time. ..............................................................8
1.3 Rules of Interpretation. .............................................................8
1.4 Exhibits and Plan Schedules. ....................................................8
2. TREATMENT OF UNCLASSIFIED CLAIMS.....................................8
2.1 General. .....................................................................................8
2.2 Treatment of Administrative Claims. ........................................8
2.2.1    Generally...........................................................................8
2.2.2    Requests for Payment. ......................................................8
2.3 Priority Tax Claims. ..................................................................9
3. DESIGNATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS ...........9
3.1 Overview. ...................................................................................9
3.2 Summary of Classification. .....................................................10
3.3 Class 1: Secured Claims..........................................................10
3.3.1 Claims in Class. ................................................................10
3.3.2 Treatment. .........................................................................10
3.3.3 Impairment and Voting. ....................................................10
3.4 Class 2: Priority Non-Tax Claims. ..........................................10
3.4.1 Claims in Class. ................................................................10
3.4.2 Treatment. .........................................................................10
3.4.3 Impairment and Voting. ....................................................10
3.5 Class 3: Unsecured Vendor Claims. ........................................10
3.5.1 Claims in Class. ................................................................10

3.5.2 Treatment. ....................................................................10
3.5.3 Impairment and Voting. ..............................................11
3.6 Class 4: Unsecured Litigation Claims .......................................11
3.6.1 Claims in Class. ...........................................................11
3.6.2 Treatment. ....................................................................11
3.6.3 Impairment and Voting. ..............................................11
3.7 Class 5: Punitive Damages Claims. ...........................................11
3.7.1 Claims in Class. ...........................................................11
3.7.2 Treatment. ....................................................................11
3.7.3 Impairment and Voting. ..............................................11
3.8 Class 6: Equity Interests. ............................................................11
3.8.1 Claims in Class. ...........................................................11
3.8.2 Treatment. ....................................................................11
3.8.3 Impairment and Voting. ..............................................11
3.9 Elimination of Vacant Classes. ..................................................11
3.10 Interest. ......................................................................................12
3.11 Prepayment. ...............................................................................12
4. PLAN IMPLEMENTATION .......................................................................12
4.1 Plan Implementation Occurring on Effective Date. ....................12
4.1.1 Reorganized Debtor. .....................................................12
4.1.2 Prohibition of Non-Voting Equity Securities. ..............12
4.2 Notice of Effectiveness. ..............................................................12
4.3 Operations and Management of Reorganized Debtor. .................12
4.4 Default Cure Period. ...................................................................12
4.5 Exemption from Certain Transfer Taxes and Further Transactions. ....13
4.6 Final Decree. ...............................................................................13
4.7 Effectuating Documents, Further Transactions. .........................13
5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES .........................14
5.1 Executory Contracts and Unexpired Leases. ..............................14
6. MANNER OF DISTRIBUTION OF PROPERTY UNDER THE PLAN ..........14
6.1 Distributions on Account of Claims Allowed as of the Effective Date. ....14
6.2 Manner of Payment Under the Plan. ...........................................14
6.3 Escheat. ........................................................................................14
6.4 Delivery of Distributions. ...........................................................14
6.4.1 Record Date for Distributions. .....................................14
6.4.2 Delivery of Distributions in General. ...........................14
6.4.3 Returned Distributions. .................................................15
6.4.4 Disputed Distributions. .................................................15
6.4.5 Setoffs. ...........................................................................15
6.4.6 Withholding Taxes. ........................................................16
7. PROCEDURES FOR RESOLVING DISPUTED CLAIMS ...........................16
7.1 Objection to and Resolution of Claims. ......................................16
7.2 Payments. .....................................................................................16
7.3 Contingent Claims. ......................................................................16
7.4 Estimation of Claims. ..................................................................16

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

iii

8. RESERVATION OF RIGHTS ...................................................................................17
    8.1 Withdrawal of Plan; Rights if Plan Not Confirmed; Effective Date Does Not Occur.17
    8.2 No Admissions or Waiver. ..............................................................................17
    8.3 Term of Bankruptcy Injunction or Stays. ...........................................................17

9. CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE.........17
    9.1 Conditions to Confirmation. ...........................................................................17
    9.2 Conditions to Occurrence of Effective Date. ......................................................17

10. EFFECT OF CONFIRMATION OF PLAN ................................................................18
    10.1 Discharge. ..............................................................................................18
    10.2 Binding Effect of Plan/Injunction. ..................................................................18
    10.3 Exculpation. ...........................................................................................19
    10.4 Injunctions.............................................................................................19
        10.4.1 Injunction Protecting Exculpation. ..........................................................19
        10.4.2 Injunction in Aid of Performance of the Plan. .............................................20
    10.5 Modification of Debt Instruments....................................................................20
    10.6 Revesting of Assets....................................................................................20
    10.7 Preservation of Causes of Action....................................................................20
    10.8 No Limitation on Effect of Confirmation. ..........................................................21

11. RETENTION OF JURISDICTION ..........................................................................21
    11.1 Retention of Jurisdiction. .............................................................................21
    11.2 Occurrence of Effective Date. ........................................................................22
    11.3 Failure of Bankruptcy Court to Exercise Jurisdiction...........................................22

12. MISCELLANEOUS PROVISIONS..........................................................................23
    12.1 Modifications to Plan. .................................................................................23
    12.2 Notices. .................................................................................................23
    12.3 Headings. ...............................................................................................24
    12.4 Non-Severability of Plan Provisions. ...............................................................24
    12.5 Governing Law. ........................................................................................24
    12.6 Successor and Assigns. ................................................................................24
    12.7 Modification of Payment Terms. .....................................................................25
    12.8 Effectuating Documents; Further Transactions. ..................................................25
    12.9 Exemption from Transfer Taxes. .....................................................................25
    12.10 Post Confirmation Conversion or Dismissal......................................................25
    12.11 Cramdown..............................................................................................25
    12.12 Fees and Reporting to the United States Trustee..................................................26
    12.13 Post-Confirmation Quarterly Reports and Fees...................................................26
    12.14 Entire Agreement. .....................................................................................26

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Visual Technology Innovations, Inc., a Nevada corporation, as debtor and debtor-in-possession, proposes this plan of reorganization for the resolution of its outstanding Claims and Equity Securities. All Creditors, Equity Interest Holders, and other parties-in-interest should refer to the Disclosure Statement for a discussion of the Debtor's history, assets, historical financial data, and for a summary and analysis of the Plan and certain related matters. All Holders of Claims against and Equity Securities in the Debtor are encouraged to read the Plan, the Disclosure Statement, and the related solicitation materials in their entirety before voting to accept or reject the Plan.

Subject to the restrictions on modifications set forth in § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in Article 12 to the Plan, the Debtor expressly reserves the right to alter, amend, strike, withdraw, or modify the Plan one or more times before its substantial consummation.

# 1. DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME

**1.1 Definitions.**  For the purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this Article 1. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, in that order of priority. Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine, and the feminine gender shall include the masculine. As used in this Plan, the following terms shall have the meanings specified below:

**1.1.1 Administrative Claim.** A Claim for any cost or expense of administration of the Chapter 11 Case allowed pursuant to §§ 503(b), 507(a)(2) or 507(b) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Dates and through the Effective Date of preserving the Estate and operating the business of the Debtor, including but not limited to wages, salaries, or commissions for services, and payments for goods and services; (b) compensation and reimbursement of expenses for legal, financial advisory, accounting, and other services, including but not limited to, Allowed Professional Fees, pursuant to §§ 327, 328, 330(a), or 331 of the Bankruptcy Code or otherwise for the period commencing on the Petition Date and ending on the Effective Date; (c) all fees and charges payable pursuant to 28 U.S.C. § 1930; and (d) all Bankruptcy Court approved requests for compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Case, pursuant to §§ 503(b)(3), (4), and (5) of the Bankruptcy Code or otherwise.

**1.1.2 Administrative Claim Bar Date.** The deadline for filing requests for allowance and payment of Administrative Claims, including Professional Fees, which shall be thirty (30) days after the Effective Date.

**1.1.3 Allowed.** With reference to any Claim or Equity Interest with respect to the Debtor: (a) any Claim against or Equity Interest in the Debtor that has been listed by the Debtor in its Schedules, as such Schedules may be amended by the Debtor from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary Proof of Claim or Equity Interest has been Filed; (b) any Claim or

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

Equity Interest allowed (i) under the Plan, (ii) by Final Order, or (iii) as to which the liability of the Debtor and the amount thereof are determined by a final order of a court of competent jurisdiction other than the Bankruptcy Court; or (c) as to which a Proof of Claim has been timely Filed in a liquidated amount with the Bankruptcy Court, pursuant to the Bankruptcy Code or any order of the Bankruptcy Court, or has been Filed with leave of the Bankruptcy Court after notice and a hearing, provided that no objection to the allowance of such Claim or motion to expunge such Claim has been interposed by any party in interest before any final date for the filing of such objections or motions set forth in the Plan, the Confirmation Order or other order of the Bankruptcy Court. For purposes of determining the amount of an Allowed Claim, there shall be deducted therefrom an amount equal to the amount of any valid and enforceable claim that the Debtor may hold against the Holder thereof, to the extent such Claim may be validly offset, recouped, or otherwise reduced under applicable law.

**1.1.4 Assets.** All of the assets, property, interests, real and personal, tangible and intangible, wherever situated, of the Debtor, as they exist as of the Effective Date.

**1.1.5 Avoidance Actions.** Any actions commenced, or that may be commenced before or after the Effective Date, pursuant to §§ 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553(b) and 724(a) of the Bankruptcy Code.

**1.1.6 Bankruptcy Code.** The Bankruptcy Reform Act of 1978, title 11 of the United States Code, as amended from time to time, as applicable to these Chapter 11 Case, as now in effect or hereafter amended.

**1.1.7 Bankruptcy Court.** The United States Bankruptcy Court for the District of Nevada having jurisdiction over the Chapter 11 Case, and to the extent of the withdrawal of any reference under 28 U.S.C. § 157 and/or the General Order of the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 151.

**1.1.8 Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure as applicable to the Chapter 11 Case, and the general, local and chambers rules and orders of the Bankruptcy Court, all as now in effect or hereafter amended.

**1.1.9 Bar Date.** In the case of non-governmental Creditors, March 17, 2025, which is the date established by the Bankruptcy Court by which such Creditors are required to file proofs of claim with respect to pre-petition Claims including Claims asserted pursuant to § 503(b)(9) of the Bankruptcy Code, except with respect to Administrative Claims, Claims arising from the rejection of any Executory Contracts and Unexpired Leases, and Claims that were scheduled by the Debtor as undisputed, non-contingent, and unliquidated. In the case of governmental Creditors, July 7, 2025, which is the date established by the Bankruptcy Court by which such Creditors are required to file proofs of claim with respect to pre-petition Claims, including but not limited to Priority Tax Claims.

**1.1.10 Business Day.** A day, other than a Saturday, Sunday, or "legal holiday" as defined in Bankruptcy Rule 9006(a).

**1.1.11 Cash.** The legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, negotiable instruments, wire transfers of immediately

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

available funds, or other cash equivalents.

**1.1.12 Causes of Action.** Any Claim, Avoidance Action, cause of action, controversy, demand, right, action, Lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law.

**1.1.13 Chapter 11 Case.** The case under chapter 11 of the Bankruptcy Code involving the Debtor, having case number 25-10024-abl, including all adversary proceedings pending in connection therewith.

**1.1.14 Claim.** Any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured arising at any time before the Effective Date or relating to any event that occurred before the Effective Date, or any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**1.1.15 Claim Objection Deadline.** The date that is 180 days from the Effective Date for all Claims, except for Claims for which a specific objection deadline has been set forth elsewhere in the Plan, which deadline may be extended by the Reorganized Debtor upon request after notice and a hearing.

**1.1.16 Claims Register.** The official register of Claims and Equity Interests maintained by the Debtor.

**1.1.17 Class.** A category of Holders of Claims or Equity Interests as classified in the Plan.

**1.1.18 Confirmation.** The entry by the Bankruptcy Court of the Confirmation Order on the docket in the Chapter 11 Case.

**1.1.19 Confirmation Date.** The date upon which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case.

**1.1.20 Confirmation Hearing.** The hearing held by the Bankruptcy Court to consider confirmation of the Plan pursuant to § 1128 of the Bankruptcy Code, as such hearing may be adjourned or continued from time to time.

**1.1.21 Confirmation Order.** The order entered by the Bankruptcy Court confirming the Plan pursuant to § 1129 of the Bankruptcy Code.

**1.1.22 Creditor.** Any Holder of a Claim, whether or not such Claim is Allowed.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

3

**1.1.23 Cure.** The distribution on the Effective Date or as soon thereafter as practicable of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption of an Executory Contract or Unexpired Lease pursuant to § 365(b) of the Bankruptcy Code, or with respect to any other debt instrument, in an amount equal to: (i) all unpaid monetary obligations due under such Executory Contract or Unexpired Lease or required to pay to bring current the debt instrument and thereby reinstate the debt and return to the pre-default conditions to the extent such obligations are enforceable under the Bankruptcy Code or applicable non-bankruptcy law; and (ii) with respect to any debt instrument, if a claim arises from the Debtor's failure to perform any non-monetary obligation as set forth in §§ 1124(2)(C) and 1124(2)(D) of the Bankruptcy Code, payment of the dollar amount that compensates the Holder of such a Claim for any actual pecuniary loss incurred by such Holder as a result of any such failure and the dollar amount of the Claim that is established by the Holder's sworn declaration and accompanying admissible evidence filed with the Bankruptcy Court on or before the deadline ordered by the Court for the filing of objections to the Disclosure Statement.

**1.1.24 Debtor.** Visual Technology Innovations, Inc., a Nevada corporation, as debtor in this Chapter 11 Case.

**1.1.25 Disallowed Claim.** Any Claim or portion thereof that has been disallowed by a Final Order of the Bankruptcy Court.

**1.1.26 Disclosure Statement.** The disclosure statement that relates to the Plan, including all exhibits and schedules thereto, as may be amended, supplemented or modified from time to time, that is prepared and distributed in accordance with, among other matters, §§ 1125, 1126(b) and 1145 of the Bankruptcy Code, Bankruptcy Rule 3018, and other applicable law.

**1.1.27 Disputed.** A Claim (including any Administrative Claim, Priority Claim or Secured Claim) or Equity Interest, or any portion thereof, that is: (a) listed in the Schedules as disputed, contingent, or unliquidated; or (b) subject to an objection interposed by the Debtor, Reorganized Debtor, or any party-in-interest entitled to file and prosecute such objection in the Chapter 11 Case, if at such time such objection remains unresolved.

**1.1.28 Distribution.** Any distribution made by the Debtor or the Reorganized Debtor to the Holders of Allowed Claims or Allowed Equity Interests pursuant to the terms of the Plan.

**1.1.29 Distribution Record Date.** The Confirmation Date unless the Bankruptcy Court establishes a different date in the Confirmation Order.

**1.1.30 Effective Date.** The latest to occur of: (i) the first Business Day that is at least fourteen (14) days after the Confirmation Date and on which no stay of the Confirmation Order is in effect; and (i) the first (1st) Business Day on which all of the conditions set forth in Section 9 have been satisfied or waived.

**1.1.31 Equity Interest.** Includes the following (i) any equity or other ownership interest in the Debtor, including, but not limited to, all issued and outstanding or reserved for issuance, common stock, preferred stock, warrants, options, or other ownership rights or rights to

purchase or receive additional shares of stock in the Debtor, and/or any other instrument or document to the extent that it directly or indirectly evidences, creates or reserves any equity or ownership interest in the Debtor giving rise to any Claim or Equity Interest, (ii) equity interests, including all membership interests together with any warrants, options, or contractual rights to purchase or acquire such equity interests at any time and all rights arising with respect thereto, and (iii) partnership, limited liability company or similar interest.

**1.1.32 Estate.** The estate of the Debtor that was created by the commencement of the Chapter 11 Case pursuant to § 541 of the Bankruptcy Code.

**1.1.33 Executory Contract.** A contract to which the Debtor is a party that is subject to assumption or rejection pursuant to § 365 of the Bankruptcy Code.

**1.1.34 Federal Judgment Rate.** The rate of interest on judgments as provided for by 28 U.S.C. § 1961 as of the Confirmation Date.

**1.1.35 File.** To file with the Bankruptcy Court in the Chapter 11 Case.

**1.1.36 Final Decree.** An order of the Bankruptcy Court closing the Chapter 11 Case pursuant to § 350 of the Bankruptcy Code.

**1.1.37 Final Order.** An order, judgment or other decree of the Bankruptcy Court and entered on the docket of such court: (a) that has not been reversed, stayed, modified, amended, revoked, varied or set aside, and as to which (i) any right to appeal or seek certiorari, review, stay or rehearing has been waived, or (ii) the time to appeal or seek certiorari, review, stay or rehearing has expired and no appeal or petition for certiorari, review, stay or rehearing is pending; or (b) as to which an appeal has been taken or petition for certiorari, review, stay or rehearing has been filed, and (i) such appeal or petition for certiorari, review, stay or rehearing has been resolved by the highest court to which the order or judgment was appealed or from which certiorari, review, stay or rehearing was sought, and (ii) the time to appeal further or seek certiorari, review, stay or rehearing has been waived or expired and no such further appeal or petition for certiorari, review, stay or rehearing is pending; *provided, however*, that no order or judgment shall fail to be a "Final Order" hereunder solely because of the possibility that a motion pursuant to §§ 502(j) or 1144 of the Bankruptcy Code, Rule 59 or 60 of the Federal Rules of Civil Procedure or Bankruptcy Rule 9024 may be Filed with respect to such order or judgment.

**1.1.38 General Unsecured Claim.** A Claim that is not secured by a charge against or interest in property in which the Estate has an interest and is not an unclassified Claim, Administrative Claim, Secured Claim, Priority Tax Claim or Priority Non-Tax Claim. General Unsecured Claims shall also include all Claims arising under § 502(g) of the Bankruptcy Code.

**1.1.39 Holder.** Any Person holding a Claim against or Equity Interest in the Debtor.

**1.1.40 Impaired.** Means impairment within the meaning of § 1124 of the Bankruptcy Code.

**1.1.41 Insider.** Shall include any person having such meaning as set forth in §

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

5

101(31) of the Bankruptcy Code.

**1.1.42 Lien.** A charge against or interest in property to secure payment of a debt or performance of an obligation.

**1.1.43 Litigation Claims.** All rights, claims, torts, liens, liabilities, obligations, actions, causes of action, Avoidance Actions, derivative actions, proceedings, debts, contracts, judgments, damages and demands whatsoever in law or in equity, whether known or unknown, contingent or otherwise, that the Debtor or the Estate may have against any person.

**1.1.44 Person.** Any individual, corporation, partnership, limited liability company, joint venture, association, trust or organization, unincorporated organization or government, governmental agency, governmental unit or political subdivision, or any other entity.

**1.1.45 Petition Date.** January 6, 2025, the date on which the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the Chapter 11 Case.

**1.1.46 Plan.** This chapter 11 plan of reorganization, including all documents referenced herein and all exhibits, supplements, appendices and schedules hereto or thereto, either in its present form or as the same may be altered, amended or modified from time to time pursuant to the Bankruptcy Code or Final Order.

**1.1.47 Priority Non-Tax Claim.** Any Claim, other than an Administrative Claim or Priority tax Claim, that is entitled to priority under § 507(a) of the Bankruptcy Code.

**1.1.48 Priority Tax Claims.** Any Claim that is entitled to priority under §§ 502(i) or 507(a)(8) of the Bankruptcy Code.

**1.1.49 Professional.** A Person: (a) employed pursuant to a Bankruptcy Court order in accordance with §§ 327, 328 and/or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Effective Date, pursuant to §§ 327, 328, 329, 330, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court, pursuant to § 503(b) of the Bankruptcy Code.

**1.1.50 Professional Fees.** All reasonable fees and expenses incurred by Professionals and allowed by the Bankruptcy Court.

**1.1.51 Professional Fee Claim.** Any Claim for compensation or reimbursement of fees and expenses as may be requested by a Professional to the extent such Professional is required to apply to the Bankruptcy Court for payment of such Claim pursuant to §§ 326, 327, 328, 330 or 331 of the Bankruptcy Code and the terms of the Plan.

**1.1.52 Proof of Claim.** A Proof of Claim Filed against the Debtor in the Chapter 11 Case.

**1.1.53 Pro Rata.** With respect to an amount of Cash or other consideration to be

6

paid or distributed on a particular date to a Holder of an Allowed Claim, that such Distribution shall be made in accordance with the ratio, as of such date, of the amount such Allowed Claim is to the aggregate of the amounts of Claims in the Class to which such Allowed Claim belongs.

**1.1.54 Punitive Damages Claims.** Any Unsecured Claim arising from punitive or exemplary damages under applicable law, and which are requested or awarded to punish egregious conduct, and which are in addition to any actual or compensatory damages.

**1.1.55 Record Date.** The Confirmation Date for the purpose of determining the Holders of Equity Interests.

**1.1.56 Reorganized Debtor.** The Debtor, or any successor thereto, by merger, consolidation or otherwise, as reorganized pursuant to the Plan on or after the Effective Date.

**1.1.57 Representatives.** With respect to a given Person, its past and current directors, officers, shareholders, employees, agents, attorneys, professionals, advisors, trustees, consultants, accountants, contractors and other representatives.

**1.1.58 Schedules.** The schedules of assets and liabilities, the list of Holders of Interests and the statements of financial affairs Filed by the Debtor under § 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto through the Confirmation Date.

**1.1.59 Secured.** When referring to a Claim: (a) secured by a Lien on property in which the Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to § 553 of the Bankruptcy Code, to the extent of the value of the Creditor's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to § 506(a) of the Bankruptcy Code; or (b) Allowed pursuant to the Plan as a secured Claim.

**1.1.60 Unexpired Lease.** A lease of non-residential real property to which the Debtor is a party that is subject to assumption or rejection pursuant to § 365 of the Bankruptcy Code.

**1.1.61 Unimpaired.** With respect to a Claims or Interest, leaving unaltered the legal, equitable, and contractual rights to which such Claim or Interest entitles the Holder of such Claim or Interest.

**1.1.62 Unsecured Claim.** Any Claim that is neither Secured nor entitled to priority under the Bankruptcy Code or any order of the Bankruptcy Court as a Priority Tax Claim or Priority Non-Tax Claim.

**1.1.63 Unsecured Vendor Claims.** Any Non-Priority Unsecured Claims other than Unsecured Litigation Claims and Punitive Damages Claims, and only to the extent it is for services provided as a vendor to the Debtor.

**1.1.64 Unsecured Litigation Claims.** Any Unsecured Claim arising out of active

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

litigation pending as of the Petition Date, and only to the extent it is for an award of actual or compensatory damages under applicable law, and excluding any Punitive Damages Claims.

**1.1.65 U.S. Trustee Fees.** Any fees payable pursuant to 28 U.S.C. § 1930. **Computation of Time.** In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**1.3 Rules of Interpretation.** Any term used in the Plan that is not defined in the Plan, either in this Article or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules, has the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules. For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) the rules of construction set forth in § 102 of the Bankruptcy Code shall apply, including that the terms "includes," "shall include," and "including" are not limiting; (c) reference to a pleading, request, or document being "Filed" means duly and properly filed with the Bankruptcy Court as reflected on the docket of the Bankruptcy Court; (d) all exhibits and schedules to the Plan are incorporated into the Plan, and shall be deemed to be included in the Plan, regardless of when they are Filed; (e) any service or notice provided for in the Plan shall be provided at the addresses specified herein; (f) except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent the exhibits provide otherwise, the rights, duties and obligations under the Plan shall be governed, construed and enforced in accordance with the laws of the State of Nevada; and (g) to the extent a reference or description in the Disclosure Statement is inconsistent with the terms or conditions of the Plan, the terms and conditions of the Plan shall govern over the reference contained in the Disclosure Statement.

**1.4 Exhibits and Plan Schedules.** All exhibits and schedules attached to the Plan are incorporated into and are a part of the Plan as if set forth in full herein.

## 2. <u>TREATMENT OF UNCLASSIFIED CLAIMS</u>

**2.1 General.** Pursuant to § 1123(a)(1) of the Bankruptcy Code, the Claims against the Debtor set forth in this Article 2 are not designated as Classes. The Holders of such Claims are not entitled to vote on the Plan. The treatment of the Claims set forth below is consistent with the requirements of § 1129(a)(9)(A) of the Bankruptcy Code.

**2.2 Treatment of Administrative Claims.**

**2.2.1   Generally.** Each Allowed Administrative Claim shall be paid by the Reorganized Debtor (or otherwise satisfied in accordance with its terms) upon the latest of: (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the Holder of such Claim and the Reorganized Debtor shall agree upon. For the avoidance of doubt, notwithstanding anything to the contrary herein, the Debtor or the Reorganized Debtor, as the case may be, hereby reserve any and all defenses or offsets to challenge any Administrative Claims.

**2.2.2   Requests for Payment.** All requests for payment of Administrative

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Claims against the Debtor and all final applications for allowance and disbursement of Professional Fees must be filed by the Administrative Claims Bar Date or the Holders thereof shall be forever barred from asserting such Administrative Claims against the Debtor and the Reorganized Debtor. All Professional Fees applications must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order, and all other orders governing payment of Professional Fees. Unless otherwise ordered by the Bankruptcy Court, from and after the Effective Date, no professional shall be required to file fee applications with the Bankruptcy Court and the Reorganized Debtor may pay all professionals in the ordinary course for fees and expenses incurred after the Effective Date.

**2.3  Priority Tax Claims.** Each Allowed Priority Tax Claim, if any, will be paid in full by the Reorganized Debtor as follows: (i) until payment in full, each Holder shall retain any and all Liens to the extent provided by applicable federal or state law applicable to such claim; (ii) payable commencing by the 15th day of the first month following the Effective Date, or the date on which an order allowing such Claim becomes a Final Order, whichever is later, or such other time as is agreed to by the holder of such Claim and the Debtor prior to the Effective Date or the Reorganized Debtor after the Effective Date; (iii) payable in twelve (12) equal quarterly installments over four (4) years, together with interest pursuant to § 511 of the Bankruptcy Code, and in all events paid in full within five (5) years following the Petition Date.

## 3. DESIGNATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS

**3.1 Overview.** Pursuant to the Plan and in accordance with § 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors and the Holders of Equity Securities (except Administrative Claims and Priority Tax Claims) are placed in the Classes described below. A Claim or Equity Interest is classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and is classified in other Classes only to the extent that any remainder of the Claim or Equity Interest qualifies within the description of such other Classes. A Claim or Equity Interest is also classified in a particular Class only to the extent that such Claim or Equity Interest is an Allowed Claim or Allowed Equity Interest in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date. With respect to Classes of Claims described as Unimpaired under the Plan, except as otherwise provided under the Plan, nothing shall affect the rights and legal and equitable defenses of the Debtor and the Reorganized Debtor regarding such Claims classified as Unimpaired under the Plan, including but not limited to, all rights in respect of legal and equitable defenses to setoff or recoupment against such Claims.

[Rest of page intentionally left blank]

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

### 3.2 Summary of Classification.

| Class | Description | Treatment |
|-------|-------------|-----------|
| Class 1 | Secured Claims | Impaired. Solicitation required. |
| Class 2 | Priority Non-Tax Claims | Unimpaired. No solicitation required. |
| Class 3 | Unsecured Vendor Claims | Impaired. Solicitation required. |
| Class 4 | Unsecured Litigation Claims | Unimpaired. No solicitation required. |
| Class 5 | Punitive Damages Claims | Impaired. Solicitation required. |
| Class 6 | Equity Interests | Impaired. No solicitation required. |

### 3.3 Class 1: Secured Claims.

**3.3.1 Claims in Class.** Class 1 consists of any Allowed Secured Claims. Each holder of an Allowed Secured Claim shall be considered to be in its own separate subclass within Class 1 and each such subclass shall be deemed to be a separate Class for purposes of the Plan.

**3.3.2 Treatment.** Until payment in full of the Secured Claim, the Holder shall retain any and all Liens in and to its collateral. The Holder of a Secured Claim shall be payable in equal quarterly installments beginning by the fifteenth (15th) day of the first month following the Effective Date, and continuing by that same date of each calendar quarter thereafter, for a period of five (5) years, with any remaining balance, if any, due in full within five (5) years after the Effective Date.

**3.3.3 Impairment and Voting.** Creditors in Class 1 are Impaired under the Plan. Holders of Allowed Class 1 Claims are entitled to vote to accept or reject the Plan.

### 3.4 Class 2: Priority Non-Tax Claims.

**3.4.1 Claims in Class.** Class 2 consists of all Priority Non-Tax Claims.

**3.4.2 Treatment.** Except to the extent that a Creditor with an Allowed Priority Non-Tax Claim agreed to less favorable treatment, each Allowed Priority Non-Tax Claim shall be paid in full by the Reorganized Debtor upon the latest of: (i) the first Business Day after the Effective Date; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the holder of such Claim and, prior to the Effective Date, the Debtor, and after the Effective Date, the Reorganized Debtor, shall agree.

**3.4.3 Impairment and Voting.** Creditors in Class 2 are Unimpaired under the Plan. Holders of Allowed Class 2 Claims are not entitled to vote to accept or reject the Plan.

### 3.5 Class 3: Unsecured Vendor Claims.

**3.5.1 Claims in Class.** Class 3 consists of Allowed Unsecured Vendor Claims.

**3.5.2 Treatment.** Except to the extent that a Creditor with an Allowed Unsecured Vendor Claim agrees to less favorable treatment, Holders of Class 3 Allowed Claims shall be

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

paid in full within interest as set forth herein by receiving their Pro Rata share of the sum of $104,000 per quarter, commencing on the 15th of the month following the Effective Date, and continuing at the same rate by such date each and every three (3) months thereafter until paid in full, and all events shall be paid in full within five (5) years of the Effective Date.

**3.5.3 Impairment and Voting.** Class 3 is Impaired under the Plan. Holders of Class 3 Claims are entitled to vote to accept or reject the Plan.

### 3.6 Class 4: Unsecured Litigation Claims.

**3.6.1 Claims in Class.** Class 4 consists of Allowed Unsecured Litigation Claims.

**3.6.2 Treatment.** Except to the extent that a Creditor with an Allowed Unsecured Litigation Claim agrees to less favorable treatment, Holders of Class 4 Allowed Claims shall be paid in full within interest upon the Effective Date.

**3.6.3 Impairment and Voting.** Class 4 is Unimpaired under the Plan. Holders of Class 4 Claims are not entitled to vote to accept or reject the Plan.

### 3.7 Class 5: Punitive Damages Claims.

**3.7.1 Claims in Class.** Class 5 consists of Allowed Punitive Damages Claims.

**3.7.2 Treatment.** Except to the extent that a Creditor with an Allowed Punitive Damages Claim agrees to less favorable treatment, Holders of Class 5 Allowed Claims shall be paid in full within interest, by receiving their Pro Rata share of the sum of $156,000 per quarter, commencing on the 5th year anniversary following the Effective Date, and continuing at the same rate by the 1st of each month each and every three (3) months thereafter until paid in full, and all events shall be paid in full within fifteen (15) years of the Effective Date.

**3.7.3 Impairment and Voting.** Class 5 is Impaired under the Plan. Holders of Class 5 Claims are entitled to vote to accept or reject the Plan.

### 3.8 Class 6: Equity Interests.

**3.8.1 Claims in Class.** Class 6 consists of Holders of Equity Interests.

**3.8.2 Treatment.** Holders of Class 6 Equity Interests shall not receive or retain anything under the Plan, and on the Effective Date, all Equity Interests in the Debtor shall be cancelled.

**3.8.3 Impairment and Voting.** Class 6 is Impaired under the Plan. Holders of Class 6 Equity Interests are not entitled to vote to accept or reject the Plan, and instead are deemed to reject the Plan pursuant to § 1126(g) of the Bankruptcy Code.

**3.9 Elimination of Vacant Classes.** Any Class of Claims that is not occupied as of the date of the commencement of the Confirmation Hearing by an Allowed Claim or a Claim temporarily Allowed under Bankruptcy Rule 3018 shall be deemed eliminated from the Plan for

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to § 1129(a)(8) of the Bankruptcy Code.

**3.10 Interest.** Each Holder of an Allowed Claim shall also receive on account of such Holder's Allowed Claim payment of post-petition interest calculated at the Federal Judgment Rate or, if the Holder is entitled to a higher rate based on an applicable contract, statute, or other applicable law, then such rate as the Court may require at the Confirmation Hearing on the Plan consistent therewith.

**3.11 Prepayment.** The Debtor is permitted to make pre-payments of principal of any claim at any time and without paying a pre-payment penalty or other similar charge including, and such pre-payments shall reduce the amount of principal that the Debtor owes.

## 4. PLAN IMPLEMENTATION

**4.1 Plan Implementation Occurring on Effective Date.** On the Effective Date, without any further action by the Debtor or the Reorganized Debtor, all of the Debtor's assets shall vest in the Reorganized Debtor, subject to the terms and conditions of the Plan, and the following events shall occur in the following sequence:

**4.1.1 Reorganized Debtor.** On and after the Effective Date, the Reorganized Debtor shall continue to exist as a separate entity in accordance with applicable law, and shall retain all licenses necessary to its operations that existed as of the Petition Date. The Debtor's existing articles of incorporation or organization, bylaws, corporate resolutions, operating agreement (as amended, supplemented or modified, and as applicable) will continue in effect for the Reorganized Debtor following the Effective Date, except to the extent such documents are amended in conformance with the Plan or by proper corporate action after the Effective Date.

**4.1.2 Prohibition of Non-Voting Equity Securities.** The Reorganized Debtor's articles of incorporation and/or bylaws shall be amended as necessary to satisfy the provisions of the Plan and the Bankruptcy Code, which shall include, among other matters, pursuant to § 1123(a)(6) of the Bankruptcy Code, a provision prohibiting the issuance of non-voting equity interests, to the extent required by the Bankruptcy Code.

**4.2 Notice of Effectiveness.** When all of the steps contemplated by Article 6.1 have been completed, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon all Creditors and all potential holders of Administrative Claims known to the Reorganized Debtor (whether or not disputed), a Notice of Effective Date of Plan. The Notice of Effective Date of Plan shall include notice of the Administrative Claim Bar Date.

**4.3 Operations and Management of Reorganized Debtor.** From the Effective Date, the Debtor's present sole officer and director, Mathu Rajan, shall continue to manage and operate the Debtor's business, and with full authority to make all decisions and take all actions on behalf of the Reorganized Debtor to effectuate the Plan. VSI shall own and control all of the shares of the Reorganized Debtor.

**4.4 Default Cure Period.** Notwithstanding anything to the contrary in any pre-petition loan documents, in the event of an asserted default or event of default under the Plan, the

affected creditor shall be required to provide the Reorganized Debtor with written notice of such default or event of default. Upon receipt of such written notice, the Reorganized Debtor shall thereafter be permitted fifteen (15) Business Days to cure any monetary event of default, or, in the event of a non-monetary event of default, thirty (30) days; *provided, however*, that with respect to a non-monetary default or event of default, if the Reorganized Debtor uses commercially reasonable efforts to begin curing such default within such thirty (30) day period and should the default not be cable of being cured within such cure period notwithstanding such efforts, then the Reorganized Debtor shall be permitted a reasonable time thereafter to cure. In the event of any default or event of default that remains uncured after expiration of the applicable cure period(s) herein, then the affected shall then be required to file a motion with the Bankruptcy Court for a determination regarding whether a default has occurred and the Debtor shall be entitled to contest the occurrence or continuation of such alleged default. Only after the Bankruptcy Court has heard and determined the occurrence and continuation of an event of default shall the moving creditor be then permitted to exercise any rights or remedies at law or under the Refinanced Loan Documents.

**4.5 Exemption from Certain Transfer Taxes and Further Transactions.** Pursuant to § 1146(c) of the Bankruptcy Code, (i) the issuance, distribution, transfer or exchange of Estate property; (ii) the creation, modification, consolidation or recording of any deed of trust or other security interest, the securing of additional indebtedness by such means or by other means in furtherance of, or connection with this Plan or the Confirmation Order; (iii) the making, assignment, modification or recording of any lease or sublease; or (iv) the making, delivery or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, Confirmation Order or any transaction contemplated above, or any transactions arising out of, contemplated by or in any way related to the foregoing shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act or real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment and the appropriate state of local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

**4.6  Final Decree.** Notwithstanding otherwise applicable law, the Chapter 11 Case shall be closed and a Final Decree entered as soon as possible after the occurrence of the Effective Date, unless and until: (a) all adversary proceedings and contested matters pending before the Bankruptcy Court have been resolved by a Final Order; and (c) all Claims have either: (i) become Allowed Claims and payments have begun in accordance with the treatment to be given such Allowed Claim pursuant to the Plan; (ii) been disallowed by a Final Order or deemed to be a Disallowed Claim, in accordance with the terms of the Plan; (iii) been assumed by the Debtor, or (iv) reinstated.

**4.7  Effectuating Documents, Further Transactions.** On and after the Effective Date, the Debtor is authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan in the name of and on behalf of the Debtor, as applicable, without the need for any approvals, authorizations, or consents.

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**5.1 Executory Contracts and Unexpired Leases.** All Executory Contracts and Unexpired Leases that exist on the Confirmation Date shall be deemed rejected by the Reorganized Debtor on the Effective Date. The Confirmation Order will constitute an order of the Bankruptcy Court approving the rejections of all Executory Contracts and Unexpired Leases pursuant to § 365 of the Bankruptcy Code, as of the Effective Date. All proofs of Claims with respect to Claims arising from the rejection of any Executory Contract or Unexpired Lease shall be filed no later than twenty-one (21) days after the Effective Date. Any Claim not filed within such time shall be forever barred.

## 6. MANNER OF DISTRIBUTION OF PROPERTY UNDER THE PLAN

**6.1 Distributions on Account of Claims Allowed as of the Effective Date.** Distributions under the Plan on account of Claims Allowed on or before the Effective Date shall be made on the Effective Date, except as otherwise set forth in the Plan, or on the first date thereafter as is reasonably practicable.

**6.2 Manner of Payment Under the Plan.** Distributions of Cash to be made by the Debtor or the Reorganized Debtor pursuant to the Plan shall be made, at the discretion of the Debtor or the Reorganized Debtor, by check drawn on a bank account, ACH, or by wire transfer.

**6.3 Escheat.** Holders of Allowed Claims shall have three (3) months from the check date to negotiate Distribution checks issued by the Debtor or the Reorganized Debtor under the terms of the Plan, otherwise payment on such checks may at the Debtor's or the Reorganized Debtor's sole discretion be stopped and the funds shall escheat to the Debtor or the Reorganized Debtor and shall be promptly distributed to the Debtor or the Reorganized Debtor in accordance with § 347 of the Bankruptcy Code.

**6.4 Delivery of Distributions.**

**6.4.1 Record Date for Distributions.** On the Distribution Record Date, the Claims Register shall be closed and any Person responsible for making Distributions shall be authorized and entitled to recognize only those record Holders listed on the Claims Register as of the close of business on the Distribution Record Date. Notwithstanding the foregoing, if a Claim is transferred twenty or fewer days before the Distribution Record Date, the Reorganized Debtor shall make Distributions to the transferee only to the extent practical and in any event only if the relevant transfer forms contains an unconditional and explicit certification and waiver of any objection to the transfer by the transferor.

**6.4.2 Delivery of Distributions in General.** Except as otherwise provided in the Plan, and notwithstanding any authority to the contrary, Distributions to all Holders of Allowed Claims shall be made to Holders of record as of the Distribution Record Date by the Debtor or the Reorganized Debtor:

**6.4.2.1** In accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004;

**6.4.2.2** To the signatory set forth on any of the Proofs of Claim Filed by such Holder or other representative identified therein (or at the last known addresses of such Holder if no Proof of Claim is Filed or if the Debtor have been notified in writing of a change of address);

**6.4.2.3** To the addresses set forth in any written notices of address changes delivered to the Debtor after the date of any related Proof of Claim;

**6.4.2.4** To the addresses reflected in the Schedules if no Proof of Claim has been Filed and the Debtor or the Reorganized Debtor has not received a written notice of change of address; or

**6.4.2.5** To any counsel that has appeared in the Chapter 11 Case on the Holder's behalf.

**6.4.3 Returned Distributions.** In the case of Distributions to the Holders of Allowed Claims that are returned to the Debtor or the Reorganized Debtor due to an incorrect or incomplete address, the Debtor or the Reorganized Debtor shall retain any such returned Distribution in a segregated account established by the Debtor or the Reorganized Debtor to keep track of any returned Distributions. Unless the Holder of the Allowed Claim relating to any such returned Distribution contacts the Debtor or the Reorganized Debtor (or its designee) within three (3) months from the date on which such Distribution was returned and provides the Debtor or the Reorganized Debtor (or its designee) with acceptable proof of identity and an accurate address, such Holder shall forfeit all rights thereto, and to any and all future Distributions or rights under the Plan. In such event, the Claim for which such Distributions was issued shall be treated as a Disallowed Claim and the Distribution on account of such Disallowed Claim shall promptly be distributed to the Debtor.

**6.4.4 Disputed Distributions.** In the event of any dispute between or among Holders of Claims as to the right to any Holder of a Claim to receive or retain any Distribution to be made to such Holder under the Plan, the Debtor or the Reorganized Debtor, in lieu of making such Distribution to such Holder, may make it instead into an escrow account for payment as ordered by the Bankruptcy Court or as the interested parties to such dispute may otherwise agree among themselves. Any such Holder who fails to raise such dispute by filing an appropriate request for relief with the Bankruptcy Court prior to the issuance of such disputed Distribution by the Debtor or the Reorganized Debtor shall be deemed to have forever waived any right to dispute such Distribution or to enjoin, impair or otherwise restrict the use of any such Distribution.

**6.4.5 Setoffs.** The Debtor or the Reorganized Debtor may, but shall not be required to, set-off against any Distributions to be made pursuant to the Plan to a Holder of an Allowed Claim, Claims of any nature whatsoever that the Debtor may have, or may have had, against such Holder that have not been previously released, but neither the failure to do so, nor the allowance of any Claim held by such Holder shall constitute a waiver or release by the Debtor or the Reorganized Debtor of any such Claim the Debtor may have, or may have had, against such Holder.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

6.4.6 **Withholding Taxes.** The Debtor or the Reorganized Debtor shall be entitled to deduct any applicable federal or state withholding taxes from any payments made with respect to Allowed Claims, as appropriate, and shall otherwise comply with § 346 of the Bankruptcy Code.

## 7. PROCEDURES FOR RESOLVING DISPUTED CLAIMS

**7.1 Objection to and Resolution of Claims.** Except as to applications for allowance of compensation and reimbursement of expenses under §§ 330, 331 and/or 503 of the Bankruptcy Code, the Debtor shall, on and after the Effective Date, have the exclusive right to make and file objections to Claims. On and after the Effective Date, the Debtor shall have the authority to compromise, settle, otherwise resolve or withdraw any objections to any Claims and compromise, settle or otherwise resolve Disputed Claims without approval of the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, the Debtor and, on and after the Effective Date, the Reorganized Debtor, shall file all objections to Claims that are the subject of Proofs of Claim or requests for payment filed with the Bankruptcy Court (other than applications for allowances of compensation and reimbursement of expenses with respect to Professional Fee Claims) and serve such objections upon the Holder of the Claim as to which the objection is made as soon as is practicable, but in no event later than one (1) year after the Effective Date or such later date as may be approved by the Bankruptcy Court.

**7.2 Payments.** Payments and Distributions to each Holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provision of the Plan with respect to the Class of Creditors to which the respective Holder of an Allowed Claim belongs. Without limiting the generality of the foregoing, the Debtor shall not be required to object to any Claim irrespective of whether such Claim is Allowed or Disputed, whether in whole or in part.

**7.3 Contingent Claims.** Until such time as a contingent Claim or a contingent portion of an Allowed Claim becomes fixed or absolute or is Disallowed, such Claim will be treated as a Disputed Claim for all purposes related to Distributions under the Plan. The Holder of a contingent Claim will only be entitled to a Distribution under the Plan when and if such contingent Claim becomes an Allowed Claim.

**7.4 Estimation of Claims.** The Debtor shall be permitted, at any time, to request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to § 502(c) of the Bankruptcy Code, regardless of whether the Debtor previously had objected to such Claim or whether the Bankruptcy Court had ruled on such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during any litigation concerning any objection to such Claim, including during the pendency of any appeal relating to such objection. In the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If such estimated amount constitutes a maximum limitation on the amount of such Claim, the Debtor may elect to pursue any supplemental proceedings to object to the allowance of such Claim.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## 8. <u>RESERVATION OF RIGHTS</u>

**8.1 Withdrawal of Plan; Rights if Plan Not Confirmed; Effective Date Does Not Occur.** The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date and to File subsequent plans of reorganization. If the Debtor revokes or withdraws the Plan, or if Confirmation of the Plan or the Effective Date does not ultimately occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumption or rejection of Executory Contracts or Unexpired Leases affected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against or any Person; (b) prejudice in any manner the rights of the Debtor or any other Person in any further proceedings involving the Debtor; or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by the Debtor or any other Person.

**8.2 No Admissions or Waiver.** Without limiting the generality of any similar provision in the Plan, notwithstanding anything in the Plan to the contrary, nothing contained in the Plan or in the Disclosure Statement shall be deemed an admission by the Debtor or any Person with respect to any matter set forth herein. If Confirmation of the Plan or the Effective Date does not ultimately occur, no statement contained in the Plan or in the Disclosure Statement may be used or relied on in any manner in any suit, action, proceeding or controversy within or outside of the Chapter 11 Case against the Debtor. The Debtor reserves any and all of its rights as against all Persons and Entities in the event Confirmation of the Plan or the Effective Date does not ultimately occur.

**8.3 Term of Bankruptcy Injunction or Stays.** All injunctions or stays provided for in the Chapter 11 Case under §§ 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date unless the Bankruptcy Court shall order otherwise.

## 9. <u>CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE</u>

**9.1 Conditions to Confirmation.** As a condition precedent to the Confirmation of the Plan, the Confirmation Order shall be in form and substance reasonably acceptable to the Debtor.

**9.2 Conditions to Occurrence of Effective Date.** The following are conditions precedent to the occurrence of the Effective Date:

**9.2.1.** The Confirmation Order shall be a Final Order, except that the Debtor reserve the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order, under circumstances that would moot such appeal;

**9.2.2.** No request for revocation of the Confirmation Order under § 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending, including any appeal;

**9.2.3.** All documents necessary to implement the transactions contemplated by the Plan shall be in form and substance reasonably acceptable to the Debtor;

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**9.2.4.** Sufficient Cash and other assets are set aside, reserved and withheld to make the distributions required by the Bankruptcy Code and the Plan.

**9.2.5.** The Debtor, in its sole discretion, may waive the Final Order condition in Section 9.2.1 above at any time from and after the Confirmation Date. In that event, the Debtor will be entitled to render any or all performance under the Plan prior to what otherwise would be the Effective Date if the above-referenced conditions were not waived; including, but not limited to, the right to perform under any circumstances which would moot any appeal, review or other challenge of any kind to the Confirmation Order if the Confirmation Order is not stayed pending such appeal, review or other challenge.

## 10. EFFECT OF CONFIRMATION OF PLAN

**10.1 Discharge.** In conjunction with § 1141 of the Bankruptcy Code, except as otherwise provided for herein, the rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and Equity Interests of any nature whatsoever against the Debtor, and of the assets or properties of the Estate, including any interest accrued on such Claims from and after the petition date. Without limiting the generality of the foregoing, except as provided in the Confirmation Order, confirmation discharges the Debtor from all claims, or other debts that arose before the Effective Date, and all debts of the kind specified in § 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (i) a proof of claim based on such a debt has been filed, or deemed to have been filed, under §§ 501 or 1111(a) of the Bankruptcy Code; (ii) a Claim based on such debt is allowed under § 502 of the Bankruptcy Code; or (iii) the holder of a Claim based on such debt has accepted the Plan. Except as otherwise provided in the Plan, (i) on the Effective Date, all Claims against the Debtor that arose before the Effective Date shall be satisfied, discharged and released in full, and (ii) all persons shall be precluded from asserting against the Debtor or any of their assets or properties, any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred before the Effective Date, as well as any debt of a kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, irrespective of whether (i) a proof of claim based on such a debt has been filed, or deemed to have been filed, under §§ 501 or 1111(a) of the Bankruptcy Code, (ii) such Claim is allowed under § 502 of the Bankruptcy Code, or (iii) the holder of the claim has accepted the Plan. The discharge of the Debtor as set forth in the Plan shall not release or discharge the Debtor's Representatives from any personal obligations they may have to any Creditor under any personal guaranty or otherwise.

**10.2 Binding Effect of Plan/Injunction.** Upon the Effective Date, § 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by § 1141(a) of the Bankruptcy Code. In accordance with § 1141 of the Bankruptcy Code, all of the Debtor's property shall be vested in the Debtor free and clear of all claims, liens and interests of creditors and equity interest holders. Upon the Effective Date, all persons and entities shall be permanently enjoined by the Plan from (i) commencing or continuing any action, employing any process, asserting or undertaking an act to collect, recover, or offset, directly or indirectly, any claim, rights, causes of action, liabilities, or interests in or against any property

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

distributed or to be distributed under the Plan, or vested in the Debtor, based upon any act, omission, transaction, or other activity that occurred before the Effective Date, (ii) creating, perfecting or enforcing any lien or encumbrance against any property distributed or to be distributed under the Plan other than as permitted under the Plan, and (iii) without limiting the generality of the foregoing, asserting any claims against the Debtor based on successor liability or similar or related theory, except to the extent a person or entity holds an allowed claim under the plan and is entitled to a distribution and/or lien under the plan in accordance with its terms, and to enforce its rights to distribution under the Plan. On and after the Effective Date, each holder of any claim against or interest in the Debtor is permanently enjoined from taking or participating in any action that would interfere or otherwise hinder debtor from implementing the Plan or the Confirmation Order in accordance with the terms thereof. The discharge of the Debtor as set forth in the Plan shall not release or discharge the Debtor's Representatives from any personal obligations they may have to any Creditor pursuant to any personal guaranty or otherwise.

10.3 **Exculpation.**  Neither the Debtor nor any of its Representatives shall have or incur any liability to any Holder of a Claim against or Interest in the Debtor, or any other party-in-interest, for any act, omission, transaction or other occurrence arising out of the Chapter 11 Case, the pursuit of confirmation of the Plan, or the consummation of the Plan, except and solely to the extent such liability is based on fraud, gross negligence or willful misconduct. The Debtor and its Representatives shall be entitled to reasonably rely upon the advice of counsel with respect to any of their duties and responsibilities under the Plan or in the context of the Chapter 11 Case. No Holder of a Claim against or Interest in the Debtor, or any other party-in-interest, including their respective Representatives, shall have any right of action against the Debtor or its Representatives, for any act, omission, transaction or other occurrence arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan, except to the extent arising from fraud, gross negligence, or willful misconduct. Nothing in this Article shall be deemed an exculpation by the Debtor or its Representatives for any acts, omissions, transactions, events or other occurrences taking place prior to the Petition Date after the Effective Date.

10.4 **Injunctions.**

10.4.1 **Injunction Protecting Exculpation.** All Holders of Claims against or Interests in the Debtor and any other parties-in-interest, along with any of their Representatives and any of their successors or assigns are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or its Representatives in respect of any potential liability for which exculpation is granted pursuant to the Plan, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor or any of its Representatives in respect of any potential liability for which exculpation is granted pursuant to the Plan, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or its Representatives in respect of any potential liability for which exculpation is granted pursuant to the Plan, or (iv) asserting any right of setoff, subrogation or recoupment of any kind against the Debtor or its Representatives or against the property or interests in property the Debor or its

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Representatives, in respect of any potential liability for which exculpation is granted pursuant to the Plan.

**10.4.2 Injunction in Aid of Performance of the Plan.** Upon the Effective Date, all Holders of Claims against the Debtor, and any of their successors or assigns, shall be temporarily restrained and enjoined from pursuing collection or enforcement of such obligations against any co-obligor or guarantor of such Claim during the Debtor's performance of this Plan; *provided*, *however*, that: (a) any applicable statutes of limitations regarding any claims against any co-obligor or guarantor shall be tolled and preserved to same extent as existed as of the Plan's Effective Date; and (b) in the event of the Debtor's or the Reorganized Debtor's default under this Plan as to the affected Holder of such Claim, this injunction shall immediately terminate without further order of the Court.

**10.5 Modification of Debt Instruments.** On the Effective Date, all instruments evidencing indebtedness of the Debtor held by Holders of Claims that are Impaired by the Plan or have been paid in full pursuant thereto shall be deemed modified as against the Debtor as set forth in the Plan.

**10.6 Revesting of Assets.** Except as otherwise expressly provided herein or in the Confirmation Order, on the Effective Date, but retroactive to the Confirmation Date, without any further action, the Reorganized Debtor will be vested with all of the property of the Estate, wherever situate, free and clear of all Claims and Liens. Without limiting the generality of the foregoing, on and after the Effective Date, the Debtor shall be vested with all of the property of the Estate, wherever situated, free and clear of any Claims based on any form of successor liability or similar or related theory of liability. On and after the Effective Date, (i) the Debtor shall be free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Court, may operate its business and may use, acquire or dispose of its assets free of any restrictions imposed by the Bankruptcy Code and the Bankruptcy Rules and without supervision or approval by the Bankruptcy Court, other than the obligations set forth in the Plan, or the Confirmation Order. Without limiting the generality of the foregoing and except as otherwise expressly provided herein or in the Confirmation Order, any Causes of Action, will be preserved and retained solely for the Debtor's commencement, prosecution, use and benefit.

**10.7 Preservation of Causes of Action.** Pursuant to § 1123(b) of the Bankruptcy Code, the Debtor shall retain and reserve the right to enforce all rights to commence and pursue Causes of Action whether arising prior to or after the Petition Dates, and whether pending as of or Filed after the Effective Date, in any court or other tribunal. Unless a Cause of Action is expressly waived, relinquished, released, compromised or settled in the Plan, or any Final Order, the Debtor on behalf of themselves expressly reserve all Causes of Action for later adjudication and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to any Causes of Action upon Confirmation or the Effective Date. No entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against them as an indication that the Debtor, will not pursue any and all available Causes of Action against them. The Debtor expressly reserve all rights to prosecute any and all Causes of Action against any Person, except as otherwise expressly provided in the Plan.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**10.8 No Limitation on Effect of Confirmation.** Nothing contained in the Plan or the Disclosure Statement will limit, waive or restrict in any way the effect of Confirmation as set forth in § 1141 of the Bankruptcy Code. Confirmation will bind the Debtor, all Creditors, Equity Interest Holders and other parties in interest to the provisions of the Plan, whether or not the Claim or Equity Interest of such Creditor or Equity Interest Holder is Impaired under the Plan and whether or not such Creditor or Equity Interest Holder has accepted the Plan and whether or not a proof of Claim or Equity Interest has been filed or deemed to have been filed under §§ 501 or 1111(a) of the Bankruptcy Code, or such Claim or Equity Interest is allowed under § 502 of the Bankruptcy Code.

## 11. **RETENTION OF JURISDICTION**

**11.1 Retention of Jurisdiction.** Except to the extent otherwise expressly set forth herein, the Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case following the Confirmation Date for the following purposes, it being expressly intended that such retention of jurisdiction shall in all cases hereafter set forth, extend to any actions or proceedings commenced prior or subsequent to the Confirmation Date and/or the Effective Date whether by the Debtor, or the parties specified herein:

**11.1.1.** To hear and determine any objections to the allowance of Claims, including any objections by the Debtor with respect to any Claims which have been reinstated or assumed in accordance with the terms of the Plan;

**11.1.2.** To determine any and all applications for compensation for any Professionals and similar fees to the extent made specifically subject to a hearing under the Plan and applicable provisions of the Bankruptcy Code;

**11.1.3.** To determine any and all applications for the rejection or assumption and assignment of Executory Contracts or for the rejection or assumption and assignment, as the case may be, of Unexpired Leases to which the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

**11.1.4.** To modify the Plan pursuant to § 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

**11.1.5.** To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

**11.1.6.** To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Bankruptcy Court entered in the Chapter 11 Case;

**11.1.7.** To adjudicate all controversies concerning the classification of any Claim;

**11.1.8.** To liquidate damages in connection with any disputed, contingent or unliquidated Claim;

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**11.1.9.** To adjudicate all Claims to a security or ownership interest in any of the Assets, or in any proceeds thereof;

**11.1.10.** To adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor;

**11.1.11.** To determine all questions and disputes regarding recovery of and entitlement to any property of the Debtor, or in any proceeds thereof;

**11.1.12.** To adjudicate all Causes of Action with respect to which the Debtor is a party, whether or not such Claim or controversy is raised or filed before or after the Effective Date;

**11.1.13.** To determine issues and disputes concerning entitlement to Distributions to be made under and pursuant to the Plan;

**11.1.14.** To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor's limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary or appropriate;

**11.1.15.** To determine such other matters as may be provided for in the Confirmation Order and the Plan, or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

**11.1.16.** To enter a Final Decree closing the Chapter 11 Case;

**11.1.17.** To enforce the provisions of any Administrative Claim Bar Date entered by the Bankruptcy Court;

**11.1.18.** To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof;

**11.1.19.** To determine issues and disputes with respect to the Refinanced Secured Loan Documents arising after the Effective Date; and

**11.1.20.** Without limiting the generality of any of the foregoing, to hear and determine matters concerning state, local, and federal taxes in accordance with §§ 345, 505, and 1146 of the Bankruptcy Code.

**11.2 Occurrence of Effective Date.** The occurrence of the Effective Date and/or the entry of a Final Decree shall not divest the Bankruptcy Court of any jurisdiction otherwise retained under this Article 11 or the Confirmation Order.

**11.3 Failure of Bankruptcy Court to Exercise Jurisdiction.** If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter arising under, arising in or related to the Bankruptcy Case, including any of the matters set forth in the Plan, the Plan shall not prohibit or limit the exercise of jurisdiction by any

other court of competent jurisdiction with respect to such matter.

## 12. **MISCELLANEOUS PROVISIONS**

### 12.1 Modifications to Plan.

**12.1.1** The Debtor may alter, amend or modify the Plan at any time before the entry of the Confirmation Order, provided that the Plan, as altered, amended or modified, satisfies the conditions of §§ 1122 and 1123 of the Bankruptcy Code, and the Debtor shall have complied with § 1125 of the Bankruptcy Code. However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan if the Debtor modifies the Plan before Confirmation.

**12.1.2** The Debtor may also seek to alter, amend or modify the Plan at any time after Confirmation so long as (i) the Plan has not been substantially consummated, (ii) as altered, amended or modified the Plan satisfies the conditions of §§ 1122 and 1123 of the Bankruptcy Code, and (iii) the Bankruptcy Court authorizes the proposed modification after notice and a hearing under § 1129 of the Bankruptcy Code.

**12.1.3** A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such Holder. Prior to the Effective Date, the Debtor may make appropriate technical non-material modifications to the Plan or the Disclosure Statement without further order or approval of the Bankruptcy Court, provided that such technical modifications do not adversely affect the treatment of Holders of Claims or Equity Interest.

**12.1.4** The Debtor further reserves the right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other Creditors are materially adversely affected.

**12.1.5** The Debtor reserves the right, in accordance with the Bankruptcy Code, to amend, amend or modify the Plan before or after the Confirmation Date, including making any amendments or modifications to satisfy the requirements of § 1129(b) of the Bankruptcy Code, if necessary.

### 12.2 Notices.

Except as otherwise set forth below, all notices, requests, elections or demands in connection with the Plan, including any change of address of any Holder of a Claim for the purposes of receiving any Distributions under the Plan, shall be in writing and shall be delivered by electronic mail and addressed to both of the following:

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

If to Debtor:          Visual Technology Innovations, Inc.
                       Attn: Mathu Rajan
                       1105 William Penn Dr.
                       Bensalem, Pa 19020
                       mathu.rajan@vti-global.com

With a Copy to:        Larson & Zirzow, LLC
                       Attn: Matthew C. Zirzow, Esq.
                       850 E. Bonneville Ave.
                       Las Vegas, Nevada 89101
                       E-mail: mzirzow@lzlawnv.com

**12.2.1.** All notices and requests to Holders of Claims of any Class shall be sent to them at their known address. Any Holder of a Claim of any Class may designate in writing any other address for purposes of this Section, which designation shall be effective upon receipt. The addressed in a Holder's filed proof of claim shall be deemed an appropriate address unless an updated address is provided to the Debtor in writing.

**12.3 Headings.** The headings used in the Plan are inserted for convenience only and do not constitute a portion of the Plan nor in any manner affect the provisions of the Plan.

**12.4 Non-Severability of Plan Provisions.** If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power, at the request of the Debtor and subject to the consent of any party adversely affected thereby, to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, Impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the consent of the Debtor and any other Person affected by such provision; and (c) nonseverable and mutually dependent.

**12.5 Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any contract, instrument, release or other agreement entered into in connection with the Plan or in any document which remains unaltered by the Plan, the rights, duties and obligations of the Debtor and any other Person arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada without giving effect to Nevada's choice of law provisions.

**12.6 Successor and Assigns.** The rights and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**12.7 Modification of Payment Terms.** The Reorganized Debtor reserves the right to modify the treatment of any Allowed Claim or Allowed Equity Interest in any manner adverse only to the holder of such Allowed Claim or Allowed Equity Interest at any time after the Effective Date upon the prior written consent of the holder whose Allowed Claim or Allowed Equity Interest treatment is being adversely affected.

**12.8 Effectuating Documents; Further Transactions.** The Debtor and the Reorganized Debtor are each authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and any securities issued, transferred or canceled pursuant to the Plan. All transactions that are required to occur on the Effective Date under the terms of the Plan shall be deemed to have occurred simultaneously. The Debtor and the Reorganized Debtor are authorized and directed to do such acts and execute such documents as are necessary to implement the Plan.

**12.9 Exemption from Transfer Taxes.** Pursuant to § 1146(c) of the Bankruptcy Code, (i) the issuance, distribution, transfer or exchange of Estate property; (ii) the creation, modification, consolidation or recording of any deed of trust or other security interest, the securing of additional indebtedness by such means or by other means in furtherance of, or connection with the Plan or the Confirmation Order; (iii) the making, assignment, modification or recording of any lease or sublease; or (iv) the making, delivery or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, Confirmation Order or any transaction contemplated above, or any transactions arising out of, contemplated by or in any way related to the foregoing shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act or real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment and the appropriate state or local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

**12.10 Post Confirmation Conversion or Dismissal.** A creditor or party in interest may bring a motion to convert or dismiss the Chapter 11 Case under § 1112(b) of the Bankruptcy Code, after the Plan is confirmed, if there is a material, continuing and uncured default in performance of the Plan or if cause exists under § 1112(b) of the Bankruptcy Code. If the Bankruptcy Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Estate, and that has not been disbursed or distributed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be re-imposed upon the re-vested property only to the extent that relief from stay was not previously granted by the Bankruptcy Court during these Chapter 11 Case. In addition, any Allowed Administrative Claims which are not paid on the Effective Date shall continue to be entitled to administrative priority, under § 507(a)(1) of the Bankruptcy Code in any such subsequent Chapter 7 case to which this case is converted.

**12.11 Cramdown.** In the event that any impaired Class is determined to have rejected the Plan in accordance with § 1126 of the Bankruptcy Code, the Debtor may invoke the provisions of § 1129(b) of the Bankruptcy Code to satisfy the requirements for confirmation of the Plan. The Debtor reserves the right to modify the Plan to the extent, if any, that Confirmation pursuant

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

to § 1129(b) of the Bankruptcy Code requires modification.

**12.12 Fees and Reporting to the United States Trustee.** Prior to the Effective Date, the Debtor, and after the Effective Date, the Reorganized Debtor, are obligated to pay the Office of the U.S. Trustee all U.S. Trustee Fees. All U.S. Trustee Fees that accrue prior to Confirmation of the Plan will be paid on or before the Effective Date pursuant to § 1129(a)(12) of the Bankruptcy Code. All U.S. Trustee Fees accruing post-confirmation are due on a calendar quarter basis and will be reported on post-confirmation operating reports as required by the U.S. Trustee Guidelines.

**12.13 Post-Confirmation Quarterly Reports and Fees.** Until the entry of the final decree, the Debtor shall File, not later than twenty (20) days after the end of the calendar quarter which occurs after the entry of the Confirmation Order, and every three (3) months thereafter, a report of the action taken by the Reorganized Debtor and the progress made toward consummation of the confirmed Plan. U.S. Trustee Fees continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to Final Decree.

**12.14 Entire Agreement.** The Plan, as described herein, the Disclosure Statement and exhibits thereto, set forth the entire agreement and understanding of the parties hereto relating to the subject matter hereof and supersede all prior discussions and documents. No party hereto may rely on or shall be bound by any terms, conditions, definitions, warrants, understandings or representations with respect to the subject matter hereof, other than as in expressly provided for herein or as may hereafter be agreed by the parties in writing.

Dated: May 9, 2025.

VISUAL TECHNOLOGY INNOVATIONS, INC.,
a Nevada corporation:

By: _/s/ Mathu Rajan_____
     Mathu Rajan, President

Prepared and submitted:

By: _/s/ Matthew C. Zirzow_____
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169