LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 25-10024-abl |
| | Chapter 11 |
| VISUAL TECHNOLOGY INNOVATIONS, INC., | |
| Debtor. | Date: June 25, 2025 |
| | Time: 1:30 p.m. |

**MOTION FOR ORDER: (I) APPROVING ADEQUACY OF DISCLOSURES IN DISCLOSURE STATEMENT TO ACCOMPANY DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION; (II) SETTING DEADLINES FOR BALLOTING AND OPPOSING CONFIRMATION OF DEBTOR'S PLAN; (III) APPROVING FORM OF BALLOTS; (IV) SETTING A RECORD DATE FOR VOTING PURPOSES; AND (V) SETTING THE CONFIRMATION HEARING ON THE PLAN**

Visual Technology Innovations, Inc., a Nevada corporation, as debtor and debtor in possession (the "Debtor"), seeking approval of its [Proposed] *Disclosure Statement to Accompany Debtor's Chapter 11 Plan of Reorganization* (the "Disclosure Statement") [ECF No. 81], and procedures related thereto, including setting a confirmation hearing and related deadlines for its [Proposed] *Chapter 11 Plan of Reorganization* (the "Plan") [ECF No. 82].[1]

. . .

. . .

---

[1] All references herein to the "Bankruptcy Code" are to title 11 of the United States Code; all references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure; and all references to a "LR" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

## Jurisdiction and Venue

1. On January 6, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case"). No official committees have been appointed in this case, and no request has been made for the appointment of a trustee or examiner.

2. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge regarding the matters at issue in the Motion. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Standard of Decision

3. Pursuant to § 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed Chapter 11 plan. In that regard, § 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

4. Section 1125(a)(2) of the Bankruptcy Code goes on to define an "investor typical of holders of claims or interests of the relevant class" as an investor having the following: "(A) a claim or interest of the relevant class; (B) such a relationship with the debtor as the holders of other

claims or interests of such class generally have; and (C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have." 11 U.S.C. § 1125(a)(2). The determination of adequate information is made on a case-by-case basis. Comput. Task Grp., Inc. v. Brotby (In re Brotby), 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) (citing In re Tex. Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988)).

5. In addition, case law has developed a non-exhaustive list of criteria that may be considered in evaluating the sufficiency or the adequacy of a proposed disclosure statement. Relevant factors for evaluating the adequacy of a disclosure statement may include the following:

> (a) the events which led to the filing of a bankruptcy petition; (b) a description of the available assets and their value; (c) the anticipated future of the company; (d) the source of information stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in Chapter 11; (g) the scheduled claims; (h) the estimated return to creditors under a Chapter 7 liquidation; (i) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (j) the future management of the debtor; (k) the Chapter 11 plan or a summary thereof; (l) the estimated administrative expenses, including attorneys' and accountants' fees; (m) the collectability of accounts receivable; (n) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (o) information relevant to the risks posed to creditors under the plan; (p) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (q) litigation likely to arise in a nonbankruptcy context; (r) tax attributes of the debtor; and (s) the relationship of the debtor with affiliates.

In re Metrocraft Pub. Servs., Inc., 39 B.R. 567, 568 (Bankr. Ga. 1984); In re Scioto Valley Mortg. Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (using a similar list). The foregoing list, however, is neither meant to be comprehensive, nor required; rather, the court must decide what is appropriate in each specific case.

6. A creditor's standing to object to disclosure statement approval may be limited to only those matters which affect the ability of that creditor to exercise meaningfully its right to vote on the plan, and which impact on the class of which the objecting creditor is a member. Everett v. Perez (In re Perez), 30 F.3d 1209, 1217 & n.11 (9th Cir. 1994) (holding that a creditor has standing

3

to contest the adequacy of disclosures even though he voted against the plan, but noting that the question of whether a creditor who voted against the plan could object to inadequacies in disclosure that affected no other creditors was still an open question); In re Scioto Valley Mortg. Co., 88 B.R. at 171 ("a creditor only has standing to object to the adequacy of a disclosure statement as to its own class and not as to the adequacy of the statement as it affects another class"); In re Middle Plantation of Williamsburg, Inc., 47 B.R. 884, 891 (E.D. Va. 1984) ("Holders of impaired claims who have been induced to vote in favor of a plan are the only ones who may raise the issue of the adequacy of the Disclosure Statement."), aff'd, 755 F.2d 928 (4th Cir. 1985). As such, if a creditor is either unimpaired and thus deemed to have accepted the plan pursuant to § 1126(f) of the Bankruptcy Code, or if a creditor is deemed to have rejected the plan pursuant to § 1126(g) of the Bankruptcy Code because the plan does not entitled the creditor to receive or retain any property under the plan, then such creditor's standing to assert certain arguments is limited.

7. The Debtor submits that its proposed Disclosure Statement in this case addresses each of the salient types of information identified above in a manner that provides holders of impaired claims that are entitled to vote to accept or reject the Plan with adequate information to allow them to make an informed judgment about the Plan.

**Setting a Record Date**

8. Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a Chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). The Debtor requests that the Court confirm that the date of entry of the Order approving this Motion (the "Disclosure Statement Order") is the voting record date (the "Record Date").

**Solicitation Packages and Distribution Procedures**

9. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice

4

of the hearing on confirmation of a chapter 11 plan. This Rule provides, in pertinent part, as follows:

> Upon approval of a disclosure statement,--except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders--the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

10.    Following entry of the Disclosure Statement Order, the Debtor proposes to distribute solicitation packages (the "Solicitation Packages") containing copies of the following:

   a.    the Disclosure Statement Order;

   b.    the Confirmation Hearing Notice (as hereinafter defined);

   c.    a Ballot (as hereinafter defined); and

   d.    a copy of the Disclosure Statement (together with the Plan attached thereto).

11.    The Debtor proposes to mail the Solicitation Packages by no later than three (3) business days after entry of the Disclosure Statement Order absent relief from the Court (the "Solicitation Date").

### Forms of Ballots and Ballot Summary

12. Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, substantially in the form of Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(c) provides that acceptance or rejection of a plan must be in writing, signed by the creditor or an authorized agent and conform to the appropriate Official Form. See Fed. R. Bankr. P. 3018(c).

13. The Debtor proposes to distribute a ballot that will be consistent with Official Form B 314 to the classes of claims entitled to vote on the Plan, which are the Impaired claims in Classes 1, 3 and 5.

14. The Debtor proposes to file a Certification of Acceptance and Rejection of Chapter 11 Plan (the "Ballot Summary") by the deadline for its reply to any objections to confirmation in conformance with Local Rule 3018.

### Voting Deadline

15. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Debtor anticipates mailing the Solicitation Packages on or before the Solicitation Date. Based on such schedule, the Debtor proposes that, in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to Debtor's counsel so as to be received on or before fourteen (14) days prior to the confirmation hearing (the "Voting Deadline").

### Procedures for Tabulation of the Vote

16. To facilitate tabulation of the votes on the Plan, the Debtor proposes the following tabulation procedures:

    a. a vote shall be disregarded if the Bankruptcy Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

    b. any Ballot that is returned to the Debtor, but which is unsigned, shall not

be counted;

c. all votes to accept or reject the Plan must be cast by using the appropriate Ballot, and votes that are cast in any other manner shall not be counted;

d. a holder of claims or interests shall be deemed to have voted the full amount of its claim or interest and shall not be entitled to split its vote within a particular class;

e. any Ballot that partially accepts and partially rejects the Plan shall not be counted;

f. if a holder of claims casts more than one (1) Ballot voting the same claim prior to the Voting Deadline, only the last timely Ballot received by the Debtor shall be counted;

g. any executed Ballot received by the Debtor that does not indicate either an acceptance or rejection of the Plan shall not be counted;

h. any executed Ballot received by the Debtor that indicates both acceptance and rejection of the Plan shall not be counted; and

i. any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before such deadline.

17. The Debtor believes that the proposed tabulation procedures provide for a fair and equitable voting process, and request that they be approved.

### Confirmation Hearing

18. Bankruptcy Rule 3017(c) provides as follows: "On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

19. In accordance with Bankruptcy Rule 3017(c) and in view of the Debtor's proposed solicitation schedule outlined herein, the Debtor requests that a hearing on confirmation of the Plan

(the "Confirmation Hearing") be scheduled, subject to the Bankruptcy Court's calendar. The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and that the Plan may be modified pursuant to § 1127 of the Bankruptcy Code and its terms, prior to, during or as a result of the Confirmation Hearing, in each case without further notice to parties-in-interest. The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable the Debtor to pursue confirmation of the Plan in a timely fashion.

### Notice of the Confirmation Hearing

20.     Bankruptcy Rule 2002(b) and (d) require not less than twenty-five (25) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a Chapter 11 plan. The Debtor proposes to provide to all creditors and equity security holders as of the Record Date a copy of the notice of the confirmation hearing and related deadlines (the "Confirmation Hearing Notice") substantially in the form attached hereto as **Exhibit 1**, setting forth (a) the date of approval of the Disclosure Statement; (b) the Record Date; (c) the Voting Deadline; (d) the time fixed for filing objections to confirmation of the Plan; and (e) the time, date, and place for the Confirmation Hearing. Such notice will be sent contemporaneously with the Solicitation Packages. The Debtor submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Bankruptcy Court approve such notice as adequate.

### Objections and Replies

21.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bank. P. 3020(b)(1). The Confirmation Hearing Notice provides, and the Debtor requests that the Bankruptcy Court direct that, objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c)

8

state with particularity the basis and nature of any objection to the Plan; and (d) be filed with the Court no later than fourteen (14) days prior to the confirmation hearing, as well as any declarations in support. The Debtor also requests that the Court direct that all replies to any oppositions to confirmation must be filed with the Court by no later than seven (7) days prior to the confirmation hearing, including any declarations in support. The proposed timing for filing and service of objections and replies, if any, will afford the Bankruptcy Court, the Debtor, and other parties in interest sufficient time to consider the objections and replies prior to the Confirmation Hearing. Objections not timely filed and served in accordance with the provisions of this Motion may be overruled on that basis alone.

### Conclusion

WHEREFORE, the Debtor requests that the Bankruptcy Court enter an order, in substantially the form attached hereto as **Exhibit 2**, thereby ordering as follows:

1. Approving the proposed Disclosure Statement, the Solicitation Packages and procedures for distribution thereof;

2. Setting a Record Date for voting purposes;

3. Approving the forms of Ballot and establishing procedures for voting on the Plan, including a deadline for receipt of Ballots;

4. Approving the form of Confirmation Hearing Notice; and

5. Scheduling a hearing date and establishing notice and objection procedures and deadlines with respect to confirmation to the Plan, including a date for filing all objections to confirmation, and replies thereto.

Dated: May 9, 2025.

By: /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

9

# EXHIBIT 1

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VISUAL TECHNOLOGY INNOVATIONS, INC.,<br><br>Debtor. | Case No. 25-10024-abl<br>Chapter 11<br><br>Disclosure Statement Hearing:<br>June 25, 2025 at 1:30 p.m.<br><br>Plan Confirmation Hearing:<br>_____, 2025 at ____ |

**NOTICE OF: (I) APPROVAL OF DISCLOSURE STATEMENT TO ACCOMPANY DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT OF RECORD DATE FOR VOTING TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION; (III) NOTICE OF HEARING ON CONFIRMATION OF THE PLAN; (IV) PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND (V) PROCEDURES AND DEADLINES FOR VOTING ON THE PLAN**

TO ALL PERSONS WITH CLAIMS AGAINST IN THE ABOVE-CAPTIONED DEBTOR AND DEBTOR-IN-POSSESSION, PLEASE TAKE NOTICE THAT:

1.  **Approval of the Disclosure Statement.** The United States Bankruptcy Court for the District of Nevada (the "Court") has approved the *Disclosure Statement to Accompany Debtor's Chapter 11 Plan of Reorganization* (the "Disclosure Statement") [ECF No. 81] pursuant to 11 U.S.C. § 1125 filed by Visual Technology Innovations, Inc., a Nevada corporation, as debtor in possession (the "Debtor"), and directed Debtor to solicit votes with regard to the approval or rejection of its *Chapter 11 Plan of Reorganization* (the "Plan") [ECF No. 82] attached as **Exhibit 1** to the Disclosure Statement.

2.  **Confirmation Hearing on the Plan.** A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") is scheduled for _____**, 2025 at** _____**.** All hearings are currently being held telephonically absent further order of the Court. Parties are permitted to appear telephonically by dialing **(833) 435-1820, Meeting ID: 161 110 6049, and entering**

*Passcode: 154251#.*

3. **Voting Deadline to Cast Ballots to Accept or Reject the Plan.** For all creditors and holders of equity interests entitled to vote on the Plan, all votes to accept or reject the Plan must be ***actually received*** by _____, **2025.** Any failure to follow the voting instructions on the ballots (the "Ballots") in the Order approving the Disclosure Statement or in the Plan, all of which is included in the solicitation packages, may disqualify your Ballot and your vote.

4. **Deadlines for Filing Objections to Confirmation/Replies.** Objections, if any, to the confirmation of the Plan must be filed with the Bankruptcy Court and served by no later than _____, **2025.** Replies to such objections and proposed modifications must be served by no later than _____, **2025.**

> **If you object to the relief requested, you must file a WRITTEN response to this pleading with the Court. You must also serve your written response on the person who sent you this notice.**
> **If you do not file a written response with the Court, or if you do not serve your written response on the person who sent you this notice, then:**
> • **The court may refuse to allow you to speak at the scheduled hearing; and**
> • **The court may rule against you without formally calling the matter at the hearing.**

5. **Additional Information.** Any party in interest wishing to obtain: (i) information about the solicitation procedures; or (ii) copies of the Plan or Disclosure Statement, should contact Debtor's counsel at the contact information at the top of the first page of this notice.

DATED: June ___, 2025.

By: /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT 2

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VISUAL TECHNOLOGY INNOVATIONS, INC.,<br><br>Debtor. | Case No. 25-10024-abl<br>Chapter 11<br><br>Disclosure Statement Hearing:<br>June 25, 2025 at 1:30 p.m.<br><br>Plan Confirmation Hearing:<br>_____, 2025 at _____ |

**ORDER GRANTING MOTION FOR ORDER: (I) APPROVING ADEQUACY OF DISCLOSURES IN DEBTOR'S DISCLOSURE STATEMENT TO ACCOMPANY CHAPTER 11 PLAN OF REORGANIZATION; (II) SETTING DEADLINES FOR BALLOTING AND OPPOSING CONFIRMATION OF DEBTOR'S PLAN; (III) APPROVING FORM OF BALLOT; (IV) SETTING A RECORD DATE FOR VOTING PURPOSES; AND (V) SETTING THE CONFIRMATION HEARING ON THE PLAN**

Visual Technology Innovations, a Nevada corporation, as debtor in possession (the "Debtor"), filed its *Motion for Order: (I) Approving Adequacy of Disclosures in Debtor's Disclosure Statement to Accompany Debtor's Chapter 11 Plan of Reorganization; (II) Setting*

*Deadlines for Balloting and Opposing Confirmation of Debtor's Plan; (III) Approving Form of Ballots; (IV) Setting a Record Date for Voting Purposes; and (V) Setting the Confirmation Hearing on the Plan* (the "<u>Motion</u>"),[1] [ECF No. ___], which requested approval of the Debtor's *Disclosure Statement to Accompany Debtor's Chapter 11 Plan of Reorganization* (the "<u>Disclosure Statement</u>") [ECF No. 81], and related relief; the Court having reviewed and considered the foregoing, and any opposition and replies thereto, and having held a hearing on the matter, and with all appearances as noted on the record, and having heard and considered the arguments of counsel; the Court having placed its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein pursuant to Fed. R. Civ. P. 52, as made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and for good cause shown;

**IT IS HEREBY FOUND THAT:**

A.   Notice of the Motion and the hearing on approval of the Disclosure Statement was good and sufficient to all interested parties and no other or further notice need be provided.

B.   The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.   The period, set forth below, during which the Debtor may solicit acceptances or rejections of the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

D.   The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E.   The contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS HEREBY ORDERED THAT:**

1.   The Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

2

2. Pursuant to section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Disclosure Statement is APPROVED.

3. The Record Date for purposes of determining which creditors are entitled to vote on the Plan shall be the date of entry of this Order.

4. The Debtor is authorized to distribute or cause to be distributed solicitation packages (the "Solicitation Packages") containing a copy of this Order, a notice of hearing of the Confirmation Hearing (as defined below), and a copy of the Disclosure Statement (together with the Plan attached thereto) by no later than three (3) business days after entry of this Order (the "Solicitation Date").

5. Solicitation Packages, which shall include the Ballot, shall be distributed to Holders, as of the Record Date, of Allowed Claims in Classes 1, 3 and 5, which Classes are designated as impaired under the Plan and entitled to vote to accept or reject the Plan.

6. Solicitation Packages, which shall *exclude* Ballots, shall be distributed to Holders, as of the Record Date, of Claims in Classes 2 and 4, which Classes are designated as unimpaired under the Plan and not entitled to vote to accept or reject the Plan, but rather are deemed to have accepted the Plan.

7. With respect to addresses from which notices of commencement of this chapter 11 case have been returned by the United States Postal Service as undeliverable, the Debtor is excused from distributing Solicitation Packages to those entities listed at such addresses unless the Debtor receives written notice of accurate addresses for such entities, or accurate forwarding addresses from the United States Postal Service, before the Solicitation Date and the failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing (as hereinafter defined), the Voting Deadline (as defined below), or violation of Bankruptcy Rule 3017(d).

8. The form of Ballot is approved so long as it conforms to Official Form B 314. All Ballots must be properly executed, completed, and the original thereof shall be delivered to Debtor's counsel so as to be ***actually received*** by no later than _____, **2025** (the "Voting

3

Deadline").

9. The Debtor must file the Ballot Summary on or before _____, **2025**.

10. A hearing on confirmation of the Debtor's proposed Plan will be held on ____, **2025 at** ____ (the "Confirmation Hearing") and may be adjourned from time to time by the Court or Debtor without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned subsequent Confirmation Hearing and the Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during or as a result of the Confirmation Hearing, pursuant to the terms of the Plan.

11. The form of Confirmation Hearing Notice attached to the Motion as **Exhibit 1** is approved.

12. Objections to confirmation of the Plan, if any, must be in writing; state the name and address of the objecting party and the amount and nature of the claim or interest of such party; state with particularity the basis and nature of any objection, including any relevant admissible evidence in support of such objection; and be filed, together with proof of service, with the Court no later than _____, **2025**. Objections to confirmation of the Plan or final approval of the Disclosure Statement not timely filed and served in the manner set forth herein shall not be considered and shall be overruled.

13. All replies to any objections to confirmation of the Plan or final approval of the Disclosure Statement must be filed with the Court by no later than _____, **2025**.

**IT IS SO ORDERED.**

. . .

. . .

. . .

4

PREPARED AND SUBMITTED:

By: _____
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

5