_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
July 02, 2025

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: 25-10024-abl |
| VISUAL TECHNOLOGY INNOVATIONS, INC., | Chapter 11 |
| Debtor. | Hearing Date: June 27, 2025<br>Hearing Time: 3:00 p.m. |

# ORDER GRANTING IN PART AND DENYING IN PART MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO DISMISS [ECF NO. 48], AND DISMISSING THIS CASE

On June 27, 2025, the Court issued its oral ruling after consideration of a contested Motion to Transfer Venue, or in the Alternative, to Dismiss (the "Motion").[1] The Motion was filed on behalf of creditor Mark L. Bunce ("Mr. Bunce"). A response to the Motion was filed by then-Subchapter V Trustee, Brian D. Shapiro ("Trustee").[2] An opposition to the Motion was filed on behalf of Visual Technology Innovations, Inc., ("Debtor"),[3] supported by the declaration of Mathu Rajan, Debtor's sole officer and director.[4] A reply in support of the Motion was filed on

---

[1] ECF No. 48. In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the bankruptcy case identified in the caption as they appear on the docket maintained by the Clerk of the Court.
[2] ECF No. 67.
[3] ECF No. 74.
[4] ECF No. 75.

behalf of Mr. Bunce.[5]

At the June 27, 2025 oral ruling on the Motion, attorney Matthew C. Zirzow appeared telephonically on behalf of Debtor. Attorneys Candance C. Carlyon and Paul M. Alexander appeared telephonically on behalf of Mr. Bunce. Attorney David W. Baddley appeared telephonically on behalf of the U.S. Securities and Exchange Commission. Trustee appeared telephonically on his own behalf as a potential administrative creditor. No other appearances were noted on the record.

To the extent that the Court made findings of fact and conclusions of law in the course of its June 27, 2025, oral ruling on the Motion, those findings of fact and conclusions of law are incorporated into this Order by this reference pursuant to FED. R. CIV. P. 52, made applicable in this contested matter pursuant to FED. R. BANKR. P. 9014(a) and (c) and 7052.

For the reasons stated on the record:

**IT IS ORDERED** that the relief requested in the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

    A.    To the extent that the Motion sought relief under 11 U.S.C. §1112(b)(1), it is **GRANTED**, and this case is **DISMISSED**.

    B.    To the extent that the Motion sought relief in the form of a transfer of venue to the United States Bankruptcy Court for the Eastern District of Pennsylvania under 28 U.S.C. §1412 and Fed. R. Bankr. P. 1014, it is **DENIED**, because dismissal of this case renders such relief moot.

**IT IS SO ORDERED**.

Copies sent to all registered parties via CM/ECF Electronic Mail System.

###

---

[5] ECF No. 87.